UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                         :

KRISTIN A. CARMODY, M.D., M.H.P.E,     :

                :

         Plaintiff,       :

                :

       -against-       :

                :

.                 :   21-CV-08186 (LGS)

NEW YORK UNIVERSITY; NYU GROSSMAN :

SCHOOL OF MEDICINE; NYU LANGONE     :

HOSPITALS; ROBERT I. GROSSMAN, M.D.; :

FRITZ FRANCOIS, M.D.; STEVEN B.    :

ABRAMSON, M.D.; ANDREW BROTMAN, :

M.D.; and ROBERT J. FEMIA, M.D.,     :

                :

        Defendants.     :
------------------------------------------------------------x

## DEFENDANTS' ANSWER AND DEFENSES TO AMENDED COMPLAINT

Defendants New York University ("NYU"), NYU Grossman School of Medicine (the "School"), NYU Langone Hospitals[1] ("NYU Langone") (collectively, the "NYU Defendants"), Robert I. Grossman, M.D., Fritz Francois, M.D., Steven B. Abramson, M.D., Andrew Brotman, M.D. and Robert J. Femia, M.D. (collectively with the NYU Defendants, the "Defendants"), by and through their attorneys, Cerasia Law LLC, hereby answer plaintiff Kristin A. Carmody, M.D., M.H.P.E.'s Amended Complaint and assert the following defenses to her claims in the Amended Complaint:

## PRELIMINARY STATEMENT

Dr. Carmody seeks to use this baseless lawsuit to undue the consequences of her own wrongful conduct while working at NYU Langone. Specifically, on December 6, 2020, the School

---

[1] This Answer is filed on behalf of all named Defendants, but Dr. Carmody was employed by the NYU Grossman School of Medicine, a division of NYU. Accordingly, NYU is the only corporate defendant properly named in this lawsuit.

accepted Dr. Carmody's resignation from her employment in lieu of termination because of her falsification in a patient's medical record. On November 30, 2020, Dr. Carmody was the senior attending physician in NYU Langone's Department of Emergency Medicine responsible for providing patient care and supervising medical residents. On that date, an Emergency Room patient initially was treated by a medical resident. Although Dr. Carmody subsequently admitted that she did not personally examine the patient, she nonetheless documented in the patient's medical record that she did conduct such an examination. Dr. Carmody's mishandling of this patient's care extended to her failure to adequately supervise the medical resident, failure to deliver adequate treatment to the patient, and failure to respond to concerns raised by the nursing staff regarding the patient's condition prior to discharge. As a result of Dr. Carmody's egregious errors and lack of professionalism, the patient was discharged and placed at grave risk, only to be treated shortly thereafter in an emergency room at a different hospital and admitted for care that, if not received, could have resulted in loss of life. Accordingly, the School's decision to offer Dr. Carmody the option to resign in lieu of the termination of her employment had absolutely nothing to do with her gender or purported protected activity – it was based on and triggered by her intentional falsification of the patient's medical record. Under the circumstances, the resignation was required to be reported to the New York State Department of Health - Office of Professional Misconduct Committee, an action subsequently undertaken by NYU Langone.

Dr. Carmody's allegations of gender discrimination and retaliation are wholly contrived to cover for her misconduct and actions that placed a patient in grave risk of harm. Dr. Carmody wholly ignores the fact that her immediate supervisor, Dr. Femia, the Chair of the Department of Emergency Medicine, treated her fairly and favorably over the years, including his renewal of her contract and selecting her for promotion to Vice Chair for Academic Affairs and Education

Innovation in 2017.  Moreover, Dr. Femia has a stellar history of promoting and supporting female physicians within the Department of Emergency Medicine.  Of the four Vice Chairs recommended by Dr. Femia, three of them (including Dr. Carmody) are female.  Overall, of the 40 physicians in leadership positions in the Department of Emergency Medicine, 25 are female and 15 are male, and compensation within job titles is virtually comparable, with any disparity based on factors other than gender.  Dr. Femia's favorable treatment of Dr. Carmody and female physicians within the Department conclusively belies her self-serving and baseless allegations that he discriminated against her because of her gender or retaliated against her.

Finally, Dr. Carmody's defamation claims are specious, given that she admitted to making a false entry in a patient's medical record in failing to conduct the underlying examination. Consequently, the alleged statements made by any of the individually-named defendants regarding that situation were truthful statements of fact and/or opinions.  Moreover, any statements about the patient situation and Dr. Carmody's involvement with that patient were made without any purported malice and in the context of medical quality assurance reviews and related discussions, and thus are protected by New York's qualified privilege.

## NATURE OF CLAIMS

1.      Defendants deny the allegations in paragraph 1 of the Amended Complaint, except admit that Dr. Carmody was employed by the School and worked in the Department of Emergency Medicine at NYU Langone between 2013 and December 6, 2020, when she resigned; that she had satisfactory job performance prior to the date on which she admittedly made a false entry in a patient's medical record; and that she was recognized by peers and leaders for her achievements and mentoring of medical residents and students.

2.      Defendants deny the allegations in paragraph 2 of the Amended Complaint.

3.     Defendants deny the allegations in paragraph 3 of the Amended Complaint, except admit that, on December 6, 2020, the School accepted Dr. Carmody's voluntarily resignation in lieu of termination of her employment. Defendants further deny that they engaged in any discriminatory, retaliatory or wrongful conduct toward Dr. Carmody.

4.     Defendants deny the allegations in paragraph 4 of the Amended Complaint.

5.     Defendants deny the allegations in paragraph 5 of the Amended Complaint.

6.     Defendants deny the allegations in paragraph 6 of the Amended Complaint.

7.     Defendants deny the allegations in paragraph 7 of the Amended Complaint.

8.     Defendants deny the allegations in paragraph 8 of the Amended Complaint, except admit that Dr. Carmody purports to assert claims for gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act (the "EPA"), the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL"), the New York Labor Laws ("NYLL"), and also for alleged breach of contract and for defamation.  Defendants further deny that they engaged in any discriminatory, retaliatory, or wrongful conduct toward Dr. Carmody.

9.     Defendants deny the allegations in paragraph 9 of the Amended Complaint, except admit Dr. Carmody purports to seek declaratory relief, monetary relief and equitable relief in this lawsuit.  Defendants further deny that Dr. Carmody is entitled to any relief requested in the Amended Complaint or to any other relief.

**JURISDICTION, VENUE AND STATUTORY PREREQUISITES**

10.     Defendants deny the allegations in paragraph 10 of the Amended Complaint, except admit that, pursuant to 28 U.S.C. § 1331, the Court has jurisdiction over Dr. Carmody's claims under Title VII and the EPA.

11.     Defendants deny the allegations in paragraph 11 of the Amended Complaint, except admit that, pursuant to 28 U.S.C. § 1367, the Court may assert supplemental jurisdiction over Dr. Carmody's claims under the NYSHRL, NYCHRL and NYLL and her claims for breach of contract and defamation.

12.      Defendants deny the allegations in paragraph 12 of the Amended Complaint, except admit that, under 28 U.S.C. § 1391, venue is proper in this District.

13.     Defendants deny the allegations in the first and second sentence in paragraph 13 of the Amended Complaint, except admit that Dr. Carmody filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and that, on December 2, 2021, the EEOC issued a Notice of Right to Sue to Dr. Carmody.  The third sentence in paragraph 13 of the Amended Complaint asserts a statement of law to which no response is required, but Defendants admit that a plaintiff does not have to file administrative claims under the NYCHRL or EPA.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

**PARTIES**

15.     Defendants deny the allegations in paragraph 15 of the Amended Complaint, except admit that Dr. Carmody was employed by the School and that she had clinical privileges at NYU Langone Hospitals, where she worked as an attending physician in the Department of Emergency Medicine.

16.     Defendants admit the allegations in paragraph 16 of the Amended Complaint.

17.     Defendants deny the allegations in paragraph 17 of the Amended Complaint, except admit that the School is an administrative division of NYU and a component of NYU Langone

Health, an academic medical center comprised of the School, NYU Langone Hospitals and NYU Health System; that pursuant to an Affiliation Agreement, the School supplies healthcare providers to NYC Health + Hospitals Corporation, which operates Bellevue Hospital, at which Dr. Carmody also provided clinical services; that she was employed by NYU at the School; and that NYU has more than 15 employees.

18.     Defendants deny the allegations in paragraph 18 of the Amended Complaint, except admit that NYU Langone Hospitals is a not-for-profit hospital with a principal place of business at 550 First Avenue, New York, NY, 10016; is operated and staffed, in part, by employees working at the School; includes numerous hospitals and inpatient facilities in New York, including the Perelman Emergency Medical Center; is a site of resident physician training along with Bellevue Hospital; and it employs more than 15 persons.

19.     Defendants deny the allegations in paragraph 19 of the Amended Complaint, except admit that Dr. Grossman is employed by the School, is the Dean of the School, is the Chief Executive Officer of NYU Langone Health, and that his business address is 550 First Avenue, New York, New York 11016.

