UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                         :

KRISTIN A. CARMODY, M.D., M.H.P.E,     :

         Plaintiff,                      :

     -against-                       :

                                            :   21-CV-08186 (LGS)
NEW YORK UNIVERSITY; NYU GROSSMAN  :
SCHOOL OF MEDICINE; NYU LANGONE     :
HOSPITALS; ROBERT I. GROSSMAN, M.D.; :
FRITZ FRANCOIS, M.D.; STEVEN B.       :
ABRAMSON, M.D.; ANDREW W. BROTMAN, :
M.D.; and ROBERT J. FEMIA, M.D.,        :

         Defendants.                 :
-------------------------------------------------------------x

## STIPULATED CONFIDENTIALITY
## AGREEMENT AND PROTECTIVE ORDER

LORNA G. SCHOFIELD, U.S.D.J.:

       WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic or competitively sensitive information produced or disclosed in connection with discovery or other proceedings in this action (the "Action");

       WHEREAS, the Parties, through counsel, agree to the following terms; and

       WHEREAS, this Court finds good cause exists for issuance of a protective order in this Action;

       IT IS HEREBY ORDERED that any person subject to this Order — including, without limitation, the Parties (including their respective corporate parents, affiliates, successors, and assigns), each Party's representatives, agents, experts and consultants, all third parties providing discovery in

this Action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

1. IT IS HEREBY STIPULATED AND AGREED, by and between the Parties to this lawsuit, through their respective counsel, that this Stipulation and Order governs the use and handling of documents, exhibits, deposition testimony, interrogatory answers, responses to requests for admission, video and audio tapes and other information and documentation, including all copies, excerpts and summaries thereof (collectively, "Material"), produced by any Party to another Party in connection with the above-captioned lawsuit (the "Action").

2. Any Party may designate as "Confidential" and/or redact non-public Material or information that it produces in response to document requests or interrogatories served in this Action, or other discovery obligations herein, when such Party in good faith believes that the Material contains sensitive security, safety, financial, personal, medical, commercial or proprietary business information relating to such Party and/or that Party's current or former patients, agents, and/or employees ("Confidential Material").

3. Information is not Confidential and/or redactable if it has been publicly or otherwise disclosed by means not constituting a breach of this Order. Nothing in this Order shall affect or restrict the rights of any Party with respect to its own documents or information produced or provided as Material in this Action.

4. Material that is designated as "Confidential Material" shall be used only for the purpose of the Action (including appeals, if any), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph 1, as set forth in subparagraphs (a) and (b) below.

(a) Confidential Material and all copies, excerpts, or summaries thereof, may be disclosed, revealed, or otherwise made known, for the purposes set forth above, only to:

    (i) the Parties,

    (ii) counsel of record including employees working as agents of outside counsel, if any, in connection with this litigation;

    (iii) other counsel for the Parties in this litigation;

    (iv) the litigation forums in which the Action may proceed (including the Court, court reporters, and stenographic reporters); and

    (v) witnesses, experts, contractors, agents, and consultants (each, individually, a "Non-party") in preparation for or in pre-trial or trial proceedings relating to the Action.

6. Before disclosing any Material designated as "Confidential Material" to any person referred to in subparagraph 1(a) above, counsel must provide a copy of this Order to such person, who must sign the Non-Disclosure Agreement annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Each Non-party referred to in subparagraph 1(a) above given access to Confidential Material pursuant to the terms hereof shall be advised that (a) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof; and (b) that the violation of the terms of this Order (by use of the Confidential Material in any impermissible manner) may constitute a violation of a Court order. Before a Non-party is given access to Confidential Material, he/she must read and agree in writing to be bound by the provisions of this Order.

Each Party and its respective counsel agree to immediately notify counsel for all other Parties if it obtains knowledge or information that a Non-party is about to disclose, or has disclosed, Confidential Material to persons who have not agreed to be bound by the provisions of this Order.

7. Documents not marked "Confidential" that a Party produced prior to the execution of this Stipulation will be treated as Confidential Material, so long as the producing Party identifies by Bates stamp number to the other Party those documents that are to be treated as Confidential and/or stamped the documents as "Confidential" to denote the designation.

8. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production. Confidential material may also or alternatively be designated as such by applying redactions.

(b) In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or within two weeks after such deposition has been transcribed and received by counsel for the Parties. When designation of Confidential Material has been made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and Confidential Material, and the reporter shall place the appropriate legend on the cover of the Confidential portions of the transcript if requested to do so by the Party making such statement. The signatories to this Stipulation and Order may modify this procedure for any particular deposition through agreement on the record at such deposition or within a reasonable time after the conclusion thereof, without a further order of the Court.

9. (a) The signatories hereto may at any time, on reasonable notice not less than two business days, move for (i) modification of this Stipulation and Order or (ii) relief from the provisions of this Stipulation and Order with respect to specific Material (subject to the terms of paragraph 9(b), below).

(b) The Party that has not produced the Confidential Material shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If the Party that has not produced the Confidential Material challenges such designation, it shall send or give notice to counsel for the other Parties, and counsel for the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, any Party may, on reasonable notice of not less than two business days, apply for appropriate ruling(s) from the Court. In the event of such application, the burden will be on the proponent of confidentiality to satisfy the standards for a protective order set out in the Federal Rules of Civil Procedure and applicable case law.

