## cerasia law llc
### employment lawyers

Edward Cerasia II
646.525.4231
ed@cdemploymentlaw.com

By **July 29, 2022**, Plaintiff shall file a response to this letter, and Defendants shall file a response to Plaintiff's letter at Docket No. 39. In Defendants' letter, they shall identify any information in Plaintiff's filings at Docket No. 39 that require confidential treatment.

**BY ECF**

SO ORDERED.

Dated: July 27, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

The Honorable Lorna G. Schofield
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Dr. Carmody v. NYU, et al.*, 21-CV-8186 (LGS-VF)

Dear Judge Schofield:

We represent the defendants in this case.  In accordance with Your Honor's Individual Rules and Practices in Civil Cases, we respectfully submit this letter to request a pre-motion conference to resolve discovery disputes with respect to (1) defendants' request to inspect the original diaries prepared by plaintiff Dr. Kristin Carmody (she has produced copies) and (2) Dr. Carmody's refusal to disclose the identity of any individual(s) who (a) provided her with audio recordings of meetings conducted at NYU Langone by some of the individually-named defendants and (b) provided her with confidential and privileged quality assurance medical review documents prepared by NYU Langone.  We have conferred in good-faith with Dr. Carmody's attorneys, by telephone and in writing, concerning these disputes, but have been unable to resolve them without Your Honor's intervention.

Dr. Carmody's Diaries:  Prior to our taking Dr. Carmody's deposition on June 21, 2022, she produced to defendants a copy of a diary with entries from November 30, 2020 through March 29, 2022 ("Diary One").  November 30, 2020 is a key date in this case, as it is the day on which Dr. Carmody was involved with rendering medical treatment to a patient and falsified the patient's medical records (she attested to and entered notes confirming she conducted a physical examination of the patient, but she admittedly did not conduct that examination), and thus the circumstances that lead to NYU's decision to give her the option to resign from her employment in lieu of termination.  She resigned on December 6, 2020.  To defendants' surprise, Dr. Carmody testified that she had maintained a diary from early-2020, and that Diary One was only part of her entire diary entries.  Consequently, defendants requested that Dr. Carmody produce her entire diary entries, given that she asserts discrimination claims covering at least the time period of all of 2020.  While her counsel lodged an objection on the ground that the pre-November 30, 2020 diary entries were irrelevant, Dr. Carmody eventually produced the pre-November 30 diary entries ("Diary Two").  Upon review of Diary One and Diary Two, defendants promptly requested that Dr. Carmody's counsel make the originals of both diaries available to us for "inspection" because we have good-faith concerns about the genuineness of the entries.  Our concerns are based in part on the fact that the last entry in Diary Two (November 24, 2020) is written in what appears to be

One Liberty Plaza | 165 Broadway, 23rd Floor | New York, New York 10006 | 646.525.4235
101 Eisenhower Parkway, Suite 300 | Roseland, New Jersey 07068 | 973.786.1368

www.cdemploymentlaw.com

The Honorable Lorna Schofield
July 25, 2022
Page 2

a bound, ruled notebook with several pages coming after that last entry date, while the first entry in Diary One from November 30 (and many thereafter), appear on pages that have a calendar format with the days of the week listed on the pages.  Defendants invite the Court to review the diaries *in camera* to see the differences underlying defendants' concerns and questions, which are especially relevant in this case as Dr. Carmody's employment ended as a result of her falsifying a patient record.  In any event, the defendants' request for the inspection of the originals of Diary One and Diary Two is plainly permitted by Fed. R. Civ. P. 34, and is not an onerous request.  Indeed, it simply will involve us going to opposing counsel's office to review the original diaries.  Dr. Carmody has objected to any inspection, however, on the ground that defendants' *original* request for production of documents did not seek to inspect original documents, that we have not provided "evidence" to support our concerns about the genuineness of the diaries, and that such inspection is "unduly burdensome."  We submit that those objections are unfounded.  Therefore, the defendants respectfully request an order from the Court directing Dr. Carmody to provide the originals of Diary One and Diary Two for defendants' inspection at a mutually-agreeable time.

        Dr. Carmody's Refusal to Identify Witnesses:  In response to the defendants' request for documents, Dr. Carmody produced three audio recordings of meetings held at NYU Langone, as well as copies of emails and NYU's Root Cause Analysis Summary ("RCA Summary") underlying the patient care at issue in this lawsuit.  Dr. Carmody, however, has refused to provide defendants with the name(s) of the individual(s) who recorded the meetings and/or provided the recordings to her, as well as the name(s) of any individual(s) who provided her (and her husband) with the emails that included the RCA Summary, on the ground that the identify of any such individual(s) is "privileged."  Defendants seek this information in order to understand the identify of potential witnesses in the case, including to ascertain whether the audio recordings are authentic and/or were edited in any manner and relating to the credibility of such witness(es).  *See* Fed. R. Evid. 608. In addition, the RCA Summary at issue is a privileged and confidential document prepared in connection with a quality assurance medical review and to address patient safety-related issues, and which NYU reports to its outside patient safety organization.  As such, it is protected from outside disclosure under the Patient Safety and Quality Improvement Act.  *See Morshed v. St. Barnabas Hosp.*, 2017 U.S. Dist. LEXIS 19610, at *7-8 (S.D.N.Y. Feb. 10. 2017) (noting that PSQIA "creates a federal privilege" for root causes analyses "that a health care provider assembles and reports to a patient safety organization").  Consequently, no employee of NYU had the right to disclose the RCA Summary outside of those involved with the RCA at issue (or even outside of NYU).  To the extent that such individual is one of Dr. Carmody's witnesses, defendants are entitled to know the identity of the individual(s), given that, at the very least, the individual's unauthorized disclosure of the RCA Summary goes to issues of credibility or bias of such individual(s).  We also note that, in her Rule 26 Initial Disclosures, Dr. Carmody generically identified "[a]ny and all current and former employees of the Department of Emergency Medicine" at NYU "between 2015-present," without listing any specific witness by name (other than the individual defendants).  Thus, the defendants are left to guess the identity of potential witnesses – and there would be hundreds of them.  The Federal Rules, however, do not permit Dr. Carmody to hide such information.  Defendants respectfully submit that there is no valid "privilege" to shield the identity of any witness who made audio recordings, who gave recordings to Dr. Carmody and/or who disclosed NYU's privileged patient-related documents or any other documents to Dr.

165 Broadway, 23rd Floor   |   New York, New York 10006   |   646.525.4235
101 Eisenhower Pkwy, Suite 300   |   Roseland, New Jersey 07068   |   973.786.1368

www.cdemploymentlaw.com

The Honorable Lorna Schofield
July 25, 2022
Page 3

Carmody.  Therefore, the defendants respectfully request that the Court order Dr. Carmody to disclose the name(s) of any individual previously withheld from Defendants based on her assertion of "privilege."

      Defendants look forward to addressing and resolving these issues with Your Honor, and please let us know if Your Honor needs any additional information or wants to review the diaries *in camera*.

                        Respectfully submitted,

                        CERASIA LAW LLC

                        *Edward Cerasia II* (signature)

                        Edward Cerasia II

cc:    All Counsel of Record (By ECF)

165 Broadway, 23rd Floor  |  New York, New York 10006  |  646.525.4235
101 Eisenhower Pkwy, Suite 300  |  Roseland, New Jersey 07068  |  973.786.1368

www.cdemploymentlaw.com