
dcavaleri@hnrklaw.com

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Carmody v. New York University, et al., No. 1:21-cv-8186 (LGS)

Dear Judge Schofield,

Pursuant to the Court's Individual Rules and in advance of the pre-motion conference set for August 17, 2022, Plaintiff writes to respectfully request an adverse inference against Defendants as a sanction for their failure and refusal to meet their discovery obligations by withholding an entire category of relevant documents: text messages.

## Background

Defendants destroyed Plaintiff's life by abruptly terminating her employment in violation of the law and Defendants' own policies and in retaliation for speaking out against Defendants' discriminatory and oppressive practices against herself and others. Plaintiff—a doctor who worked the frontlines of a global pandemic and who excelled as a renowned academic researcher and beloved professional mentor—has been forced to restart her career as a result of Defendants' illegal actions. Yet starting over has been rendered impossible by Defendants' ongoing disparagement of Plaintiff throughout the medical field, destroying her reputation. Defendants' pattern of quashing advocacy and systematically avoiding rules of conduct has carried over to this very action, where Defendants have engaged in numerous attempts to avoid discovery obligations aimed at full disclosure of relevant documents and information. Following testimony elicited during recent depositions taken in this case, it has become clear that Defendants have taken this practice so far as to categorically refuse to comply with their obligations to preserve, search for, collect, and produce relevant communications by text message.

## Legal Standard

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes a court to impose sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Sanctions may be imposed upon a party or counsel who deliberately fails to make a disclosure required by Rule 26(a), Fed. R. Civ. P. 37(a)(2)(A), or who provides an evasive or incomplete disclosure. Fed. R. Civ. P. 37(a)(3). "Even in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106 (2d Cir.



2002). Where the alleged breach of a discovery obligation involves the non-production of evidence, the Second Circuit has held that the district courts have broad discretion in fashioning an appropriate sanction. *Id.* at 107.

Among the sanctions available under Rule 37(b)(2) are the issuance of an order that certain designated facts be taken as established in accordance with the claim of the party obtaining the order. Fed. R. Civ. P. 37(b)(2)(A). A party seeking an adverse inference instruction sought on the basis that the evidence was not produced in time for use at trial must show "(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produced the evidence had 'a culpable state of mind;' and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential*, 306 F.3d at 107.

### **Mandatory Adverse Inference Would Appropriately Sanction Defendants' Repeated Obstruction**

*First*, Defendants had an obligation to timely collect, review and produce relevant text messages in response to Plaintiffs' Requests. Plaintiff's First Set of Requests for Production served upon Defendants on January 17, 2022 (the "Requests") defined "documents" to include text messages, and Defendants did not object to their production. In discussions with Defendants, the parties identified the individual Defendants and Drs. Catherine Jamin and Dr. Christopher Caspers as custodians from whom documents, including text messages, should have been collected. While email data appears to have been collected from these individuals, there is no indication that text message data was collected and processed for review and production.

*Second*, Defendants have demonstrated a culpable mindset while obstructing discovery by repeatedly refusing to search for, collect, and produce relevant communications and failing to provide Plaintiff with information about their collection process for text messages, if any, despite repeated requests. At present, Plaintiff still does not know if any of the custodians' phones were imaged, their text messages collected, and then processed using the parties' agreed-upon search terms. The Second Circuit has held that determining a culpable state of mind for the failure to produce relevant evidence is a case-by-case approach. Specifically, "[s]uch failures occur along a continuum of fault – ranging from innocence through the degrees of negligence to intentionally." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). Defendants' misconduct here is at least negligent, if not intentionally obstructive.

Rolling productions began on March 14, 2022. By the time depositions began in June, Defendants had produced *zero* text message communications despite receiving over 1000 pages of text messages from Plaintiff's personal phone (which included relevant text messages and group chats with Defendants). Numerous custodians—including but not limited to the individual Defendants—testified during their depositions that they had conducted relevant communications via text message. *See* **Exhibit B** (Francois Dep.) at 25:8-12 (confirming exchange of text messages on work-related matters with at least three other Defendants and/or on relevant issues with third parties); **Exhibit C** (Brotman Dep.) at 15:11-13, 16:15-17, 16:25-17:5, 93:25-94:7 (same); **Exhibit D** (Grossman Dep.) at 118:10-22 (same); **Exhibit G** (Femia Dep.) at 181:2-12, 184:10-12 (same); **Exhibit E** (Jamin Dep.) at 90:19-92:6 (same); **Exhibit F** (Abramson Dep.) at



72:16-22 (same). In fact, Dr. Femia engaged in a text message conversation that inadvertently included Plaintiff following her termination to ask for help from the other Vice Chairs to address resident concerns about her termination; while Plaintiff has the inadvertent text messages, Defendants failed to produce the chain that followed. *See* **Exhibit A**. To date, Defendants have only produced two screenshots of text message correspondence, which were produced in response to Plaintiff's specific post-deposition requests. It is unfathomable that this was all that would have resulted from a meaningful collection, search, and review process.

Plaintiff's counsel questioned Defendants' counsel about their text message search process multiple times over email and during meet-and-confers to no avail, receiving ambiguous answers about searches conducted by "NYU IT" (*see* **Exhibit H**) or processes developed by an out-of-office associate.[1] Furthermore, counsel refused to allow Defendants to respond as to the collection and search process for these relevant text messages. *See* **Exhibit B** (Francois Dep.) at 22:2-15; **Exhibit G** (Femia Dep.) at 184:18-20; **Exhibit D** (Grossman Dep.) at 190:1-13, 192:12-15. To the extent a search review process was conducted at all, deposition testimony clarified that it had been through the improper method of self-collection only. *See* **Exhibit G** (Femia Dep.) at 184:22-186:12; **Exhibit E** (Jamin Dep.) at 92:9-93:4; **Exhibit D** (Grossman Dep.) at 192:25-193:14; *see also Thomas v. City of New York,* 336 F.R.D. 1, 5 (E.D.N.Y. 2020) (granting motion to compel chat messages where "[d]efendants' counsel . . . rel[ied] on their client's statements" to collect them). And even *this* improper process was evidently not employed in a streamlined manner across custodians. *See*, *e.g.*, **Exhibit F** (Abramson Dep.) at 221:21-25. Plaintiff continued to inquire into Defendants' text message search process right through the very last deposition in the case, following up for the last time on August 2, 2022. *See* **Exhibit I.** But Defendants' counsel stopped responding to inquiries on this issue as the close of discovery approached, effectively running out the time for production to avoid their obligation altogether.

*Third*, Plaintiff only sought responsive text messages to her Requests, and therefore only those relevant to the case.

Plaintiff requests that this Court impose a mandatory adverse inference in connection with unproduced text messages to sanction Defendants' failure to properly preserve, collect and search for a relevant category of documents. Defendants' determination to keep the relevant documents from view suggests that the same would be highly damaging to Defendants' case, and recognition of the same is an appropriate remedy for their misconduct.

Dated: August 9, 2022                                      Respectfully submitted,

---

[1] During a July 21, 2022 meet-and-confer, counsel stated that Plaintiff's request for text messages was a "fair point," but that he would have to "go[] back to double-check" the process with an out-of-office colleague "in charge" of it to find out what happened. No further information was ever provided to Plaintiff, despite repeated requests.



Damian R. Cavaleri

cc: All counsel of record (*via ECF*)