# cerasia law llc
### employment lawyers

Edward Cerasia II
646.525.4231
ed@cdemploymentlaw.com

August 16, 2022

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Dr. Carmody v. NYU, et al.*, 21-CV-8186 (LGS-VF)

Dear Judge Schofield:

On behalf of the defendants, we respectfully submit this letter in response to plaintiff Dr. Kristin Carmody's August 9, 2022 request for a conference concerning a purported discovery dispute over text messages. Unfortunately, Dr. Carmody has created a dispute where none exists, because she cannot accept that the individual defendants and one non-party witness did not have text messages that she hoped would exist. The simple fact is that, to date, the defendants have produced to Dr. Carmody all of the responsive text messages they have located on the individual defendants' respective personal cell phones. To be clear: there was no "misconduct," and opposing counsel's bald accusations and request for an "adverse inference" sanction are specious and must be viewed as nothing short of trying to create a sideshow to mask the fact that the claims in this case lack merit, as the summary judgment motion will reveal.

Dr. Carmody's counsel has taken great liberties with the discovery record, as is his wont. Indeed, while opposing counsel claims – without any proof whatsoever – that defendants are "withholding . . . text messages," "have engaged in numerous attempts to avoid discovery obligations," or "categorically refuse to comply with their obligations to preserve, search for, collect and produce relevant communications by text message," (Pl.'s Letter at p.1), nothing is further from the truth. Exhibit H to his letter, which includes my July 14 email to Wendy Tsang, makes plan that defendants did in fact produce relevant text messages. In that email, I also "confirmed (and reconfirmed) in working with Dr. Femia and Dr. Jamin that they had no responsive text messages." Notably, Dr. Jamin, a non-party, made this clear during her deposition on July 22, which opposing counsel did not mention in his letter to Your Honor:

> Q: You don't have those texts because they were deleted?
> A: No, no. I went to look for them. I don't have them. I don't know if it's my phone or something, I don't have them.

(Pl. Exhibit E at 92: 19-23 and 92: 16-17 ("I checked, I don't have them.").) Further, my July 14 email stated "Dr. Brotman has no text messages, which we had NYU IT confirm." In addition, we produced Dr. Francois' text messages on July 6, (*see* Ex. H at p.4), and stated "[w]e have produced all responsive text messages from Dr. Francois," (*id*. at p.2). As it turned out, we received 3 pages

One Liberty Plaza | 165 Broadway, 23rd Floor | New York, New York 10006 | 646.525.4235
101 Eisenhower Parkway, Suite 300 | Roseland, New Jersey 07068 | 973.786.1368

www.cdemploymentlaw.com

of text messages from Dr. Francois on August 9 – well before knowing that Dr. Carmody filed her letter with the Court or even would do so – and produced those text messages on the morning of August 10.  We also had been working with Dr. Abramson and NYU IT as to his text messages, (*see* Ex. H. at p.2), and produced two of his responsive text messages on August 10.  Dr. Grossman has no responsive text messages, which we reconfirmed on August 10.  Opposing counsel jumped the gun in filing his letter a mere 4 business days after his office's last communication to us on this subject, (*see* Ex. I), and obviously while we were still working with our clients to determine if responsive text messages existed.

Dr. Carmody seems to suggest that a defendant has an obligation to image a cell phone for text messages, but defendants are unaware of any such obligation under the Federal Rules. In addition, at no time in discussing electronic-related discovery did the defendants agree to do so. The fact that Dr. Carmody may have done so voluntarily is of no moment.  Given that the individual defendants used text messaging sparingly, (*see* Ex. B at 21:14-16, 24:14-16; Ex. C at 15:11-13, 16:4-6 & 15-17, 17:3-5; Ex. F at 72:16-22, 221:8-20; Ex. G at 183:19-23, 184:2-8), it was more than appropriate to conduct a good-faith, manual search of their text messages on *their personal phones*, which counsel reviewed for responsiveness and produced (with some redactions for communications that had no relationship to Dr. Carmody or the subject matter of this lawsuit). This process was consistent with Your Honor's Individual Rules, as defendants handled the search for text messages in a manner that was "reasonably accessible without undue burden or cost" – particularly given that, to date, NYU has paid for well in excess of 260 hours for attorneys' time on e-discovery and over $63,000 for an e-discovery vendor in this case.  *See* Court's Indiv. R. II.1(c) & (d).  Requiring a forensic imaging of personal cell phones for the individual defendants or non-party custodians is not proportional to the needs of the case, and Dr. Carmody has not remotely carried her burden of showing that such imaging will produce any information that is relevant to the claims in the case.  *See Hardy v. UPS Ground Frieght, Inc.*, 2019 U.S. Dist. LEXIS 121277, at *11, 16 (D. Mass. July 22, 2019) (denying motion to compel forensic imaging of plaintiff's cell phone, relying on proportionality, relevance and privacy of personal cell phone data; "Courts have required that a movant make at least some effort, for example, by way of expert testimony or an affidavit, to show that this intrusive means of discovery is likely to yield the results sought."); *Bakhit v. Safety Marking, Inc.*, 2014 U.S. Dist. LEXIS 86761, at *6-10 (D. Conn. June 26, 2014) (denying plaintiff's motion for forensic imaging and inspecting cell phones as overly broad and too intrusive of individual defendants' personal phones).

Dr. Carmody's statement that, at depositions, we prevented the individual defendants from describing efforts to review their cell phones also misstates the record.  For instance, at Dr. Femia's deposition, I objected to questions about what Dr. Femia *provided to his attorneys*, but specifically stated that "[t]here's an appropriate way to ask him the question."  (Ex. H at 184: 17-20.) Immediately thereafter, Attorney Cavaleri asked "what actions" Dr. Femia took to review his cell phone for text messages, which he answered without any objection on work product or privilege grounds.  (*Id*. at 184: 22-25 - 185: 1-7.)  Thus, we did *not* "refuse[] to allow Defendants to respond [to properly framed questions] as to the collection and search process for [] relevant text messages," as opposing counsel now erroneously asserts in his letter.  (Pl.'s Letter at 3.)

165 Broadway, 23rd Floor   |   New York, New York 10006   |   646.525.4235
101 Eisenhower Pkwy, Suite 300   |   Roseland, New Jersey 07068   |   973.786.1368

www.cdemploymentlaw.com

The Honorable Lorna Schofield
August 16, 2022
Page 3

      Under these circumstances, Dr. Carmody's request for an "adverse inference" sanction is baseless for the simple fact that there are no "unproduced text messages" and there is absolutely no evidence that defendants "fail[ed] to properly preserve, collect and search" for messages. Contrary to her self-serving statements, NYU's in-house counsel issued four litigation preservation/hold notices to relevant custodians from April 2021 through the date of the filing of this litigation, which demonstrates prudent steps toward preservation. Then, during discovery, text messages were searched, collected, reviewed and produced as screenshots. All of this shows that Dr. Carmody's statement that "Defendants' determination to keep the relevant documents from view suggests that the same would be highly damaging to Defendants' case" is plainly baseless. Simply put, the defendants have not failed to produce responsive text messages and it is unfortunate that opposing counsel has sought to create a dispute where none exists. "[A]fter all, 'a party cannot be compelled to produce that which he does not have.'" *Stinson v. City of New York*, 2015 U.S. Dist. LEXIS 99797, at *17 (S.D.N.Y. July 23, 2015) (citation omitted).

      This is just another desperate attempt by Dr. Carmody to fish for some purported evidence of discrimination or retaliation after the seven depositions she has taken and over 12,000 pages of documents from defendants have revealed absolutely no such evidence. Consequently, the Court should deny Dr. Carmody's request for text messages that do not exist, let alone issue an "adverse inference" sanction for text messages that do not exist.

      Respectfully submitted,

      CERASIA LAW LLC

      */s/ Edward Cerasia II*

      Edward Cerasia II

cc:    All Counsel of Record (By ECF)