## cerasia law llc
### employment lawyers

Edward Cerasia II
646.525.4231
ed@cdemploymentlaw.com

November 11, 2022

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Dr. Carmody v. NYU, et al.*, 21-CV-8186 (LGS-VF)

Dear Judge Schofield:

On behalf of the Defendants, we respectfully submit this letter in response to Damian Cavaleri, Esq.'s November 4, 2022 letter to Your Honor requesting extraordinary and unjustified relief relating to Defendants' recent production of 28 screenshots of text messages on the phones of Dr. Robert Grossman and Dr. Fritz Francois (5 of the screenshots are duplicates), which were discovered only days before producing them. Attorney Cavaleri's self-serving accusations of "misrepresentations" by defense counsel and purported "prejudice" to plaintiff Dr. Kristin Carmody from these text messages have no basis in fact. We understand that they are upset with receiving these text messages after the close of discovery. We are too, and we never expected or wanted to be in that position. But, we produced the texts within two days of learning about and obtaining them from Drs. Grossman and Francois and, as those text messages show, they *fully support* the basis for defendants' motion for summary judgment. This leads us to believe that Dr. Carmody's attorneys seek to create a dispute where none exists. Attorney Cavaleri's bald accusations and request to deny outright Defendants' pending summary judgment motion and set an immediate trial date are specious and should be viewed as nothing short of trying to create a sideshow to mask the fact that the claims in this case lack merit, as the summary judgment motion demonstrates.

Attorney Cavaleri has made wild accusations and assumptions, as has been his wont throughout this case. Indeed, while Attorney Cavaleri claims that "[t]here was no search of the custodians' text messages," that Defendants "have refused to produce" text messages, that "Plaintiff is severely prejudiced" and that defense counsel has made "misrepresentations" about discovery on text messages, nothing is further from the truth. For starters, his letter ignores that my November 3 email to him made plain that "I personally reviewed" Dr. Grossman's new iPhone 14. In fact, I reviewed Dr. Grossman's text messages between March 2020 (one month before any alleged wrongful conduct by him) and the end of October 2021 (almost a month after the lawsuit was filed) with the other Individual Defendants and any other agreed-upon custodians. That review produced the screenshots of text messages produced as D_012594 through D_12609 (16 screenshots, with some duplication), *and nothing more*. As I also stated in my November 3 email, "[w]e previously understood in connection with defendants' discovery responses that Dr. Grossman did not have any text messages" and that, "[f]rom the best that we understand, these

One Liberty Plaza | 165 Broadway, 23rd Floor | New York, New York 10006 | 646.525.4235
101 Eisenhower Parkway, Suite 300 | Roseland, New Jersey 07068 | 973.786.1368

www.cdemploymentlaw.com

The Honorable Lorna Schofield
November 11, 2022
Page 2

messages did not load on his old iPhone when there was a prior review of the responsive text messages." (Atty. Cavaleri Letter, Ex. A.) Promptly upon discovering that Dr. Grossman had text messages with Dr. Francois – of which we were previously unaware – we went back to Dr. Francois and discovered that he had additional, responsive text messages. We produced the same text exchanges that Dr. Grossman had, along with 7 new screenshots of text messages that Dr. Francois had with Dr. Robert Femia and Dr. Catherine Jamin. For the reasons we will explain in Defendants' opposition to Dr. Carmody's motion for an adverse inference, which will be filed on December 6, neither Dr. Femia nor Dr. Jamin have those text messages. But, to be clear now: the facts will conclusively show that Dr. Femia and Dr. Jamin did not delete text messages with any intent to deprive Dr. Carmody from receiving them (to the extent they existed). And, Dr. Carmody now has Dr. Femia's texts with Drs. Grossman and Francois, and Dr. Jamin's texts with Dr. Francois (she did not have any with Dr. Grossman). Dr. Carmody also has texts messages that she had with Drs. Femia and Jamin.

Of course, no lawyer wants to learn that his or her clients have relevant discovery that was not previously located or produced. But, our prior representations about text messages were not "misrepresentations," as Attorney Cavaleri erroneously states. They were representations based on a good-faith understanding of what existed at the time. I take great exception to these accusations and can proudly state that, in my 31+ years of practice, this is the first time that any opposing counsel has made accusations of "misrepresentations" by me and the first time that I have been in a position of producing responsive documents after the close of discovery. I take my clients' discovery obligations seriously and my firm has worked hard in this case to gather and produce all responsive documents (over 12,600 pages), and we did not and would not ignore our obligations as officers of this Court. If Attorney Cavaleri's contention that the Defendants were seeking to hide discovery from Dr. Carmody was valid, then why would we have produced these text messages within two days after obtaining them from Dr. Grossman and Dr. Francois' iPhones? Defendants acknowledge that it was unfortunate that these text messages were produced after the close of discovery, and are sorry to be in this position, but we produced these messages promptly after we learned of them, as Fed. R. Civ. P. 26(e) requires.

Significantly, these new text messages – which are attached hereto (filed under seal) and probably take 3 minutes to read – show that there is no "prejudice" whatsoever to Dr. Carmody. Attorney Cavaleri does not and cannot explain how these text messages have "prejudiced and prevented [Dr. Carmody] from being provided with a fair opportunity to oppose Defendants' motion" for summary judgment. Tellingly, Attorney Cavaleri did not submit the new text messages with his letter, and we can only assume that he chose not to do so because none of those messages support Dr. Carmody's claims; rather, they fully support and are consistent with the facts in Defendants' summary judgment motion (which is another reason it would have been beneficial for Defendants to have known they exist). For instance, on December 5, 2020, Dr. Femia sent Dr. Grossman a text stating ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ That text makes crystal clear that Dr. Femia (and nobody else) made the decision. In addition, a December 26, 2020 text from EVP of Human Resources Nancy Sanchez to Dr. Grossman referenced ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Notably, those texts were transmitted over 4 months *before* Dr. Carmody first informed NYU that

165 Broadway, 23rd Floor  |  New York, New York 10006  |  646.525.4235
101 Eisenhower Pkwy, Suite 300  |  Roseland, New Jersey 07068  |  973.786.1368

www.cdemploymentlaw.com

she believed she was a victim of alleged gender discrimination or retaliation, and thus refute Attorney Cavaleri's assertion that they show "pretext."

Had Attorney Cavaleri asked us before running to Your Honor with his self-serving statement that "Plaintiff lost confidence in Defendants' representation that these are the only text messages for Dr. Grossman and Dr. Francois and that they did not communicate about other issues that are relevant to this Action prior to early December 2020," we would have clarified that the recent search for text messages covered the time period between March 2020 and the end of October 2021, was a search for any text messages with the other Individual Defendants and previously agreed-upon custodians, and that Defendants believe that they have produced all responsive and available text messages concerning the subject matters mentioned in the Amended Complaint and during the relevant time period. When Defendants respond to Dr. Carmody's motion for an adverse inference on December 6, it will be clear that there was no intentional deletion of any text messages by the Individual Defendants (or any custodian) with the intent to deprive Dr. Carmody of evidence. In fact, as I stated in my November 3 email, Dr. Grossman and Dr. Francois have *not* deleted text messages during the relevant time period. In addition, we had Dr. Femia's iPhone imaged by an e-discovery vendor and there are no responsive text messages; any such messages (if any) were deleted as part of his usual deletion practice long before Dr. Carmody's first lawyer notified NYU of her claims on April 22, 2021. Once again, opposing counsel never cared to learn this information before running to the Court. So, despite what Attorney Cavaleri may "reasonably believe[]," there are *not* "substantially more text messages," and Defendants have *not refused* to produce any of them and *never refused* to do so.

We appreciate that Dr. Carmody's counsel is upset about the late production of 23 non-duplicate text messages. We are, too. But, there is no basis in fact or law for any of the extraordinary relief she now seeks. *See generally City of Almaty v. Ablyazov*, 2019 U.S. Dist. LEXIS 148610, at *13-22 (S.D.N.Y. 2019) (denying Rule 37 sanctions for documents produced beyond fact discovery cut-off date; collecting and discussing cases on the applicable Rule 37 standards).

                                                 Respectfully submitted,

                                                 CERASIA LAW LLC

                                                 Edward Cerasia II
                                                 Alison L. Tomasco

cc:      All Counsel of Record (By ECF)

165 Broadway, 23rd Floor  |  New York, New York 10006  |  646.525.4235
101 Eisenhower Pkwy, Suite 300  |  Roseland, New Jersey 07068  |  973.786.1368

www.cdemploymentlaw.com