```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KRISTIN A. CARMODY, M.D., M.H.P.E.,                         :
                              Plaintiff,                    :
                                                            :      21 Civ. 8186
             -against-                                      :
                                                            :         ORDER
NEW YORK UNIVERISTY, et al.,                                :
                              Defendants.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, fact discovery closed on July 11, 2022.

WHEREAS, on October 25, 2022, Defendants filed a motion for summary judgment. Defendants' motion is now fully briefed. On October 25, 2022, Plaintiff filed a motion for a mandatory adverse inference, relating to Defendants' alleged failure to preserve and produce relevant text messages in discovery.

WHEREAS, on November 3, 2022, Defendants made a supplemental production of text messages to Plaintiff. An Order issued November 23, 2022, denied Plaintiff's motion for an adverse inference without prejudice to renewal and re-opened discovery for the limited purpose of identifying responsive text messages.

WHEREAS, on December 22, 2022, Plaintiff filed a letter motion to re-open discovery to take supplemental depositions. Plaintiff seeks to depose Ms. Nancy Sanchez, an employee of Defendant New York University, and re-depose Defendants Dr. Fritz Francois and Dr. Robert Femia. Plaintiff further requests that Defendants pay for the requested depositions. On January 5, 2023, Defendants filed a letter opposing the request, and on January 11, 2023, Plaintiff filed a letter in reply in support of her request.

WHEREAS, in connection with the letters filed January 5, 2023, and January 11, 2023, the parties each filed letter motions to file information contained in their respective letters under

seal. Those letter motions seek to file text messages produced by Defendants, attached as exhibits, under seal because those documents have been marked confidential by Defendants. Plaintiff identifies Defendants as the parties with an interest in confidential treatment in their letter, and take no position on confidential treatment. Defendants have not filed a letter in support of Plaintiff's letter motion to file the exhibits to Plaintiff's January 11, 2023, letter in reply under seal. It is hereby

**ORDERED** that Plaintiff's request to re-open discovery to take further depositions is **GRANTED IN PART**. Plaintiff may depose Nancy Sanchez for no longer than four (4) hours. Plaintiff may re-depose Dr. Francois and Dr. Femia for no longer than one (1) hour each. Plaintiff's supplemental depositions of Drs. Francois and Dr. Femia may concern only the newly produced text messages and reasonably related matters. The parties shall complete the depositions no later than **February 24, 2023**. Upon the completion of the depositions and no later than **February 27, 2023**, Plaintiff shall file a letter on ECF confirming the depositions were taken and stating whether any issues remain regarding Defendants' supplemental production of text messages. It is further

**ORDERED** that Plaintiff's request for Defendants to pay the costs of these supplemental depositions is **DENIED**. It is further

**ORDERED** that Plaintiff may file a motion for reasonable attorneys' fees spent preparing her motion for an adverse inference. Plaintiff may file such a motion by **January 27, 2023**. In the event such a motion is filed, Defendant may file any opposition by **February 10, 2023**. No reply shall be filed without leave of the Court. Any memorandum of law filed in support of or in opposition to Plaintiff's motion shall not exceed ten pages. The parties shall otherwise comply with the Court's Individual Rules regarding motions. It is further

**ORDERED** that the parties' letter motions to file information under seal are **DENIED**.

Defendants' letter motion to file portions of its letter in opposition is denied because the relevant information is central to the parties' dispute. Additionally, the text messages that Defendants seek to file under seal do not contain information traditionally understood to be appropriate for filing under seal. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (allowing for competing considerations of "impairing law enforcement" and "the privacy interests of those resisting disclosure" to potentially rebut the presumption of public access); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing for the redaction of "specific business information and strategies, which if revealed, may provide valuable insights [to competitors]" (internal quotation marks omitted)); *see also Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases). Plaintiff's letter motion to file information under seal is denied because the parties with an interest in confidential treatment, Defendants, have not filed a timely letter rebutting the presumption of public access, pursuant to Individual Rule I.D.3.

The Clerk of Court is respectfully directed to unseal the documents at Dkt. 134 and 139.

Dated: January 18, 2023
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**