

One Grand Central Place
60 East 42nd Street, 48th Floor
New York, New York 10165

Tel 212.689.8808
Fax 212.689.5101
www.hnrklaw.com

dcavaleri@hnrklaw.com

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Carmody v. New York University, et al., No. 1:21-cv-8186 (LGS)

Dear Judge Schofield,

Pursuant to the Court's order dated January 18, 2023 (ECF No. 140), Plaintiff respectfully submits this letter to update the Court on the status of the depositions and the remaining issue regarding Defendants' supplemental production of text messages.

On February 22, 2023, Plaintiff completed the supplemental depositions of Drs. Fritz Francois and Robert Femia and the deposition of Ms. Nancy Sanchez.

After carefully reviewing Defendants' supplemental production of text messages, Defendants' opposition to Plaintiff's motion for reasonable attorneys' fees, and the completion of the three depositions, Plaintiff respectfully requests to renew and amend her application for a mandatory adverse inference against Defendants under Fed. R. Civ. P. 37(e).

It is undisputed that Defendants do not have access to and/or copies of the text messages of Dr. Femia, Dr. Jamin, or Dr. Caspers because those text messages were deleted before they could be collected and were not otherwise preserved.

From Dr. Femia's deposition, it was revealed that Dr. Femia's practice was to manually look at his phone and delete his text messages every two weeks, and at times more frequently. However, Dr. Femia could not recall when this practice started. Dr. Femia utilized this practice after Dr. Carmody's termination, even though, as Ms. Sanchez testified, he and others at NYU, including in-house counsel, were aware that NYU allegedly planned to report Dr. Carmody's termination to the New York State Board of Health pursuant to Public Health Law Section 2803-e (though such reporting did not occur until October 25, 2021, after Dr. Carmody initiated this proceeding).

Dr. Jamin's text messages were evidently deleted without being preserved because her iPhone was set to automatically delete text messages after one-year, and she did not change those setting despite having received a litigation hold in April 2021. Therefore, all of her relevant text messages were deleted after Defendants issued a litigation hold. Similarly, Dr. Caspers's text messages are claimed to be automatically deleted after 30 days, and a search of his phone did not result in any text messages available from the relevant time period.



  Further, it was revealed that Ms. Sanchez also had a practice to manually delete her text messages every day. Ms. Sanchez does not dispute that she actively deleted text messages with respect to Dr. Carmody's termination when she knew that NYU allegedly planned to report Dr. Carmody's termination to the New York State Board of Health.

  From the produced text messages, it was also revealed that by December 26, 2020, Ms. Sanchez was sure that Dr. Carmody had contacted a lawyer and Dr. Francois thought that Dr. Carmody had probably retained a lawyer as well. Further, Dr. Francois shared his belief with Dr. Steven Abramson on December 26, 2020.

  Defendants' failure to preserve relevant text message correspondence is even more troubling because there is evidence of text messages between Dr. Femia and Ms. Sanchez that are now unrecoverable. For example, from the produced text messages, it is clear that Dr. Femia sent Ms. Sanchez a screenshot of the attestation that Defendants allege is at issue in this action. However, Plaintiff will never obtain the text message correspondence between Dr. Femia and Ms. Sanchez about the screenshot or the conversations surrounding the transmission of that screenshot. Further, Dr. Femia's text messages with others in department, including Drs. Jamin and Caspers are unrecoverable. It is likely that those messages would have related to Dr. Femia's investigation (or lack thereof) and his decision making process, which, based on text messages in the possession of Dr. Francois stated that Dr. Femia had not planned to remove Dr. Carmody from her leadership position less than 24 hours before demanding her resignation.

  Therefore, pursuant to Your Honor's November 23, 2022 Order (ECF No. 102), Plaintiff respectfully requests to renew and further amend her motion for a mandatory adverse inference based on the new facts that Plaintiff was able to obtain after the close of fact discovery. Plaintiff proposes filing her opening brief on or before March 17, 2023.

  We thank Your Honor for your time and attention to this matter.

Dated: February 27, 2023              Respectfully submitted,

                         Damian R. Cavaleri

cc:  All counsel of record (*via ECF*)