UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                            :
KRISTIN A. CARMODY,                         :
                        Plaintiff,          :
                                                            :      21 Civ. 8186
                -against-                   :
                                                            :      <u>ORDER</u>
NEW YORK UNIVERISTY, et al.,         :
                        Defendants.   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on October 25, 2022, Defendants moved for summary judgment. The same day, Plaintiff moved for an adverse inference related to Defendants' failure to produce text messages. On November 23, 2022, Plaintiff's motion for an adverse inference was denied.

       WHEREAS, in connection with Plaintiff's motion for an adverse inference, Plaintiff filed a letter motion seeking to file exhibits to the Declaration of Damian R. Cavaleri under seal. Plaintiff stated she was doing so because those documents had been marked confidential by Defendants and that she had no interest in confidential treatment. Defendants did not file any letter regarding confidential treatment of these documents. The documents consist of deposition transcripts and an errata sheet, a document retention notice, requests for production and responses thereto and five text messages produced in discovery.

       WHEREAS, in connection with Defendants' motion for summary judgment, the parties filed letters seeking to file under seal portions of their briefing. Defendants seek to file under seal confidential medical records and information regarding a patient who is not a party to this case and compensation and personal information for other NYU employees. In a letter dated October 25, 2022, Defendants also identify two pages of text messages that they seek to file under seal due to Plaintiff's confidentiality designation and about which Defendants take no position. Plaintiff did not file any letter

1

in support of confidential treatment of these text messages. In a letter dated December 6, 2022, Plaintiff states that she seeks to file under seal "personal and private information" and that she has no interest in confidential treatment of information designated confidential by Defendants. Defendants did not file any letter in support of confidential treatment of these documents.

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id*. at 120. In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*.

WHEREAS, a strong presumption of public access applies to the documents filed in connection with Defendants' motion for summary judgment. The pending motions seek to seal documents and portions of the briefing submitted in support of or in opposition to Defendants' motion. "It is well-settled that 'documents submitted to a court for its consideration in a summary judgment motion are --

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

as a matter of law -- judicial documents to which a strong presumption of access attaches.'" *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 121); *see also id.* at 53 ("Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access."); *Olson*, 29 F.4th at 90 ("[A] strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."). Such documents "should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 121 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

WHEREAS, the parties offer only conclusory statements and do not cite caselaw in support of filing under seal. It is hereby

**ORDERED** that Plaintiff's letter motion to file the exhibits to the Declaration of Damian R. Cavaleri in support of the motion for an adverse inference is **DENIED**, as no party has rebutted, or even attempted to rebut, the presumption of public access. It is further

**ORDERED** that the parties' request to file under seal the entirety of certain exhibits and portions of their briefing, Rule 56.1 statement of material facts and evidentiary submissions submitted in connection with Defendants' motion for summary judgment is **DENIED** without prejudice to renewal. No document filed in connection with Defendants' motion for summary judgment will be unsealed at this time. The parties shall abide by the following guidelines in any renewed motion to file under seal:

- That a document has been deemed confidential is not enough, in and of itself, to defeat the presumption of public access, particularly the strong one that attaches to documents filed in connection with a dispositive motion. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." (collecting cases)).
- The parties may file under seal the names of patients seen by the parties in this case, including

the patient seen by Plaintiff on November 30, 2020, and the names of any patient's family members. The parties may not file under seal the medical conditions and information on care given to patients, because that information is central to understanding Defendants' stated reason for terminating Plaintiff's employment.

- The parties may file under seal the specific compensation amounts of individual employees of Defendants, but not the names or identifying job titles of Plaintiff's alleged comparators. For example, in Plaintiff's response to Defendants' Rule 56.1 statement of material facts, paragraphs 91 through 109 discuss the compensation of Plaintiff and other Vice Chairs. *See* Dkt. 115. The only information that the parties may permissibly redact from this section is the compensation amounts. To the extent the parties refer to an alleged comparator as having the same salary as Plaintiff, *see, e.g.*, Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment, Dkt. 81, at 4-5, the name of the alleged comparator may be filed under seal in this discussion only.

- The parties may file under seal identifying information regarding other employees of Defendants accused of misconduct, but not the contents of their alleged behavior. For example, in Plaintiff's opposition to Defendants' motion, Section D of the Statement of Facts discusses NYU's treatment of male physicians accused of misconduct. *See* Dkt. 114, at 8-9. The only information that the parties may permissibly redact from this discussion is the reference to Dr. A's position, as it identifies him. No other information may be filed under seal.

- The parties may file under seal any confidential personal information (e.g., telephone numbers or email addresses) contained in the summary judgment record. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (cleaned up)).

It is further

**ORDERED** that any party with an interest in confidential treatment may file a renewed motion to file under seal that comports with the guidelines given above by **July 14, 2023**. Such motion shall identify which documents the parties wish to file entirely under seal, if any, and the documents with proposed redactions consistent with this order. To the extent there are documents that the parties no longer wish to file under seal or documents that cannot be filed under seal consistent with this Order, the parties shall identify such documents by their docket number for unsealing. Such motion shall also explain how competing considerations override the strong presumption of public access that applies to the documents the parties wish to file under seal and how the proposed redactions are sufficiently "narrowly tailored," *Lugosch*, 435 F.3d at 120, to allow filing under seal. The parties are directed to Individual Rule I.D regarding filing under seal. If no such letter is received, the documents currently filed under seal will be unsealed.

The parties are apprised that this Order covers only the sealing or redaction of information submitted in connection with the parties' motions for summary judgment. That information may be filed under seal in connection with those motions does not mean it may be filed under seal at trial. *See Amodeo*, 71 F.3d at 1049 ("[T]he public has an especially strong right of access to evidence introduced in trials.").

The Clerk of Court is respectfully directed to unseal Dkt. 75.

Dated: June 29, 2023
      New York, New York

                                        LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE