# cerasia law llc
## employment lawyers

Edward Cerasia II
646.525.4231
ed@cdemploymentlaw.com

July 31, 2023

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Dr. Carmody v. NYU, et al.*, 21-CV-8186 (LGS-VF)

Dear Judge Schofield:

Defendants respectfully submit this letter in response to the Court's July 24, 2023 Order directing Defendants to submit documents and answer questions concerning the litigation hold notices issued by in-house counsel and the manual searches for text messages.

Litigation Hold Notices Issued by In-House Attorney: Attached to this letter as Exhibit A please find the four litigation hold notices that Daniel Driesen, Associate General Counsel at NYU Langone Health, issued by email on April 25 and 27, 2021, after receiving an April 22, 2021 letter from Peter Rahbar, Esq., plaintiff Dr. Kristin Carmody's first attorney, in which he threatened claims on her behalf and was the first notice to NYU of any such claims; on August 16, 2021, after NYU received Dr. Carmody's EEOC Charge; and on October 5, 2021, after Attorney Driesen learned about Dr. Carmody's lawsuit (but before service).[1] Attorney Driesen issued these notices prior to the retention of outside counsel and as part of his standard practice as the in-house attorney responsible for employment law matters at NYU Langone.

The April 25 notice, along with a copy of the letter and exhibits from Attorney Rahbar, was sent to Dr. Robert Femia, Dr. Robert Grossman, Dr. Fritz Francois, Dr. Andrew Brotman and Dr. Steven Abramson (collectively, the "Individual Defendants"), with a cc to NYU Langone Health General Counsel Annette Johnson and Nancy Sanchez.

The April 27 notice was sent to Dr. Francois and Dr. Abramson, with a cc to Dr. Femia and Sharon Kurtz, who is the Vice President, Internal Audit, Compliance and Enterprise Risk Management at NYU Langone.

The August 16 notice, with a copy of Dr. Carmody's EEOC Charge and the EEOC's cover letter, was sent to General Counsel Johnson, Ms. Sanchez, Austin Bender and Beth Cooper in Human Resources, Ms. Kurtz, NYU in-house attorneys Rachel Jacobson and Lynn Lowy, and NYU employees in the insurance office – Michael Liebowitz (identified as mll4 on the email) and

---

[1] Portions of these notices are redacted to preserve attorney-client privilege. Please let us know if Your Honor wants to review the unredacted notices *in camera*.

One Liberty Plaza | 165 Broadway, 23rd Floor | New York, New York 10006 | 646.525.4235
101 Eisenhower Parkway, Suite 300 | Roseland, New Jersey 07068 | 973.786.1368

www.cdemploymentlaw.com

Tom DePrimo (identified as tdo2010@nyu.edu on the email) – with a cc to the Individual Defendants.

The October 5 notice, with a copy of the Complaint, was sent to all of the Individual Defendants, Mr. Liebowitz, Mr. DePrimo, General Counsel Johnson, Ms. Sanchez, Mr. Bender and Ms. Cooper.

The Efforts of Counsel to Ensure Compliance with Hold Notices: The Defendants first retained the undersigned after Attorney Driesen received notice of the Complaint on October 5, 2021. Attorney Driesen, Alison Tomasco, and I initially met by Zoom video with Dr. Femia and Dr. Francois on October 12 and 13, respectively, to begin collecting facts in response to the allegations in the Complaint and we verbally reminded them of the obligation to preserve any documents concerning Dr. Carmody or the subject matter of the lawsuit, including communications with Dr. Carmody or the other Individual Defendants. Drs. Femia and Francois acknowledged this obligation. Attorney Driesen and I met by Zoom video with Dr. Catherine Jamin on November 18, 2021, to address the allegations in the Complaint about which she had knowledge and we also verbally informed her of the obligation to preserve any documents concerning Dr. Carmody or the subject matter of the lawsuit, including all communications with Dr. Carmody or the Individual Defendants. Dr. Jamin acknowledged this obligation. But, as we informed the Court in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees, "[b]y the time the parties' attorneys discussed custodians for e-mails in the winter of 2022,[2] any of Jamin's texts concerning Carmody had been deleted automatically without her or NYU's knowledge (Dkt. No. 60 at p. 1 (quoting Jamin's testimony that she did not delete texts).)" (Dkt. No. 144 at 4.) My law firm also did not know that Dr. Jamin's iPhone was set to a one-year deletion until August 2022, long after the one-year anniversary of Dr. Carmody's resignation or any point thereafter when there was any text communication with or concerning Dr. Carmody that may have been created. Attorneys Johnson and Driesen and I met by Zoom video with Dr. Grossman on January 10, 2022, and also verbally reminded him of the obligation to preserve and not discard any documents concerning Dr. Carmody or the subject matter of the lawsuit, including all communications with Dr. Carmody or the other Individual Defendants. Dr. Grossman acknowledged this obligation. When the lawyers initially met with all witnesses, including the Individual Defendants, we also described that, as part of the discovery process, we would be working with them to collect any documents and communications, including text messages.

Manual Searches for Text Messages: Defense counsel instructed each Individual Defendant and Dr. Jamin to search their respective personal iPhones for text messages with Dr. Carmody, with each other about Dr. Carmody, or texts with anyone about the subject matter of the lawsuit (collectively, the "Scope of Texts"). While our records do not reveal the exact date of that instruction, we do know that it was after these individuals were identified by us as custodians (February 11, 2022) and before their respective depositions (which started in late-June 2022). We know this because, without waiving attorney-client privilege, it was a topic addressed in our preparation sessions with these individuals before their respective depositions. The first defense

---

[2] We received Dr. Carmody's document request on January 28, 2023, and, on February 11, 2022, we first presented a proposed list of custodians to opposing counsel. The parties did not agree on a final list of custodians until early-April 2022.

165 Broadway, 23rd Floor   |   New York, New York 10006   |   646.525.4235
101 Eisenhower Pkwy, Suite 300   |   Roseland, New Jersey 07068   |   973.786.1368

www.cdemploymentlaw.com

The Honorable Lorna Schofield
July 31, 2023
Page 3

witness was deposed on June 27, 2022. Neither the attorneys at my firm nor Attorney Driesen conducted the manual search for any such text messages – other than my manual search of Dr. Grossman's iPhone, as previously disclosed to the Court in my November 11, 2022 letter (Dkt. No. 100) and discussed below. Rather, we instructed these individuals to review their own personal iPhones for any texts within the Scope of Texts, to send us screen shots of those texts for production, and to let us know if they had any questions or issues. Nobody reported any issues, concerns or questions to us. We have no doubt that these individuals understood the scope of the search and our instructions and, based on our communications with them, that they searched in good faith for texts within the Scope of Texts. As we previously stated to the Court, there was never any discussion or agreement with opposing counsel to image any custodian's personal cell phone, and it was not NYU's or my firm's practice to do so. (Dkt. No. 144 at 2, 3.)

As stated above and in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees, Dr. Femia deleted any text messages with Dr. Carmody or the other custodians about Dr. Carmody *before* receiving Attorney Rahbar's April 22, 2021 letter to NYU with threatened claims. (Dkt. 144 at 3.) Dr. Femia testified at his re-opened deposition on February 14, 2023 to this and as to his practice for years of deleting texts from his personal iPhone. (Femia Dep. II at 10-15, attached as Exhibit B.) Dr. Femia also had testified at his first deposition on July 19, 2022, that he did not have text messages.

Dr. Grossman and Dr. Francois did not delete any text messages on their respective personal iPhones. Each of them conducted a manual search of his respective iPhone, as addressed in my November 11, 2022 letter to the Court. (Dkt. No. 100.) They did so before and after their depositions, resulting in supplemental productions. (*Id*.) As mentioned in the November 11 letter, Dr. Grossman did not find any texts until after he obtained a new iPhone 14 in the Fall of 2022. As stated in that letter, "'[w]e previously understood in connection with defendants' discovery responses that Dr. Grossman did not have any text messages' and that, '[f]rom the best that we understand, these messages did not load on his old iPhone when there was a prior review [by him] of the responsive text messages.'" (Dkt. No. 100 at 1-2.) When we learned that Dr. Grossman had text messages, I manually reviewed his new iPhone on October 31, 2022, and on November 3, 2022, we produced screenshots of responsive text messages. At the same time, I discovered that Dr. Grossman had text messages with Dr. Francois that were not previously provided by Dr. Francois, so I instructed Dr. Francois to go back and review his iPhone for additional text messages. On November 3, we also produced additional text messages from Dr. Francois. (Dkt. 100 at 2.)

During the discovery period, we also instructed Dr. Brotman and Dr. Abramson to search their personal iPhones for any texts within the Scope of Texts. All responsive texts were produced during the discovery period, based on their own manual searches of their iPhones. Dr. Abramson even sought assistance from NYU's IT Department as part of his own review. (Dkt. No. 60 at 2.) There were no supplemental productions of texts from Dr. Brotman or Dr. Abramson's iPhones after forensic imaging. (Dkt. 144 at 4.)

Unknown to Dr. Jamin and us, any text messages within the Scope of Texts that may have existed were automatically deleted from her personal iPhone by February 11, 2022, when we proposed her as a custodian and we had directed her to search her iPhone for responsive text

165 Broadway, 23rd Floor   |   New York, New York 10006   |   646.525.4235
101 Eisenhower Pkwy, Suite 300   |   Roseland, New Jersey 07068   |   973.786.1368

www.cdemploymentlaw.com

messages within the Scope of Texts. We learned in March 2022 that she had no responsive text messages, which she then testified to at her deposition in July 2022. Dr. Jamin and my firm, however, did not learn until August 18, 2022, that her iPhone was pre-set to delete texts after one year. Similarly, Dr. Christopher Caspers had a 30-day auto delete on his personal iPhone; so, by the time NYU received Attorney Rahbar's April 22, 2021 letter, any text messages relating to Dr. Carmody's employment were already automatically deleted. Significantly, both Drs. Jamin and Caspers are non-parties who were not involved in any employment decisions with respect to Dr. Carmody, and Defendants produced all responsive emails from their respective NYU email accounts. Defendants also produced Dr. Francois' texts with Dr. Jamin.

With respect to Ms. Sanchez, her texts were not requested by Carmody's counsel when they contacted us during discovery regarding specific text messages. Moreover, none of Dr. Carmody's discovery applications to the Court about texts involved Ms. Sanchez or her text messages. (Dkt. 144 at 6.) Thus, we never manually reviewed Ms. Sanchez's text messages during discovery from her personal iPhone, and she was not instructed to do so either. Defendants decided to image her iPhone because the November 3, 2022 production of Dr. Grossman's newly-discovery texts showed his communications with her. (*Id*.) On December 16, 2022, Defendants produced texts from Ms. Sanchez's iPhone as a result of forensic imaging. (*Id*.) It was only after December 16 that Dr. Carmody sought to depose Ms. Sanchez. (Dkt. No. 130.)

In connection with the production of any text messages, or in the case of those individuals who did not have text messages, my firm rechecked with them during discovery to confirm that they had conducted the manual searches and that they either had or did not have responsive text messages based on the scope of instruction provided to them, and that they provided responsive text messages to us. Importantly, the Defendants and their counsel never once refused to produce any text messages to Dr. Carmody. The additional text messages that were included in the supplemental productions in July, August and November 2022, or produced in December 2022 after the Court ordered the imaging of iPhones, were simply missed during the manual searches and review of personal iPhones by the respective custodians. (*See* Francois Dep. II at 54-56, attached as Exhibit C.) These individuals missed finding them, but it was not because of any motive to deprive Dr. Carmody from obtaining them. As we have stated to the Court in the past, (Dkt. Nos. 100 and 144), we apologize for this unfortunate and unexpected situation and we were disappointed ourselves to learn after the close of discovery that additional text messages existed. At the end of the day, however, and not to excuse the delayed production, there was no prejudice to Dr. Carmody, and her attorneys acknowledged that she did not even need to supplement her opposition to summary judgment based on the later-produced texts. (Dkt. No. 139.)

Based on the above information and the facts, arguments and authorities in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees, the Defendants respectfully submit that the Court should deny Dr. Carmody's motion for fees.

165 Broadway, 23rd Floor   |   New York, New York 10006   |   646.525.4235
101 Eisenhower Pkwy, Suite 300   |   Roseland, New Jersey 07068   |   973.786.1368

www.cdemploymentlaw.com

The Honorable Lorna Schofield
July 31, 2023
Page 5

    Please let us know if Your Honor needs any additional information in response to the July 24 Order.

                                                  Respectfully submitted,
                                                  s/ Edward Cerasia II

cc:      All Counsel of Record (By ECF)

165 Broadway, 23rd Floor   |   New York, New York 10006   |   646.525.4235
101 Eisenhower Pkwy, Suite 300   |   Roseland, New Jersey 07068   |   973.786.1368

www.cdemploymentlaw.com