UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- X
                                                          :
  KRISTIN A. CARMODY, M.D., M.H.P.E.,                     :
                                Plaintiff,                :
                                                          :              21 Civ. 8186
                   -against-                              :
                                                          :                 ORDER
  NEW YORK UNIVERISTY, et al.,                            :
                                Defendants.               :
-------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff moves for sanctions in the form of attorneys' fees incurred preparing her motion for an adverse inference.  Plaintiff also requests leave to re-file the motion for an adverse inference based on the supplemental productions and depositions.  All references to Rules refer to the Federal Rules of Civil Procedure.

**Background**

WHEREAS, Plaintiff's employment with Defendant NYU was terminated on December 6, 2020. On December 26, 2020, Nancy Sanchez, the Executive Vice President and Vice Dean for Human Resources at NYU, texted Defendant Fritz Francois, Executive Vice President and Vice Dean, Chief of Hospital Operations, that she was "sure [Plaintiff and her spouse] have gone to a lawyer."

WHEREAS, on April 22, 2021, Plaintiff, through counsel, sent a demand letter to NYU.   That letter included a litigation hold notice which, among other things, instructed Defendants to "[s]uspend any document retention and/or destruction policies, practices or other action that would result in the deletion or spoliation of any relevant material" and to "[s]uspend any deletion of emails, texts . . . and other electronic data wherever and however maintained."  The notice listed seven material witnesses by name, including Catherine Jamin and Christopher Caspers.

1

WHEREAS, on April 25, 2021, Daniel Driesen, in-house counsel for Defendant NYU, emailed the individual Defendants, but none of the seven material witnesses listed on the hold notice, attaching the demand letter from Plaintiff and stating that "we are required to preserve and maintain all relevant documents, paper and electronic, that concern the events . . . raised in [Plaintiff's] allegations."  On April 27, 2021, Driesen emailed Defendants Francois and Abramson, stating that he was continuing to gather information and that "if you have additional relevant material, please preserve and send it to me." On August 16, 2021, Driesen emailed the individual Defendants and other NYU staff, though again not Jamin or Caspers, stating that he had received a charge Plaintiff filed with the EEOC and instructing the recipients to "preserve all documents (paper and electronic) that relate to [Plaintiff's] claims or our defenses."

WHEREAS, on October 4, 2021, Plaintiff filed this lawsuit.  On October 5, 2021, Driesen emailed the individual Defendants and other NYU staff (but not Jamin or Caspers) regarding the lawsuit, instructing the recipients, "[P]lease be sure to retain and preserve all documentation (paper and electronic, including emails, texts and voicemails), in advance of [discussions with defense counsel]." None of these litigation holds were directed to Jamin, but defense counsel met with her on November 18, 2021, and orally informed her of her obligation to preserve text messages.  The record does not contain evidence of any litigation hold being sent to Caspers, even though the original Complaint contained various allegations regarding him, and he was listed as a material witness in the litigation hold notice.

WHEREAS, on January 17, 2022, Plaintiff served their first set of Requests for Production, which explicitly included a request for text messages.  By the time depositions began in June 2022, Plaintiff had produced more than one thousand pages of text messages, including messages between

2

Plaintiff and the individual Defendants, Jamin and Caspers, while Defendants had produced no text messages.

WHEREAS, on June 26, 2022, Francois testified at his deposition that he communicated via text with Grossman about work-related matters, prompting Plaintiff's counsel to request production of those text messages.  On June 29, 2022, Brotman testified at his deposition that he communicated via text with Grossman and Francois about work-related matters, again prompting Plaintiff's counsel to request production of those text messages.  The same day, Plaintiff's counsel followed up in writing, requesting productions of any responsive text messages.  The next morning, defense counsel responded that "there was a search for text messages [and] [n]o responsive texts have been located."  Counsel further stated that they "have circled back with NYU . . . and will confirm the same."

WHEREAS, on July 6, 2022, Defendants made a supplemental production of two text messages from Francois.  On July 7, 2022, Plaintiff objected, noting the production indicated further text messages existed (e.g., Francois quoted a message from Femia that had not been produced) and requesting further production.  Defendants did not respond until July 14, 2022, after fact discovery had closed on July 11, 2022.  In their response, Defendants stated they had produced all responsive text messages from Francois; that Brotman had no text messages (which NYU IT confirmed); that Francois was transcribing a voicemail he received from Femia, rather than copying a text; that Abramson and Grossman were confirming with NYU IT that there were no text messages; and that Femia and Jamin had no responsive text messages.

WHEREAS, at her deposition, Jamin testified that she communicated with other Vice Chairs via text and that, as part of litigation, "[she] went to look for [text messages]" but she "[didn't] have them." On July 27, 2022, Plaintiff's counsel again emailed defense counsel, asking for more information

3

regarding "what exactly was done with respect to the collection and review of text messages."  On August 2, 2022, Plaintiff's counsel asked defense counsel to "please respond" to this message.

WHEREAS, on August 9, 2022, Plaintiff filed a pre-motion letter regarding a motion for an adverse inference as a sanction due to Defendants' non-production of text messages in discovery.  On August 16, 2022, Defendants filed a letter in response.  In that letter, Defendants stated that they had performed manual searches of their cell phones and had produced all responsive text messages that they had identified as a result.  On October 25, 2022, Plaintiff filed her sanctions motion with an accompanying declaration and memorandum of law.

WHEREAS, on November 3, 2022, Defendants made a supplemental production of text messages from Grossman and Francois.  An order filed November 23, 2022, denied Plaintiff's motion for an adverse inference without prejudice to renewal and re-opened discovery for the purpose of identifying responsive text messages.  An order issued January 18, 2023, allowed additional depositions of Francois, Femia and Sanchez, based on Defendants' supplemental productions of text messages.  Plaintiff confirmed by letter filed February 27, 2023, that all supplemental productions and depositions were complete.

WHEREAS, text messages from Femia, Jamin and Caspers from November 30 to December 6, 2020, the critical time period giving rise to the litigation, are unavailable.  Femia manually deleted his text messages in accordance with a long-running practice, and did so prior to receiving the April 2021 litigation hold notice.  Caspers' phone automatically deleted text messages after thirty days.  Jamin's phone automatically deleted text messages after one year.  Greater diligence on the part of defense counsel could have prevented the deletion of Jamin's text messages, but not Femia's or Caspers'.

**Rule 37(a)(5)(A)**

WHEREAS, Rule 37(a)(5)(A) states that a court must "require the party . . . whose conduct

necessitated [a] motion [to compel discovery] . . . to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees."  However, such an award is not required if "the opposing

party's nondisclosure, response, or objection was substantially justified."  *Id.*  Rule 37(b)(2)(C) states

that when a court imposes sanctions for failure to comply with a court order, it "must order the

disobedient party . . . to pay reasonable expenses, including attorney's fees, caused by the failure, unless

the failure was substantially justified or other circumstances make an award of expenses unjust."  Rule

37(e) states,

> "If electronically stored information that should have been preserved in the anticipation
> or conduct of litigation is lost because a party failed to take reasonable steps to preserve it
> . . . the court . . . upon finding prejudice to another party from loss of the information,
> may order measures no greater than necessary to cure the prejudice[.]"

"Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide

discretion in sanctioning a party for discovery abuses."  *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253,

267 (2d Cir. 1999); *accord In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570, 2022 WL

4642478, at *28 (S.D.N.Y. Sept. 21, 2022).[1]

WHEREAS, Rule 37(a)(5)(A)'s mandatory sanction is not applicable, because Defendants'

conduct was substantially justified.  For purposes of Rule 37, "[c]onduct is substantially justified if there

was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested act."

*See Flores v. Entergy Nuclear Operations, Inc.*, 313 F. Supp. 3d 511, 521 (S.D.N.Y. 2018).  During fact

discovery, defense counsel instructed Defendants to search manually for text messages on their personal

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases,
footnotes and citations are omitted.

phones.  Counsel reviewed screenshots of those texts for responsiveness and produced them.  A reasonable person could have found it appropriate to rely on the representations individual Defendants made to defense counsel, including their representations that they used text messaging sparingly.  Upon discovery of responsive text messages on Grossman's and Francois' cell phones following the close of discovery, Defendants produced these materials within two days.  This undercuts Plaintiff's characterization that Defendants "withheld" responsive materials.  Finally, Plaintiff's characterization of Defendants' statements during discovery as "misrepresentations" is not persuasive.  She identifies deposition testimony from Femia, Grossman and Jamin, who testified that they manually searched their phones (Femia, Jamin) or did not recall whether they had provided their phones to NYU (Grossman).  This deposition testimony does not contradict defense counsel's representations on June 30, 2022, that "there was a search for text messages" and on July 14, 2022, that NYU IT confirmed that Dr. Brotman had no responsive text messages and that NYU IT was looking into Dr. Abramson's text messages.  Although in retrospect Defendants' conduct -- in particular, their failure to undertake further efforts to identify responsive materials -- was mistaken, it was also substantially justified, making the mandatory sanctions of Rule 37(a)(5)(A) inapplicable.

WHEREAS, some award of fees under Rule 37(a)(5)(A) is appropriate.  Plaintiff's April 2021 litigation hold notice listed Jamin as a material witness and requested that all deletion of text messages and document destruction policies be suspended.  Defendants represent that Jamin was not informed of her obligation to preserve documents until November 18, 2021, almost seven months later.  Further, many of the expenses associated with the motion for an adverse inference could have been avoided had Defendants credited Plaintiff's good faith suspicion that Defendants possessed, but had not produced, additional text messages.  Specifically, the message Francois received from Femia, which Francois then

quoted in a text message to Grossman, could have alerted Defendants that a more thorough search was necessary, notwithstanding Francois' representation that the quoted message was Francois' recollection of a voicemail.  Instead, the parties prepared pre-motion letters, the actual motion and this motion for fees.  Plaintiff is entitled to some compensation for her efforts because Defendants unnecessarily prolonged this dispute in the face of evidence that additional responsive text messages existed but had not been produced.

### Rule 37(b)

WHEREAS, Rule 37(b)'s mandatory sanction for failure to comply with a court order is inapplicable.  For Rule 37(b) to apply, the party against whom sanctions are sought must have defied a prior order.  *See Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 227 (2d Cir. 2020).  Plaintiff does not identify any such order that would trigger mandatory sanctions under Rule 37(b).

### Rule 37(e)

WHEREAS, Rule 37(e)(1) states that "[i]f electronically stored information that should have been preserved . . . is lost because a party failed to take reasonable steps to preserve it, . . . upon finding prejudice to another party from the loss of [electronically stored information]," a court "may order measures no greater than necessary to cure the prejudice."  Plaintiff's February 27, 2023, letter regarding a renewed motion for an adverse inference argues that Plaintiff suffered prejudice from the destruction of texts from Femia, Caspers and Jamin because those texts were probative of Femia's investigation and decision to terminate Plaintiff's employment.

WHEREAS, the duty to take reasonable steps to preserve evidence arose in April 2021.  "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."  *In re*

*Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 148 (2d Cir. 2008); *accord La Belle v. Barclays Capital Inc.*, 340 F.R.D. 74, 82 (S.D.N.Y. 2022). On April 22, 2021, Plaintiff's prior counsel sent a litigation hold notice to Defendants, putting them on notice of reasonably foreseeable litigation. Plaintiff argues that the duty arose in December 2020, based on Sanchez and Francois' belief that Plaintiff had contacted or retained counsel. This is insufficient to create a duty on the part of other NYU employees to preserve evidence. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) ("Merely because one or two employees contemplate the possibility that a fellow employee might sue does not generally impose a firm-wide duty to preserve."). Defendants were not on notice to preserve Caspers and Femia's text messages prior to their deletion, but were on notice to preserve Jamin's text messages seven months prior to their deletion.

WHEREAS, Defendants did not take reasonable steps to preserve Jamin's text messages. That failure resulted in evidence being destroyed. Although Jamin was named as a material witness in the April 2021 litigation hold notice, Defendants represent that she was informed orally of the obligation to preserve evidence in November 2021, which she acknowledged. The delay between the notice letter and the conversation with Jamin was unreasonable. Further, the record regarding the conversation with Jamin -- only a statement by defense counsel that "we . . . verbally informed her of the obligation to preserve any documents" -- does not suggest she was made aware of the duty to suspend all automatic document destruction policies or that counsel took steps to determine if Jamin's electronics automatically deleted information. This conclusion is supported by the lack of any similar statement or inquiry in the written litigation holds issued by Defendants.

WHEREAS, on February 27, 2023, Plaintiff filed a letter seeking leave to file a renewed motion for a mandatory adverse inference. She argues that Defendants' failure to preserve relevant text

8

messages in various custodians' cell phones merits such an inference under Rule 37(e).  Rule 37(e)(2)
states that "only upon finding that the party acted with the intent to deprive another party of the
[electronically stored] information's use in the litigation," a court may "instruct the jury that it may or
must presume the information was unfavorable to the party."  As discussed above, Plaintiff has not
provided a sufficient basis to conclude Defendants or defense counsel acted in bad faith.  It is hereby

      **ORDERED** that Plaintiff's motion for attorneys' fees is **GRANTED IN PART**.  Plaintiff is
entitled to reimbursement of 50% of the fees and costs related to her efforts to compel production of
responsive text messages.  For clarity's sake, this includes the preparation of the August 9, 2022, pre-
motion letter, the October 25, 2022, motion for an adverse inference and the November 4, 2022, motion
to compel as evidenced by counsel's billing records.  It is further

      **ORDERED** that Plaintiff is entitled to a permissive adverse inference regarding the contents of
Jamin's text messages to cure the prejudice caused by Defendants' failure to preserve evidence.  At trial,
the jury shall be instructed that Jamin's text messages are unavailable due to Defendants' failure to
preserve evidence and that jurors may, but are not required to, assume that those messages contained
information adverse to Defendants' interests.  The parties may offer argument to the jury regarding the
relevance of any deleted messages and the inferences jurors should or should not draw from the absence
of this evidence.  It is further

      **ORDERED** that Plaintiff's request for leave to file a renewed motion for a mandatory adverse
inference is **DENIED**, because such a motion would be futile based on the current record.

      The Clerk of Court is respectfully directed to close the gavel at Dkt. 141.

Dated: August 31, 2023
      New York, New York

9

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**