20.     Defendants deny the allegations in paragraph 20 of the Amended Complaint, except admit that Dr. Francois is employed by the School, is a Professor at the School, is Chief Medical Officer of NYU Langone, and that his business address is 550 First Avenue, New York, New York 11016.

21.     Defendants deny the allegations in paragraph 21 of the Amended Complaint, except admit that Dr. Abramson is employed by the School, is Executive Vice Dean for Education, Faculty and Academic Affairs and a Professor at the School, and that his business address is 550 First Avenue, New York, New York 11016.

22.     Defendants deny the allegations in paragraph 22 of the Amended Complaint, except admit that Dr. Brotman is employed by the School, is the Executive Vice President and Vice Dean for Clinical Affairs and Strategy at the School and a Professor at the School, and that his business address is 550 First Avenue, New York, New York 11016.

23.     Defendants deny the allegations in paragraph 23 of the Amended Complaint, except admit that Dr. Femia is employed by the School, is Chair of the Department of Emergency Medicine and an Associate Professor at the School, and that his business address is 550 First Avenue, New York, New York 11016.

24.     Defendants deny the allegations in paragraph 24 of the Amended Complaint, except admit that Dr. Femia was Dr. Carmody's direct supervisor during the period of 2017 through her resignation in lieu of termination on December 6, 2020.

25.     Defendants deny the allegations in paragraph 25 of the Amended Complaint.

## FACTUAL ALLEGATIONS

A.     Defendants deny the allegations in point heading A on page 8 of the Amended Complaint.

26.     Defendants generally admit the allegations in paragraph 26 of the Amended Complaint.

27.     Based upon information supplied by Dr. Carmody, Defendants admit the allegations in paragraph 27 of the Amended Complaint.

28.     Defendants admit the allegations in the first and second sentences in paragraph 28 of the Amended Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence in paragraph 28 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that, prior to December 2020, the School did not discipline her for any work-related performance.

30.     Defendants deny the allegations in paragraph 30 of the Amended Complaint, except admit that Dr. Carmody acted as a mentor to medical residents at the School, that, in 2017, she was promoted to the title of Associate Professor at the School, a non-tenured position, and that in June 2021, residents voted her as the Mentor of the Year for 2020-2021.

31.     The NYU Defendants and Dr. Femia admit the allegations in the first sentence in paragraph 31 of the Amended Complaint.  The NYU Defendants and Dr. Femia deny the allegations in the second and third sentences in paragraph 31 of the Amended Complaint, except admit that Dr. Carmody was selected as the Vice Chair of Academic Affairs and Education Innovation for the Department of Emergency Medicine (the "Vice Chair") at the recommendation of Dr. Femia because she was qualified for the position.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 31 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

32.     Defendants admit the allegations in the first sentence in paragraph 32 of the Amended Complaint.  Defendants deny the allegations in the second and third sentences in paragraph 32 of the Amended Complaint, except admit that Dr. Carmody had met the School's expectations as the Vice Chair before her falsification in a patient's medical record and that she received the Excellence in Educational Innovation Award.

B.     Defendants deny the allegations in point heading B on page 10 of the Amended Complaint.

33.     Defendants deny the allegations in the first sentence in paragraph 33 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.  Defendants admit the allegations in the second sentence in paragraph 33 of the Amended Complaint.

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that, as the Vice Chair, she mentored students and sought to enhance the educational experiences for medical residents and faculty at the School.

35.     Defendants deny the allegations in paragraph 35 of the Amended Complaint.

i.     Defendants deny the allegations in point heading i on page 11 of the Amended Complaint.

36.      The NYU Defendants and Dr. Femia deny the allegations in paragraph 36 of the Amended Complaint.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

ii.     Defendants deny the allegations in point heading ii on page 12 of the Amended Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Amended Complaint, including those in footnote 1 on page 12 of the Amended Complaint.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 38 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny the allegations of any pay disparity based on gender.

The NYU Defendants and Dr. Femia deny the allegations in the second sentence in paragraph 38 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 38 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny any allegations against them of any pay disparity based on gender.

39.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 39 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny any allegations against them of any pay disparity based on gender.

iii.     Defendants deny the allegations in point heading iii on page 13 of the Amended Complaint.

40.     The NYU Defendants and Dr. Femia deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in paragraph 40 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but they deny the remaining allegations in paragraph 40 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

41.     The NYU Defendants and Dr. Femia deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 41 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but they deny the remaining allegations in paragraph 41 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman

deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

iv.     Defendants deny the allegations in point heading iv on page 14 of the Amended Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 43 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny the allegations of any pay disparity based on gender. The NYU Defendants and Dr. Femia deny the allegations in the second sentence in paragraph 43 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 43 of the Amended Complaint, and therefore leave Dr. Carmody to her proof. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence in paragraph 43 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny the allegations of any pay disparity based on gender or allegations of any purported "assurances." The NYU Defendants, Dr. Femia and Dr. Grossman deny the allegations in the fourth and fifth sentences in paragraph 43 of the Amended Complaint, except admit that Dr. Carmody and the then-Vice Chair for Clinical Operations, Emergency Medicine, who is a male, had the same total compensation at that time. Drs. Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences in paragraph 43 of the Amended Complaint, and therefore leave Dr. Carmody to her proof. The NYU Defendants and Dr. Femia deny the allegations in the sixth sentence in paragraph 43 of the Amended Complaint. Drs. Grossman,

Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence in paragraph 43 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

44. The NYU Defendants and Dr. Femia deny the allegations in paragraph 44 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

45. The NYU Defendants, Dr. Femia and Dr. Grossman deny the allegations in paragraph 45 of the Amended Complaint. Drs. Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but they deny that the decision to terminate her employment if she did not resign was unlawful or that she was subjected to any retaliation.

C. Defendants deny the allegations in point heading C on page 15 of the Amended Complaint.

47. Defendants deny the allegations in paragraph 47 of the Amended Complaint, but generally admit that there were social media postings and media reports concerning the NYU Defendants' responses to or handling of the COVID-19 pandemic.

48. Defendants deny the allegations in paragraph 48 of the Amended Complaint, except admit that, on March 27, 2020, the Human Resources Department sent an email to NYU employees entitled "Human Resources Covid-19 Update," which speaks for itself and informed employees

about a phone option dedicated to addressing employee COVID-19 human resources-related questions, onboarding new employees during the COVID-19 pandemic, working remotely and usage of social media, including as an NYU Langone employee; and that the email included some of the words quoted in paragraph 48 of the Amended Complaint, but those words are quoted out of context.

i.     Defendants deny the allegations in point heading i on page 16 of the Amended Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Amended Complaint, except admit that a purported group of medical residents submitted a letter from an undisclosed "The Undersigned," and who did not identify themselves by gender or race, to the Office of Graduate Medical Education at NYU Langone Health, dated April 7, 2020, in which they requested "hazard pay" and other benefits for working during the COVID-19 pandemic, and that such letter speaks for itself.

50.     Defendants deny the allegations in paragraph 50 of the Amended Complaint, except admit that a purported group of medical residents submitted a letter from an undisclosed "The Undersigned," and who did not identify themselves by gender or race, to the Office of Graduate Medical Education at NYU Langone Health, dated April 7, 2020, in which they requested "hazard pay" and other benefits for working during the COVID-19 pandemic, including a requested "[g]uarantee" that there would not be a change in their standing in the medical resident program if they contracted COVID-19, and that such letter speaks for itself.

51.     Defendants deny the allegations in paragraph 51 of the Amended Complaint.

52.     The NYU Defendants and Dr. Femia deny the allegations in the first and second sentences in paragraph 52 of the Amended Complaint, in which Dr. Carmody mischaracterizes her

April 9, 2020 email correspondence with Dr. Femia, except admit that, on April 9, Dr. Femia emailed Dr. Carmody, stating that he learned that medical residents in certain departments "co authored letters requesting hazard pay and also seeking nursing support" and asked Dr. Carmody "do you know about this?  If not see what you can find out … thanks[;]" and that Dr. Carmody responded "I'll look into it."  The NYU Defendants and Dr. Femia deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence in paragraph 52 of Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny that they instructed Dr. Carmody to tell any medical residents that NYU Langone was refusing to provide them with the hazard pay or benefits that had been requested.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Amended Complaint, and therefore leave Dr. Carmody to her proof. Defendants further aver that, in an April 9, 2020 email under the signature of Dr. Abramson and Dr. Mike Ambrosino, Associate Dean, which speaks for itself, NYU Langone responded positively to "The Undersigned's" April 7, 2020 letter referenced in paragraph 49 of the Amended Complaint.

53.     Defendants deny the allegations in the first sentence in paragraph 53 of the Amended Complaint.  The NYU Defendants and Dr. Femia deny the allegations in the second sentence in paragraph 53 of the Amended Complaint. The NYU Defendants and Dr. Femia deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence in paragraph 53 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences in paragraph 53 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

54.     Defendants deny the allegations in paragraph 54 of the Amended Complaint, except admit that, in or about mid-April 2020, Dr. Francois and other healthcare professionals met with then-President Trump to discuss healthcare associated with COVID-19; that, on April 17, 2020, Dr. Francois sent an email to his colleagues at NYU Langone, which speaks for itself, concerning that meeting, the positive feedback that NYU Langone had received from patients at that point during the COVID-19 pandemic and an overview of the changes and accomplishments at NYU Langone at that time; and that, on April 20, 2020, certain medical residents sent an email to Dr. Francois (the "Residents' April 20, 2020 Email") setting forth their beliefs as to purported inequities in the handling of responses to COVID-19 and that email, which speaks for itself, included the language quoted in paragraph 54 of the Amended Complaint.

55.     The NYU Defendants, Dr. Francois and Dr. Femia deny the allegations in paragraph 55 of the Amended Complaint, except admit that, on April 20, 2020, Dr. Francois responded to the Residents' April 20, 2020 Email and in that email, which speaks for itself, Dr. Francois noted, among other things, that the Residents' April 20, 2020 Email contained factual inaccuracies and that the last sentence in his email stated "Good luck in your residency," which was not a veiled threat, as alleged in paragraph 55 of the Amended Complaint.  Drs. Grossman, Brotman and Abramson deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

56.     The NYU Defendants, Dr. Francois and Dr. Femia deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in paragraph 56 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that certain medical residents sent Dr. Francois an email on May 9, 2020, which speaks for

itself and included a request for an "open and honest discussion" and that, on May 9, 2020, Dr. Francois responded to that email. The NYU Defendants, Dr. Francois and Dr. Femia deny the allegations in the third sentence in paragraph 56 of the Amended Complaint. Drs. Grossman, Brotman and Abramson deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

57.     The NYU Defendants and Dr. Femia deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 57 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but they deny the remaining allegations and characterization in paragraph 57 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

58.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 58 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except Dr. Grossman denies that he was "keeping track of all residents who signed any letter to NYU leadership during the pandemic and placed their names on a 'no-hire list' (*i.e.*, blacklist) to prevent them from getting jobs after finishing their residencies."

59.     The NYU Defendants and Dr. Femia deny the allegations in the first and second sentences in paragraph 59 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations

in the first and second sentences in paragraph 59 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except Dr. Grossman denies that he was "keeping track of all residents who signed any advocacy letter and had placed them on a blacklist or 'no-hire list.'" Defendants deny the allegations in the third sentence in paragraph 59 of the Amended Complaint. The NYU Defendants and Dr. Femia deny the allegations in the fourth sentence in paragraph 59 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence in paragraph 59 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

60. The NYU Defendants and Dr. Femia deny the allegations in paragraph 60 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

ii. Defendants deny the allegations in point heading ii on page 20 of the Amended Complaint.

61. The NYU Defendants and Dr. Femia deny the allegations in paragraph 61 of the Amended Complaint, except admit the allegations in footnote 3 that Dr. Brotman reviews and generally approves of employment letters before Dr. Grossman signs those letters for the School in his capacity as the Dean. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit the allegations in footnote 3 that Dr. Brotman reviews and generally approves of employment letters before Dr. Grossman signs those letters for the School in his capacity as the Dean.

62.     Defendants deny the allegations in the first sentence in paragraph 62 of the Amended Complaint, except admit that, on June 4, 2020, *Medpage Today* published an online article entitled "Doctors Rally in New York to Support Black Lives Matter Protests."   The NYU Defendants and Dr. Abramson deny the allegations in the second sentence in paragraph 62 of the Amended Complaint, except admit that, on January 5, 2020, Dr. Abramson sent an email to colleagues, including Dr. Carmody, about the *Medpage Today* article, which stated "Usual ones…"  Drs. Grossman, Femia, Francois and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 62 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except Dr. Femia admits he was sent a copy of Dr. Abramson's June 5 email.  The NYU Defendants and Dr. Femia deny the allegations in the third and fourth sentences in paragraph 62 of the Amended Complaint.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences in paragraph 62 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

63.     Defendants deny the allegations in the first sentence in paragraph 63 of the Amended Complaint, except admit that the School generally interviews graduating medical residents for attending physician jobs in or around the Summer or Fall of each year, and that the School assessed its hiring needs during that time in 2020.  The NYU Defendants and Dr. Femia deny the allegations in the second, third and fourth sentences in paragraph 63 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third and fourth sentences in paragraph 63 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

64. The NYU Defendants and Dr. Femia deny the allegations in paragraph 64 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny any of the alleged wrongdoing in paragraph 65 of the Amended Complaint.

66. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny any of the alleged wrongdoing in paragraph 66 of the Amended Complaint.

67. Defendants deny the allegations in the first sentence in paragraph 67 of the Amended Complaint, except admit that, on October 8, 2020, the *New Yorker* published an article entitled "What Happened When Medical Residents Asked For Hazard Pay" and that the article, which speaks for itself, mentioned that topic in connection with medical residents at NYU Langone. The NYU Defendants and Dr. Femia deny the allegations in the second and third sentences in paragraph 67 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences in paragraph 67 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

68. The NYU Defendants and Dr. Femia deny the allegations in paragraph 68 of the Amended Complaint, except admit that Dr. Carmody shared with Dr. Femia that a medical resident had approached Dr. Carmody and the resident wondered why she did not receive an interview at an outside facility. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but Dr. Grossman denies the allegations that he "disparaged residents" or that he "had boasted that he had blacklisted" medical residents and further denies any such alleged wrongdoing.

D.      Defendants deny the allegations in point heading D on page 24 of the Amended Complaint.

70.     Defendants generally admit the allegations in paragraph 70 of the Amended Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Amended Complaint, except admit that medical residents in the Department of Emergency Medicine examine patients under the supervision of an attending physician; that attending physicians are expected to examine patients; and that attending physicians make notations in a patient's medical records, within the EPIC computer charting system.

72.     Defendants generally admit the allegations in paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Amended Complaint, except admit that attending physicians are required to document treatment in a patient's chart; that the attestation template can be used verbatim, edited, deleted or expanded upon to accurately reflect what transpired during the patient's visit; and that there are numerous requirements that must be met before a chart is deemed complete or done, and available for coding and eventual billing.

74.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that the Department of Emergency Medicine expects attending physicians to obtain a history and conduct a physical examination of a patient, and document that information; that the Department's requirements for attending physicians complies with the Accreditation Council for Graduate Medical Education's ("ACGME's") standards; and that the Department's practices prevent billing for unnecessary services to a patient.

75.     Defendants deny the allegations in paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations in paragraph 76 of the Amended Complaint, except admit that, Dr. Abramson believed it was beneficial for NYU Langone and the Department of Emergency Medicine to create a Department Review Committee ("DRC"), which would provide an overall assessment of patient care rendered within the Department at Tisch Hospital in Manhattan and other NYU Langone locations, competency of clinical staff, supervision of house staff, effectiveness of leadership and make recommendations to enable leadership to improve overall quality and safety; that the DRC issued a report dated March 11, 2021 (the "DRC Report"), which speaks for itself; and that the DRC Report did not support Dr. Carmody's actions with respect to the patient on November 30, 2020.

77.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that attending physicians had the ability to edit or make notations on a patient's records within the EPIC system and were expected to be truthful in making notations.

78. Defendants deny the allegations in paragraph 78 of the Amended Complaint, given that attending physicians undergo training involving fraud.

79. Defendants deny the allegations in paragraph 79 of the Amended Complaint, and aver that no physician at NYU Langone is incentivized to overbill patients.

80. Defendants deny the allegations in paragraph 80 of the Amended Complaint.

81. Defendants deny the allegations in paragraph 81 of the Amended Complaint.

82. Defendants deny the allegations in paragraph 82 of the Amended Complaint.

83. Defendants deny the allegations in paragraph 83 of the Amended Complaint.

E. Defendants deny the allegations in point heading E on page 29 of the Amended Complaint.

84. Defendants deny the allegations in paragraph 84 of the Amended Complaint, except admit that, at times, an attending physician may receive notice that a patient who is a friend or family member of an NYU employee or trustee will be going to the Department of Emergency Medicine and that the expectation is that physicians in the Department treat all patients as is necessary, with those having the highest acuity or the sickest being treated first, and that physicians are expected to provide the same level of high-quality health care to all patients.

85. Defendants admit the allegations in the first and second sentences in paragraph 85 of the Amended Complaint. Defendants deny the allegations in the third sentence in paragraph 85 of the Amended Complaint.

86. Based upon information supplied in the patient's records, Defendants admit the allegations in the first sentence in paragraph 86 of the Amended Complaint. Defendants deny the allegations in the second sentence in paragraph 86 of the Amended Complaint as to what Dr. Carmody alleges happens in the "ordinary course," but deny knowledge or information sufficient

to form a belief about the remaining allegations in paragraph 86 of the Amended Complaint, and therefore leave her to her proof.

87.     Defendants deny the allegations in paragraph 87 of the Amended Complaint, except admit that Dr. Carmody recorded information about the medical resident's examination of the patient and that she admitted to making a false statement in the patient's medical record.

88.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that, based on the patient's medical records, an antibiotic was prescribed for the patient, but deny her allegations of "close monitoring" of the patient's medical condition.

89.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that the patient was discharged from NYU Langone, but, based on medical records, deny her characterization of the patient's condition.

90.     Defendants deny the allegations in paragraph 90 of the Amended Complaint, except admit that, in the patient's medical records, Dr. Carmody stated in relevant part: "I performed a history and physical examination of [patient] and discussed her management with the resident on the treatment plan," and that such statement was untrue.

91.     Defendants deny the allegations in paragraph 91 of the Amended Complaint, except admit that, in the patient's medical records, Dr. Carmody stated in relevant part: "I performed a history and physical examination of [patient] and discussed her management with the resident on the treatment plan," and that such statement was untrue.

92.     Defendants deny the allegations in paragraph 92 of the Amended Complaint, except admit that, on December 1, 2020, the patient's husband, who is an employee at NYU, emailed and

contacted leadership within NYU Langone and the School to express concerns about the medical treatment that his wife had received as a patient on November 30, 2020, and provided a letter from the patient, which speaks for itself, in which the patient generally described her symptoms, diagnosis and treatment at NYU Langone and Lenox Hill Hospital, and the patient indicated that her condition indicated having sepsis.

93.     Defendants deny the allegations in paragraph 93 of the Amended Complaint, except admit the patient's letter, which speaks for itself, noted that she was educated as a family nurse practitioner with a work history as a registered nurse; that the patient generally described her symptoms and the care that she received at NYU Langone and Lenox Hill Hospital; and that the patient did not attach a copy of her medical records to her letter.

94.     Defendants deny the allegations in paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations in paragraph 95 of the Amended Complaint, except admit that the patient's letter, which speaks for itself, generally described her symptoms and the care that she received at Lenox Hill Hospital.

96.     Defendants deny the allegations in paragraph 96 of the Amended Complaint, except admit that the patient's letter, which speaks for itself, generally described her symptoms and the care that she received at Lenox Hill Hospital.

F.     Defendants deny the allegations in point heading F on page 32 of the Amended Complaint.

97.     Defendants deny the allegations in paragraph 97 of the Amended Complaint.

98.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 98 of the Amended Complaint, except admit that, like in past similar situations, the patient's letter was distributed to individuals with a need to know about the situation. Drs. Grossman, Francois,

Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

99.    Defendants deny the allegations in paragraph 99 of the Amended Complaint, except admit that, as part of her job responsibilities, Dr. Catherine Jamin was tasked with looking into the patient's concerns about the standard of care that the patient had received at NYU Langone and that, on December 1, 2020, as part of Dr. Jamin's review, she spoke with Dr. Carmody about the fact that the patient had raised concerns and the likely next steps involved with a quality assurance review, including a Morbidity & Mortality Case ("M&M") review.    Defendants deny the allegations in footnote 4 on page 33 of the Amended Complaint, except admit that, in general, M&M involves peer review of matters involving situations or outcomes with patients where the level or standard of care did not meet expectations.

100.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 100 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.    Defendants deny the allegations in the second and third sentences in paragraph 100 of the Amended Complaint, except admit learning that Dr. Carmody provided Dr. Jamin with details about the treatment provided to the patient and that Dr. Jamin acknowledged that, at that point, she had not spoken with the patient.

101.    The NYU Defendants deny the allegations in paragraph 101 of the Amended Complaint, except admit that the purpose of Dr. Jamin's initial call to Dr. Carmody was to advise her of the patient's concerns and the likely next steps to be taken by the NYU Defendants; that Dr. Carmody admitted to Dr. Jamin that she did not personally conduct a physical examination of the patient at issue; that Dr. Jamin did not specifically point out any "irregularity" by Dr. Carmody, as

that was not the purpose of the call; and that Dr. Jamin generally informed Dr. Carmody that the patient was feeling fine, but the NYU Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Amended Complaint that Dr. Jamin stated that "there was nothing for Dr. Carmody to worry about," as Dr. Jamin does not recall stating that, and therefore leave Dr. Carmody to her proof on that allegation. Drs. Grossman, Femia, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but Dr. Femia and Dr. Francois admit that they learned about the substance of the communication between Dr. Jamin and Dr. Carmody.

102.    Defendants deny the allegations in paragraph 102 of the Amended Complaint, and further aver that Dr. Carmody resigned from her employment in lieu of the termination of her employment.

103.    The NYU Defendants and Dr. Femia deny the allegations in paragraph 103 of the Amended Complaint, except admit that, on or about December 2, 2020, Dr. Femia called Dr. Carmody to inquire about the circumstances surrounding the treatment of the patient; that, at that time, Dr. Femia did not have many details from Dr. Carmody or about the treatment of the patient; that he told Dr. Carmody that he understood the patient was "doing fine" with her health; and that, while he generally told Dr. Carmody she should not "worry" about the situation, he was unaware at the time of Dr. Carmody's false entry in the patient's medical record, and therefore did not speak with her about any issue with her charting or notes in the patient's records.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

104.    The NYU Defendants deny the allegations in paragraph 104 of the Amended Complaint, except admit that, on or about December 3, 2020, Dr. Jamin spoke with Dr. Carmody; that, during their conversation, Dr. Jamin mentioned to Dr. Carmody that Dr. Francois had discussed a Focused Professional Practice Evaluation ("FPPE") for Dr. Carmody, but that a FPPE was not implemented; and that a FPPE involves a review of an attending physician's work over a defined period of time and that the Department of Emergency Medicine would have overseen a FPPE at that time. Drs. Grossman, Femia, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except Dr. Francois and Dr. Femia admit that the topic of a FPPE for Dr. Carmody was discussed, but a FPPE was not implemented; that they generally were aware of Dr. Jamin's conversation with Dr. Carmody on this topic; and that, during this period of time, the Department of Emergency Medicine would have overseen a FPPE for a physician in that Department.

105.    Defendants deny the allegations in paragraph 105 of the Amended Complaint, except admit that an attending physician who is given a FPPE has a record of such in his or her file.

106.    The NYU Defendants deny the allegations in paragraph 106 of the Amended Complaint, except admit that Dr. Jamin did not make any decision with respect to a FPPE for Dr. Carmody; that Dr. Jamin does not make decisions as to whether or not to implement a FPPE for a physician in the Department of Emergency Medicine; and that Dr. Jamin initially held the personal belief that the patient case should not be the subject of a FPPE, but learned to understand why the situation was an appropriate matter for a FPPE, but the NYU Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations that Dr. Jamin stated that

27

"'this was barely an [M&M],'" as Dr. Jamin does not recall stating that, and therefore leave Dr. Carmody to her proof on that allegation. Drs. Femia, Grossman, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Amended Complaint, and therefore leave Dr. Carmody to her proof. Dr. Francois denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 106 of the Amended Complaint, and therefore leaves Dr. Carmody to her proof, but denies the allegations in the second sentence in paragraph 106 of the Amended Complaint.

107. The NYU Defendants deny the allegations in paragraph 107 of the Amended Complaint, except admit that Dr. Jamin informed Dr. Carmody that the situation with the patient would be the subject of a Root Cause Analysis ("RCA"), which, in accordance with NYU's practices, would be and was conducted by the RCA review committee, which was headed by Dr. Francois in his role as NYU Langone's Chief Medical Officer ("CMO"). Drs. Femia, Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that a RCA was initiated concerning the treatment of the patient by Dr. Carmody and that Dr. Francois, in his role as NYU Langone's CMO, headed the RCA review committee.

108. Defendants deny the allegations in paragraph 108 of the Amended Complaint, except admit that a RCA generally includes the review of a specific patient case; that a RCA is a tool used by the NYU Defendants and health care organizations that is designed to help physicians retrospectively study events involving potential or actual harm to patients or undesired outcomes in patient treatment in order to identify and address the root causes, with the goal to improve patient

safety and prevent future harm; that a RCA involves more than a department; that M&M and RCA are different types of quality assurance reviews; and that, at a RCA, leadership at NYU generally reviews the medical care provided to a particular patient and discusses issues upon which to improve in the future to avoid any potential harm to a patient.

109.     Defendants deny the allegations in the first sentence in paragraph 109 of the Amended Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 109 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny that Dr. Francois was or is a "friend" of the patient or the patient's husband.

110.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 110 of the Amended Complaint, except admit that, on or about December 5, 2020, Dr. Femia spoke with Dr. Carmody by phone and that he told her that the patient case was being investigated, and that he generally encouraged her to stay positive.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

111.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 111 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

112.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 112 of the Amended Complaint, except admit that, on December 6, 2020, Dr. Femia spoke with Dr. Carmody by telephone and told her that she had the option to resign from her employment in lieu of the termination of her employment, given that she made a false entry in the patient's medical records;

and further admit that Dr. Carmody made a false or fraudulent entry in the patient's medical records and that such conduct is reportable to the New York State Department of Health - Office of Professional Medical Conduct. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but Dr. Francois admits that Dr. Carmody made a false entry in the patient's medical records and that she was given the option to resign from her employment in lieu of the termination of her employment and that they understand making a false or fraudulent entry in a patient's medical records is reportable to the New York State Department of Health - Office of Professional Medical Conduct.

113.     Defendants deny the allegations in paragraph 113 of the Amended Complaint.

114.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 114 of the Amended Complaint, except that, when Dr. Femia spoke with Dr. Carmody by telephone, he told her that she had the option to resign from her employment in lieu of the termination of her employment, given that she made a false entry in the patient's medical records.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but Dr. Francois admits that Dr. Carmody made a false entry in the patient's medical records and he understood that Dr. Carmody would be given the option to resign from her employment in lieu of the termination of her employment.

115.     Defendants deny the allegations in paragraph 115 of the Amended Complaint.

116.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 116 of the Amended Complaint.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

117. The NYU Defendants and Dr. Femia deny the allegations in paragraph 117 of the Amended Complaint, except admit that Dr. Carmody sent Dr. Femia an email stating "As discussed earlier, I hereby resign from my position at NYU." Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

118. The NYU Defendants and Dr. Femia deny the allegations in paragraph 118 of the Amended Complaint, except admit that, consistent with the NYU Defendants' practice, once Dr. Carmody resigned and ceased to be an employee of the School, she lost access to NYU's computer systems and facilities. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

119. The NYU Defendants and Dr. Femia deny the allegations in paragraph 119 of the Amended Complaint, except admit that they did not provide Dr. Carmody with documentation relating to her decision to resign in lieu of the termination of her employment, but that Dr. Carmody was aware of and admitted to the false entry she made in the patient's medical record. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

120. The NYU Defendants and Dr. Femia deny the allegations in paragraph 120 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

121.    The NYU Defendants and Dr. Femia deny the allegations in paragraph 121 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

122.    The NYU Defendants deny the allegations in paragraph 122 of the Amended Complaint. Drs. Grossman, Femia, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that they are aware that NYU Langone submitted a letter to the New York State Department of Health - Office of Professional Medical Conduct concerning the general circumstances surrounding Dr. Carmody's resignation.

G.      Defendants deny the allegations in point heading G on page 41 of the Amended Complaint.

123.    The NYU Defendants and Dr. Femia deny the allegations in paragraph 123 of the Amended Complaint, except admit that, on December 8, 2020, Dr. Femia presided over a video meeting for M&M to discuss the patient case concerning Dr. Carmody on November 30, 2020. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

124.    The NYU Defendants and Dr. Femia deny the allegations in paragraph 124 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

125.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 125 of the Amended Complaint, except admit that, on December 8, 2020, Dr. Femia presided over a video meeting for M&M to discuss the patient case concerning Dr. Carmody on November 30, 2020. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

126.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 126 of the Amended Complaint, except admit that Dr. Femia truthfully mentioned during the December 8, 2020 video meeting for M&M that Dr. Carmody had made a false entry in a patient's medical record, but that he does not recall the exact words he used at that time.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

127.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 127 of the Amended Complaint, except admit that, during the December 8, 2020 video meeting for M&M, certain attendees made comments about the patient case and Dr. Carmody. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

128.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 128 of the Amended Complaint, except admit that Dr. Femia mentioned during the December 8, 2020 video

meeting for M&M that, with respect to Dr. Carmody admittedly making a false entry in a patient's medical records, "fraud" was not his word choice, but he does not recall the exact words he used at that time. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

129. The NYU Defendants and Dr. Brotman deny the allegations in paragraph 129 of the Amended Complaint, except admit that Dr. Brotman was mentoring a medical resident and, in that context, they discussed the situation involving the patient's letter of complaint and the resident reviewed a copy of the patient's letter. Drs. Grossman, Femia, Francois and Abramson deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

130. The NYU Defendants and Dr. Brotman deny the allegations in paragraph 130 of the Amended Complaint, except admit that Dr. Brotman was mentoring a medical resident and, in that context, they discussed the situation involving the patient's letter of complaint and the resident reviewed a copy of the patient's letter. Drs. Grossman, Femia, Francois and Abramson deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny that they engaged in any discriminatory or retaliatory practices concerning Dr. Carmody.

131. The NYU Defendants and Dr. Brotman deny the allegations in paragraph 131 of the Amended Complaint. Drs. Grossman, Femia, Francois and Abramson deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

132. The NYU Defendants, Dr. Femia, Dr. Francois and Dr. Abramson deny the allegations in paragraph 132 of the Amended Complaint, except admit that, on or about December 9, 2020, they participated in a meeting by video with the Department of Emergency Medicine DRC and, during that meeting, there was discussion concerning Dr. Carmody and the circumstances concerning the handling of the patient on November 30, 2020. Drs. Grossman and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

133. The NYU Defendants, Dr. Femia, Dr. Francois and Dr. Abramson deny the allegations in paragraph 133 of the Amended Complaint. Drs. Grossman and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

134. The NYU Defendants and Dr. Abramson deny the allegations in paragraph 134 of the Amended Complaint, except admit that, during a December 9, 2020 meeting by video with the Department of Emergency Medicine DRC, Dr. Abramson recalls mentioning that the patient's complaint letter was among the worst he had read. Drs. Grossman, Femia, Francois and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

135. The NYU Defendants, Dr. Francois and Dr. Abramson deny the allegations in paragraph 135 of the Amended Complaint, except admit that, during a December 9, 2020 meeting by video with the DRC, there was reference to a prior case with a patient named Rory Staunton, who had died at NYU Langone. Drs. Grossman, Femia and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the

Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that they are familiar with a prior case involving a patient named Rory Staunton.

136.    Defendants deny the allegations in paragraph 136 of the Amended Complaint.

137.    The NYU Defendants, Dr. Francois, Dr. Abramson and Dr. Femia deny the allegations in paragraph 137 of the Amended Complaint.  Drs. Grossman and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

138.    The NYU Defendants, Dr. Abramson and Dr. Francois deny the allegations in paragraph 138 of the Amended Complaint, except the NYU Defendants and Dr. Abramson admit that he noted an award that Dr. Carmody had won.  Drs. Grossman, Dr. Femia and Dr. Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

139.    The NYU Defendants, Dr. Abramson and Dr. Francois deny the allegations in paragraph 139 of the Amended Complaint, except admit that they learned the patient at issue did not die and that the patient had been treated at Lenox Hill Hospital and released.  Drs. Grossman, Femia and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that they learned the patient at issue did not die and that the patient had been treated at Lenox Hill Hospital and released.

140.    Defendants deny the allegations in paragraph 140 of the Amended Complaint.

141.    Defendants deny the allegations in paragraph 141 of the Amended Complaint, except admit that, on December 10, 2020, there was a video meeting to further discuss and have an understanding about the patient situation at issue.

142. The NYU Defendants and Dr. Femia deny the allegations in paragraph 142 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

143. The NYU Defendants and Dr. Femia deny the allegations in paragraph 143 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

144. The NYU Defendants and Dr. Femia deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Amended Complaint, given that they do not have a recording of any of the meetings conducted by video conference, and therefore leave Dr. Carmody to her proof, but deny any allegations of wrongdoing. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

145. The NYU Defendants and Dr. Femia deny the allegations in paragraph 145 of the Amended Complaint, and note that they do not have a recording of the meeting. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

146. Defendants deny the allegations in paragraph 146 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the quoted

allegations in the last sentence in paragraph 146 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

147.    Defendants deny the allegations in paragraph 147 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the quoted allegations in the second and third sentences in paragraph 147 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

148.    The NYU Defendants and Dr. Femia deny the allegations in paragraph 148 of the Amended Complaint. Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

149.    The NYU Defendants and Dr. Femia deny the allegations in the first sentence in paragraph 149 of the Amended Complaint.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 149 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 149 of the Amended Complaint concerning what Dr. Christopher Caspers' allegedly stated during a December 10, 2020 Zoom meeting, given that they do not have a recording of the video meeting, and therefore leave Dr. Carmody to her proof, but deny the allegations in the second sentence in paragraph 149 concerning the characterization of Dr. Casper's December 14, 2020 email, which speaks for itself.

150.    The NYU Defendants, Dr. Femia and Dr. Francois deny the allegations in paragraph 150 of the Amended Complaint, except admit that, on December 16, 2020, there was a meeting in connection with a RCA for the patient at issue and that, as expected, the RCA meeting

was attended by some physicians, medical residents and fellows at NYU. Drs. Grossman, Dr. Abramson and Dr. Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that they learned NYU began the process of a RCA with respect to the patient at issue.

151. Defendants deny the allegations in paragraph 151 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 of the Amended Complaint that attendees at the meeting texted Dr. Carmody, and therefore leave her to her proof, and admit that the senior medical resident who examined the patient at issue identified herself at the meeting.

152. Defendants deny knowledge or information sufficient to form a belief as to the quoted allegations in paragraph 152 of the Amended Complaint and footnote 5 on page 51 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but the NYU Defendants and Dr. Francois deny the allegations in the last sentence in paragraph 152 of the Amended Complaint and footnote 5 and Dr. Femia denies the allegations of wrongdoing in footnote 5.

153. The NYU Defendants and Dr. Francois deny the allegations in paragraph 153 of the Amended Complaint. Drs. Grossman, Femia, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

154. The NYU Defendants and Dr. Francois deny the allegations in paragraph 154 of the Amended Complaint, except admit that it is their understanding that the patient had been released from Lenox Hill Hospital and prescribed antibiotics. Drs. Grossman, Femia, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 154 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit it is their understanding that the patient had been released from Lenox Hill Hospital and prescribed antibiotics.

155. The NYU Defendants and Dr. Francois deny the allegations in paragraph 155 of the Amended Complaint. Drs. Grossman, Femia, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

156. The NYU Defendants and Dr. Francois deny the allegations in paragraph 156 of the Amended Complaint. Drs. Grossman, Femia, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

157. The NYU Defendants and Dr. Francois deny the allegations in paragraph 157 of the Amended Complaint. Drs. Grossman, Femia, Abramson and Brotman deny the allegations in paragraph 157 of the Amended Complaint, given that they are unaware of any false statements by Dr. Francois concerning Dr. Carmody.

158. Defendants deny the allegations in paragraph 158 of the Amended Complaint, except admit that, on or about February 21, 2021, the RCA committee distributed a "RCA Summary," which speaks for itself.

159. Defendants deny the allegations in paragraph 159 of the Amended Complaint, except admit that the RCA Summary contained the truthful statement that "Investigation confirmed that despite ED Attending's attestation, the Attending did not examine the patient."

160. Defendants deny the allegations in paragraph 160 of the Amended Complaint.

161.   The NYU Defendants and Dr. Francois deny the allegations in paragraph 161 of the Amended Complaint.  Drs. Grossman, Femia, Abramson and Brotman deny the allegations in paragraph 161 of the Amended Complaint, given that they have not heard Dr. Francois make false statements concerning Dr. Carmody.

162.   Defendants deny the allegations in paragraph 162 of the Amended Complaint, except admit that the RCA report, which speaks for itself, contains the language quoted in paragraph 162 of the Amended Complaint.

163.   The NYU Defendants and Dr. Francois deny the allegations in paragraph 163 of the Amended Complaint.  Drs. Grossman, Femia, Abramson and Brotman deny the allegations in paragraph 163 of the Amended Complaint, given that they have not heard Dr. Francois make false statements concerning Dr. Carmody.

164.   The NYU Defendants and Dr. Femia deny the allegations in paragraph 164 of the Amended Complaint, except admit that he provided a summary of the DCR Report to faculty and medical residents in the Department of Emergency Medicine.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

165.   Defendants deny the allegations in paragraph 165 of the Amended Complaint.

166.   Defendants deny the allegations in paragraph 166 of the Amended Complaint.

167.   Defendants deny the allegations in paragraph 167 of the Amended Complaint.

168.   Defendants deny the allegations in paragraph 168 of the Amended Complaint.

169.   Defendants deny the allegations in paragraph 169 of the Amended Complaint.

170.     Defendants deny the allegations in paragraph 170 of the Amended Complaint, and aver that they are unaware of an attending physician other than Dr. Carmody who admittedly submitted a false entry in a patient record.

171.     The NYU Defendants and Dr. Femia deny the allegations in paragraph 171 of the Amended Complaint, except admit that there was a review of the attestation language in the EPIC system and that, in or about the Fall of 2021, there was a modification of certain language.  Drs. Grossman, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

172.     The NYU Defendants and Dr. Grossman deny the allegations in paragraph 172 of the Amended Complaint. Drs. Femia, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny hearing Dr. Grossman lying about Dr. Carmody's medical care to the patient at issue.

173.     The NYU Defendants, Dr. Grossman and Dr. Femia deny the allegations in paragraph 173 of the Amended Complaint.  Drs. Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.  The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 6 on page 58 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny her characterizations in that footnote.

174.     The NYU Defendants and Dr. Grossman deny the allegations in paragraph 174 of the Amended Complaint, but admit that Dr. Grossman made truthful comments about Dr.

Carmody's treatment of the patient at issue, without mentioning Dr. Carmody's name, but he does not recall the words he used in generally describing the situation. Drs. Femia, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

175.     The NYU Defendants and Dr. Grossman deny the allegations in paragraph 175 of the Amended Complaint, and refer to the RCA Summary, which speaks for itself. Drs. Femia, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, and refer to the RCA Summary, which speaks for itself.

176.     The NYU Defendants and Dr. Grossman deny the allegations in paragraph 176 of the Amended Complaint, except admit that Dr. Grossman made truthful comments about Dr. Carmody's treatment of the patient at issue, without mentioning Dr. Carmody's name, but he does not recall the words he used in generally describing the situation. Drs. Femia, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

177.     The NYU Defendants, Dr. Grossman, Dr. Femia and Dr. Francois deny the allegations in paragraph 177 of the Amended Complaint, and further aver that Dr. Grossman did not defame Dr. Carmody or retaliate against her. Drs. Femia, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

178. The NYU Defendants, Dr. Grossman, Dr. Abramson, Dr. Francois and Dr. Femia deny the allegations in paragraph 178 of the Amended Complaint. Dr. Brotman denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 of the Amended Complaint, and therefore leaves Dr. Carmody to her proof, but he denies hearing Dr. Grossman make false statements concerning Dr. Carmody.

179. The NYU Defendants, Dr. Grossman, Dr. Abramson, Dr. Francois and Dr. Femia deny the allegations in paragraph 179 of the Amended Complaint, and they deny knowledge or information sufficient to form a belief s to the truth of the allegations in footnote 7 on page 59 of the Amended Complaint, and therefore leave Dr. Carmody to her proof on that allegation, but deny that they made any such false statements. Dr. Brotman denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 of the Amended Complaint or in footnote 7 on page 59 of the Amended Complaint, and therefore leaves Dr. Carmody to her proof, but he denies making any false statements about Dr. Carmody as alleged in footnote 7 on page 59 of the Amended Complaint or hearing Drs. Grossman, Abramson, Francois or Femia make false statements concerning Dr. Carmody.

180. Defendants deny the allegations in paragraph 180 of the Amended Complaint.

181. Defendants deny the allegations in paragraph 181 of the Amended Complaint, and they aver that Dr. Carmody resigned from her employment in lieu of the termination of her employment.

H. Defendants deny the allegations in point heading H on page 60 of the Amended Complaint.

i. Defendants deny the allegations in point heading i on page 60 of the Amended Complaint.

182.    Defendants deny the allegations in paragraph 182 of the Amended Complaint, and they aver that Dr. Carmody resigned from her employment.

183.    Defendants deny the allegations in paragraph 183 of the Amended Complaint.

184.    Defendants deny the allegations in paragraph 184 of the Amended Complaint.

185.    Defendants deny the allegations in paragraph 185 of the Amended Complaint, except admit that they are unaware of whether Dr. Carmody or the physician who assumed her Vice Chair responsibilities objected to the purported "improper treatment of female and minority residents and employees."

186.    Defendants deny the allegations in paragraph 186 of the Amended Complaint.

187.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 187 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that, by letter dated November 12, 2021, which speaks for itself, the ACGME informed the School that it had received a complaint that the School allegedly was in violation of certain ACGME Requirements, but deny any alleged violation and further aver that the ACGME's November 12 letter does not mention Dr. Caspers.

188.    Defendants deny the allegations in paragraph 188 of the Amended Complaint.

189.    The NYU Defendants and Dr. Femia deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in paragraph 189 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, but deny the allegations in the third sentence in paragraph 189 of the Amended Complaint.  Drs. Grossman, Francios, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

190.     Defendants deny the allegations in paragraph 190 of the Amended Complaint.

191.     The NYU Defendants and Drs. Femia, Grossman, Abramson and Brotman deny the allegations in paragraph 191 of the Amended Complaint.   Dr. Francois denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 of the Amended Complaint, and therefore leaves Dr. Carmody to her proof.

192.      The NYU Defendants and Drs. Femia, Grossman, Abramson and Brotman deny the allegations in paragraph 192 of the Amended Complaint, except admit that Dr. Carmody was promoted to Associate Professor (Clinical) on the scholar track and that, in August 2017, Dr. Femia submitted a letter of recommendation in support of Dr. Carmody's promotion to the rank of Associate Professor (Clinical) on the scholar track; and that the Department of Emergency Medicine previously recommended Dr. Carmody for academic promotion in 2015, but that the full committee on promotions denied that promotion.   Dr. Francois denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 of the Amended Complaint, and therefore leaves Dr. Carmody to her proof.

ii.     Defendants deny the allegations in point heading ii on page 64 of the Amended Complaint.

193.     Defendants deny the allegations in paragraph 193 of the Amended Complaint.

194.     Defendants deny the allegations in paragraph 194 of the Amended Complaint, except admit that, at an August 12, 2020 M&M review, there was a presentation concerning medical treatment as it related to a minor patient.

195.      Defendants deny the allegations in paragraph 195 of the Amended Complaint.

196.     Defendants deny the allegations in paragraph 196 of the Amended Complaint.

197.     Defendants deny the allegations in paragraph 197 of the Amended Complaint.

198.     Defendants deny the allegations in paragraph 198 of the Amended Complaint.

199.     Defendants deny the allegations in paragraph 199 of the Amended Complaint.

200.     The NYU Defendants deny the allegations in paragraph 200 of the Amended Complaint, except admit that a concern was raised about alleged comments by a male physician. Drs. Femia, Francois, Grossman, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

201.     The NYU Defendants deny the allegations in paragraph 201 of the Complaint, except admit that, in or around June 2019, a concern was raised about alleged comments made by a male physician, which was investigated by Human Resources and appropriate corrective action was taken with respect to such concern. Drs. Femia, Francois, Grossman, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except Dr. Grossman admits that, in mid-2019, he was generally aware of a concern raised about alleged comments by the male physician.

202.     The NYU Defendants and Dr. Grossman deny the allegations in paragraph 202 of the Amended Complaint.  Drs. Femia, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

203.     The NYU Defendants and Dr. Grossman deny the allegations in paragraph 203 of the Amended Complaint, except admit that, in an October 13, 2021 email communication to employees, which speaks for itself, Dr. Grossman announced transitions in leadership positions, including that the male physical referenced in paragraph 203 of the Amended Complaint would

"step away" from his responsibilities in leadership and that Dr. Francois would assume those responsibilities. Drs. Femia, Francois, Abramson and Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203 of the Amended Complaint, and therefore leave Dr. Carmody to her proof, except admit that they were recipients of the October 13, 2021 email from Dr. Grossman concerning transitions in leadership.

## FIRST CAUSE OF ACTION

204.    Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

205.    The NYU Defendants deny the allegations in paragraph 205 of the Amended Complaint.  The First Cause of Action is not asserted against Drs. Grossman, Femia, Francois, Abramson and Brotman (the "Individual Defendants"), and therefore no response is required from them.  To the extent a response is required, the Individual Defendants deny the allegations in paragraph 205 of the Amended Complaint.

206.    The NYU Defendants deny the allegations in paragraph 206 of the Amended Complaint.  The First Cause of Action is not asserted against the Individual Defendants, and therefore no response is required from them.  To the extent a response is required, the Individual Defendants deny the allegations in paragraph 206 of the Amended Complaint.

207.    The NYU Defendants deny the allegations in paragraph 207 of the Amended Complaint.  The First Cause of Action is not asserted against the Individual Defendants, and therefore no response is required from them.  To the extent a response is required, the Individual Defendants deny the allegations in paragraph 207 of the Amended Complaint.

## SECOND CAUSE OF ACTION

208.    Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

209.    The NYU Defendants deny the allegations in paragraph 209 of the Amended Complaint.  The Second of Action is not asserted against the Individual Defendants, and therefore no response is required from them.  To the extent a response is required, the Individual Defendants deny the allegations in paragraph 209 of the Amended Complaint.

210.    The NYU Defendants deny the allegations in paragraph 210 of the Amended Complaint.  The Second Cause of Action is not asserted against the Individual Defendants, and therefore no response is required from them.  To the extent a response is required, the Individual Defendants deny the allegations in paragraph 210 of the Amended Complaint.

## THIRD CAUSE OF ACTION

211.    Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

212.    Defendants deny the allegations in paragraph 212 of the Amended Complaint.

213.    Defendants deny the allegations in paragraph 213 of the Amended Complaint.

214.    Defendants deny the allegations in paragraph 214 of the Amended Complaint.

215.    Defendants deny the allegations in paragraph 215 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

216.    Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

217.    Defendants deny the allegations in paragraph 217 of the Amended Complaint.

218.    Defendants deny the allegations in paragraph 218 of the Amended Complaint.

219.    Defendants deny the allegations in paragraph 219 of the Amended Complaint.

220.    Defendants deny the allegations in paragraph 220 of the Amended Complaint.

### FIFTH CAUSE OF ACTION

221.    Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

222.    Defendants deny the allegations in paragraph 222 of the Amended Complaint.

223.    Defendants deny the allegations in paragraph 223 of the Amended Complaint.

224.    Defendants deny the allegations in paragraph 224 of the Amended Complaint.

225.    Defendants deny the allegations in paragraph 225 of the Amended Complaint.

### SIXTH CAUSE OF ACTION

226.    Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

227.    Defendants deny the allegations in paragraph 227 of the Amended Complaint.

228.    Defendants deny the allegations in paragraph 228 of the Amended Complaint.

229.    Defendants deny the allegations in paragraph 229 of the Amended Complaint.

230.    Defendants deny the allegations in paragraph 230 of the Amended Complaint.

### SEVENTH CAUSE OF ACTION

231.    Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

232.    Defendants deny the allegations in paragraph 232 of the Amended Complaint.

233.    Defendants deny the allegations in paragraph 233 of the Amended Complaint.

234.    Defendants deny the allegations in paragraph 234 of the Amended Complaint.

235.    Defendants deny the allegations in paragraph 235 of the Amended Complaint.

## EIGHTH CAUSE OF ACTION

236.     Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

237.     The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 237 of the Amended Complaint.  The Eighth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 237 of the Amended Complaint.

238.     The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 238 of the Amended Complaint.  The Eighth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 238 of the Amended Complaint.

239.     The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 239 of the Amended Complaint, except Drs. Grossman and Brotman admit that they are generally involved with the terms of a physician's employment and compensation at NYU and that Dr. Grossman was a signatory on Dr. Carmody's employment agreements, but Dr. Brotman denies that he was a signatory to Dr. Carmody's employment agreements, and Dr. Femia admits that he is involved with the terms of employment and compensation for physicians in the Department of Emergency Medicine, including with respect to Dr. Carmody.  The Eighth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them.  To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 239 of the Amended Complaint.

240.     The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 240 of the Amended Complaint.  The Eighth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 240 of the Amended Complaint.

## NINTH CAUSE OF ACTION

241.     Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

242.     The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 242 of the Amended Complaint.  The Ninth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 242 of the Amended Complaint.

243.     The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 243 of the Amended Complaint, except Drs. Grossman and Brotman admit that they are generally involved with the terms of a physician's employment and compensation at NYU, and that Dr. Grossman was a signatory on Dr. Carmody's employment agreements, but Dr. Brotman denies that he was a signatory to Dr. Carmody's employment agreements, and Dr. Femia admits that he is involved with the terms of employment and compensation for physicians in the Department of Emergency Medicine, including with respect to Dr. Carmody.  The Ninth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them.  To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 243 of the Amended Complaint, except admit

that Drs. Grossman and Brotman are generally involved with the terms of a physician's employment and compensation at NYU and Dr. Femia is involved with the terms of employment and compensation for physicians in the Department of Emergency Medicine, including with respect to Dr. Carmody.

244. The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 244 of the Amended Complaint. The Ninth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 244 of the Amended Complaint.

## TENTH CAUSE OF ACTION

245. Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

246. The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 246 of the Amended Complaint. The Tenth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 246 of the Amended Complaint.

247. The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 247 of the Amended Complaint. The Tenth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 247 of the Amended Complaint.

248.     The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 248 of the Amended Complaint, except Drs. Grossman and Brotman admit that they are generally involved with the terms of a physician's employment and compensation at NYU, and that Dr. Grossman was a signatory on Dr. Carmody's employment agreements, but Dr. Brotman denies that he was a signatory to Dr. Carmody's employment agreements, and Dr. Femia admits that he is involved with the terms of employment and compensation for physicians in the Department of Emergency Medicine, including with respect to Dr. Carmody.  The Tenth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them.  To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 248 of the Amended Complaint, except admit that Drs. Grossman and Brotman are generally involved with the terms of a physician's employment and compensation at NYU and Dr. Femia is involved with the terms of employment and compensation for physicians in the Department of Emergency Medicine, including with respect to Dr. Carmody.

249.     The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 249 of the Amended Complaint.  The Tenth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 249 of the Amended Complaint.

## ELEVENTH CAUSE OF ACTION

250.     Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

251. The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 251 of the Amended Complaint. The Eleventh Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 251 of the Amended Complaint.

252. The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 252 of the Amended Complaint. The Eleventh Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 252 of the Amended Complaint.

253. The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 253 of the Amended Complaint, except Drs. Grossman and Brotman admit that they are generally involved with the terms of a physician's employment and compensation at NYU, and that Dr. Grossman was a signatory on Dr. Carmody's employment agreements, but Dr. Brotman denies that he was a signatory to Dr. Carmody's employment agreements, and Dr. Femia admits that he is involved with the terms of employment and compensation for physicians in the Department of Emergency Medicine, including with respect to Dr. Carmody. The Eleventh Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 253 of the Amended Complaint, except admit that Drs. Grossman and Brotman are generally involved with the terms of a physician's employment and compensation at NYU and Dr. Femia is involved with the terms of employment

and compensation for physicians in the Department of Emergency Medicine, including with respect to Dr. Carmody.

254.     The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 254 of the Amended Complaint.  The Eleventh Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 254 of the Amended Complaint.

### TWELFTH CAUSE OF ACTION

255.     Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

256.     The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 256 of the Amended Complaint.  The Twelfth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 256 of the Amended Complaint.

257.     The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 257 of the Amended Complaint, except Drs. Grossman and Brotman admit that they are generally involved with the terms of a physician's employment and compensation at NYU and that Dr. Grossman was a signatory on Dr. Carmody's employment agreements, but Dr. Brotman denies that he was a signatory to Dr. Carmody's employment agreements, and Dr. Femia admits that he is involved with the terms of employment and compensation for physicians in the Department of Emergency Medicine, including with respect to Dr. Carmody.  The Twelfth Cause of Action is not asserted against Dr. Francois or Dr. Abramson,

and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 257 of the Amended Complaint, except admit that Drs. Grossman and Brotman are generally involved with the terms of a physician's employment and compensation at NYU and Dr. Femia is involved with the terms of employment and compensation for physicians in the Department of Emergency Medicine, including with respect to Dr. Carmody.

258.    The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 258 of the Amended Complaint. The Twelfth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 258 of the Amended Complaint.

259.    The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 259 of the Amended Complaint. The Twelfth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 259 of the Amended Complaint.

### THIRTEENTH CAUSE OF ACTION

260.    Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

261.    Defendants deny the allegations in paragraph 261 of the Amended Complaint.

262.    Defendants deny the allegations in paragraph 262 of the Amended Complaint.

263.    Defendants deny the allegations in paragraph 263 of the Amended Complaint.

264.    Defendants deny the allegations in paragraph 264 of the Amended Complaint.

265. Defendants deny the allegations in paragraph 265 of the Amended Complaint.

266. Defendants deny the allegations in paragraph 266 of the Amended Complaint.

267. Defendants deny the allegations in paragraph 267 of the Amended Complaint.

268. Defendants deny the allegations in paragraph 268 of the Amended Complaint.

## FOURTEENTH CAUSE OF ACTION

269. Defendants incorporate herein their responses to the preceding paragraphs as if fully set forth herein.

270. The NYU Defendants and Dr. Femia deny the allegations in the first, second and third sentences in paragraph 270 of the Amended Complaint, except admit that Dr. Femia had discussions with Dr. Carmody regarding the terms of her employment as the Vice Chair, but they deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence in paragraph 270 of the Amended Complaint, and therefore leave Dr. Carmody to her proof. Dr. Grossman and Dr. Brotman deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270 of the Amended Complaint, and therefore leave Dr. Carmody to her proof. The Fourteenth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270 of the Amended Complaint, and therefore leave Dr. Carmody to her proof.

271. The NYU Defendants, Dr. Femia, Dr. Grossman and Dr. Brotman deny the allegations in paragraph 271 of the Amended Complaint. The Fourteenth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them.

To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 271 of the Amended Complaint.

272.    The NYU Defendants, Dr. Femia, Dr. Grossman and Dr. Brotman deny the allegations in paragraph 272 of the Amended Complaint, except admit that the NYU Faculty Handbook references the Code of Ethical Conduct and the NYU Non-Discrimination and Anti-Harassment Policy and Complaint Procedures for Employees and that these policies applied to Dr. Carmody.  The Fourteenth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them.  To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 272 of the Amended Complaint, except admit that the NYU Faculty Handbook references the Code of Ethical Conduct and the NYU Non-Discrimination and Anti-Harassment Policy and Complaint Procedures for Employees.

273.    The NYU Defendants, Dr. Femia, Dr. Grossman and Dr. Brotman deny the allegations in paragraph 273 of the Amended Complaint.  The Fourteenth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 273 of the Amended Complaint.

274.    The NYU Defendants, Dr. Femia, Dr. Grossman and Dr. Brotman deny the allegations in paragraph 274 of the Amended Complaint.  The Fourteenth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 274 of the Amended Complaint.

275.    The NYU Defendants, Dr. Femia, Dr. Grossman and Dr. Brotman deny the allegations in paragraph 275 of the Amended Complaint, and they aver that Dr. Carmody resigned

from her employment. The Fourteenth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 275 of the Amended Complaint, and they aver that Dr. Carmody resigned from her employment.

276.    The NYU Defendants, Dr. Grossman, Dr. Brotman and Dr. Femia deny the allegations in paragraph 276 of the Amended Complaint, except Drs. Grossman and Brotman admit that they are involved with the terms of a physician's employment and compensation at NYU, including Dr. Carmody, and Dr. Femia admits that he is involved with the terms of employment and compensation for physicians in the Department of Emergency Medicine, including with respect to Dr. Carmody. The Fourteenth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 276 of the Amended Complaint, except admit that Drs. Grossman and Brotman are involved with the terms of a physician's employment and compensation at NYU, including Dr. Carmody, and Dr. Femia is involved with the terms of employment and compensation for physicians in the Department of Emergency Medicine, including with respect to Dr. Carmody.

277.    The NYU Defendants, Dr. Femia, Dr. Grossman and Dr. Brotman deny the allegations in paragraph 277 of the Amended Complaint. The Fourteenth Cause of Action is not asserted against Dr. Francois or Dr. Abramson, and therefore no response is required from them. To the extent a response is required, Dr. Francois and Dr. Abramson deny the allegations in paragraph 277 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny that Dr. Carmody is entitled to any of the relief requested in the Prayer for Relief on pages 83-84 of the Amended Complaint or to any other relief.

## GENERAL DENIAL

Defendants deny each and every allegation in the Amended Complaint that is not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Defendants assert the following affirmative and other defenses to the claims in the Amended Complaint. Defendants reserve the right to modify, add to or supplement their defenses based upon the discovery in this case.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Any alleged differential in Dr. Carmody's compensation was a differential based on any factor other than gender.

## THIRD DEFENSE

Subject to proof through discovery, Dr. Carmody's claims are barred in whole or in part by the doctrines of unclean hands, waiver and/or estoppel.

## FOURTH DEFENSE

The NYU Defendants acted at all times in good faith and consistently maintained, implemented and enforced a policy against discrimination and retaliation, and otherwise exercised reasonable care to prevent and correct promptly any discrimination or retaliation to which Dr. Carmody claims she was subjected. Dr. Carmody unreasonably failed to take advantage of

preventative and corrective opportunities provided by the NYU Defendants or to avoid harm otherwise.

## FIFTH DEFENSE

In the event that Dr. Carmody can demonstrate that her gender or any purported protected activity was a motivating factor in any alleged employment decision that she challenges, she is not entitled to money damages or other relief because Defendants would have taken the same action in the absence of any such impermissible factor.

## SIXTH DEFENSE

Any emotional distress allegedly suffered by Dr. Carmody was not caused by Defendants or any agents of Defendants.

## SEVENTH DEFENSE

Subject to proof through discovery, Dr. Carmody's request for relief or damages is barred in whole or in part by the after-acquired evidence defense.

## EIGHTH DEFENSE

Subject to proof through discovery, Dr. Carmody's claims for monetary relief are barred, in whole or in part, because she has not appropriately or adequately mitigated her purported damages.

## NINTH DEFENSE

Defendants acted in good faith and without malice, willfulness or evil intent, including, but not limited to, in connection with any employment decision and when any Defendant made an alleged defamatory statement about Dr. Carmody.

## TENTH DEFENSE

The statements that Dr. Carmody she challenges as defamatory were true when made.

## ELEVENTH DEFENSE

To the extent applicable, the statements that Dr. Carmody challenges as defamatory were statements of opinion.

## TWELFTH DEFENSE

Dr. Carmody's defamation claim is subject to and barred by a qualified privilege.

## THIRTEENTH DEFENSE

Dr. Carmody's claims are barred in whole or in part by the applicable statute of limitations.

## FOURTEENTH DEFENSE

To the extent applicable, the NYU Defendants are not vicariously liable for any punitive or liquidated damages.

## FIFTEENTH DEFENSE

To the extent applicable, the individuals who were involved with any alleged adverse employment decisions with respect to Dr. Carmody did not have records of discriminatory conduct.

## SIXTEENTH DEFENSE

Dr. Carmody's demand for punitive damages against the NYU Defendants is barred, in whole or in part, because the NYU Defendants made good faith efforts to comply with anti-discrimination and anti-harassment laws at all times, and have adopted, publicized, and enforced policies against the type of discrimination and retaliation alleged in the Amended Complaint.

## SEVENTEENTH DEFENSE

To the extent applicable with respect to Dr. Carmody's claims against the NYU Defendants under the NYCHRL, the NYU Defendants are not liable or responsible for any punitive damages in accordance with § 7-108(13)(d)-(e) of the NYCHRL.

## **EIGHTEENTH DEFENSE**

Drs. Grossman, Brotman and Femia cannot be liable for any alleged breach of contract because they were not parties to any purported contract with Dr. Carmody.

**WHEREFORE**, the Defendants respectfully request that the Court enter judgment (a) dismissing the Amended Complaint with prejudice; (b) awarding to Defendants their attorneys' fees and expenses incurred in connection with this lawsuit; and (c) granting to Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 12, 2022

CERASIA LAW LLC

By_____
    Edward Cerasia II
    Alison L. Tomasco
One Liberty Plaza
165 Broadway, 23rd Floor
New York, New York 10006
646.525.4231
ed@cdemploymentlaw.com
alison@cdemploymentlaw.com

Attorneys for Defendants