10. Any reproductions, summaries, or abstracts of Confidential Material shall be treated in the same manner as the originals.

11. (a) This Stipulation and Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this Action. At the conclusion of this litigation, each Party shall return promptly to its own counsel all Confidential Material. Similarly, a Non-party who has agreed in writing to be bound by this Stipulation and Order shall promptly return to the counsel who provided such Confidential Material for the Non-party's review all such Confidential Material in the Non-party's possession.

(b) Within sixty (60) days after final termination of this action, including all appeals, each Party shall either (a) return all Confidential Material to the producing Party (including

any copies, extracts or summaries thereof or documents containing information taken therefrom, but excluding any materials that in the judgment of counsel reflect the work product of the recipient) or (b) destroy all such material.  Counsel retained by the Parties specifically for this Action may retain Confidential Material for archival purposes in their office files, but any retained Confidential Material shall remain subject to the terms of this Stipulation and Order.

        (c)    Notwithstanding the return and/or destruction of any Confidential Material, the Parties shall be bound by the terms of this Stipulation and Order.  The Parties acknowledge that any violation of this Stipulation and Order is a sanctionable violation of the Court's order.

        12.    Pursuant to Fed. R. Evid. 502(d), it is expressly recognized that inadvertent production by any Party of privileged matters shall not be deemed to be either: (a) a general waiver of the attorney-client privilege, the work product doctrine, the physician-patient privilege, or any other recognized privilege or (b) a specific waiver of any such privilege with respect to documents being produced or the testimony given.  Notice of any claim of privilege as to any document claimed to have been produced inadvertently shall be given within a reasonable period of time after discovery of the inadvertent production and the notice shall include a statement of the basis for the producing Party's contention that the material is privileged.  This written notice shall be deemed to comply with the producing Party's obligation to take reasonable steps to rectify disclosure pursuant to Federal Rule of Evidence 502(b)(3), and the parties hereby incorporate the procedures and protections of Federal Rule of Evidence 502, including subpart (d).  On request by the producing Party, all inadvertently produced Material as to which a claim of privilege or work product protection is asserted and any copies thereof shall be returned promptly.  The Parties recognize that the protection under this paragraph 8 is stricter than that provided for under Fed. R. Civ. P. 26(b)(5)(B).

        a.    Notwithstanding the foregoing, if a receiving Party receives notice of an inadvertent production, it shall have five (5) business days to give written

>>notice to counsel of record that it challenges such assertion. If the receiving Party does not challenge the assertion of privilege within the five-business-day period, it will be deemed to have waived its claim that the material is not privileged. If the receiving Party gives notice that it challenges the assertion of privilege within the five-business-day period, the producing Party shall have ten (10) business days from the date of the notice of challenge to apply to the Court to resolve the dispute. If the producing Party fails to apply to the Court within the ten-business-day period, it will be deemed to have waived its claim of inadvertent production. The produced material at issue shall be returned by the receiving Party until the resolution of the dispute. If the Court determines — or the Parties otherwise agree — that the disputed material is not privileged, the producing Party shall return such material immediately.

> b. Nothing in this paragraph shall increase or diminish the rights of a Party to contest, or the manner in which such Party may contest, such privilege claim to the extent and in the manner permitted by law.

13. Confidential Material that is disclosed to the Court must be filed under seal, in accordance with the procedures described in Section I.C.3 of this Court's Individual Rules and Procedures for Civil Cases. This Stipulation and Order does not, by itself, authorize the filing of any document under seal. Notwithstanding any other provision of this Order, documents and things may not be filed under seal with the Clerk of this Court unless such sealing is authorized by a separate order upon an express finding that the documents or things, or portions thereof to be sealed, satisfy the requirements for sealing under *Lugosch v. Pyramid of Onondaga*, 435 F.3d 110 (2d Cir. 2006). If a Party wishes to file in the public record a document that a producing Party has designated as Confidential, the Party must advise the producing Party of the document no later than five (5) business

days before the document is due to be filed, so that the producing Party may move the Court to require the document to be filed under seal.

13. This Order shall become effective as a stipulation among the Parties immediately upon its execution, and may be executed in counterparts and by facsimile.

14. Counsel executing this Order warrant and represent that they are authorized to do so on behalf of themselves and their respective clients.

Respectfully submitted,

| HOGUET NEWMAN REGAL & KENNEY, LLP | CERASIA LAW LLC |
|---|---|
| By _____ | By _____ |
| Damian R. Cavaleri | Edward Cerasia II |
| Fiona M. Carmody | Alison L. Tomasco |
| One Grand Central Place | One Liberty Place |
| 60 East 42nd Street, 48th Floor | 165 Broadway, 23rd Floor |
| New York, New York 10165 | New York, New York 10006 |
| (212) 689-8808 | (646) 525-4231 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| Dated: June 13, 2022 | Dated: June 13, 2022 |

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

SO ORDERED.

Dated: June 14, 2022
   New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE