UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
KRISTIN A. CARMODY, M.D., M.H.P.E,             :
:
        Plaintiff,                           :
:
    -against-                                  :
:
:  21-CV-08186 (LGS)
NEW YORK UNIVERSITY; NYU GROSSMAN      :
SCHOOL OF MEDICINE; NYU LANGONE        :
HOSPITALS; ROBERT I. GROSSMAN, M.D.;   :
and ROBERT J. FEMIA, M.D.,             :
:
        Defendants.                          :
:
---------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION *IN LIMINE* TO EXCLUDE TESTIMONY
<u>ABOUT OR REFERENCES TO ANY ALLEGED STRAY REMARK</u>**

October 10, 2023

Edward Cerasia II
Alison L. Tomasco
CERASIA LAW LLC
One Liberty Plaza
165 Broadway, 23rd Floor
New York, New York 10006
646.525.4231

-and-

Richard C. Schoenstein
Brittany Kate Lazzaro
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
212.216.8000

Defendants respectfully submit this memorandum of law in support of their motion to preclude plaintiff Dr. Kristin Carmody from offering, referring to, or suggesting at trial that defendant Robert I. Grossman and/or defendant Robert J. Femia referred to a formerly-employed female doctor as a "bitch" *nine months before Carmody was given the option to resign from her employment* or any similar alleged stray remark that is not admissible to prove gender discrimination. For the reasons set forth below, the Court should grant this motion.

In an effort to sustain her claims of gender discrimination in opposition to summary judgment, Carmody asserted one isolated comment using the word "bitch" nine months before the end of her employment. She alleges that, "[a]fter Dr. B, a woman physician, was forced to leave NYU, Dr. Femia told me about a conversation that Dr. Grossman had with him regarding Dr. B. Specifically, when Dr. Femia told Dr. Grossman that Dr. B was leaving NYU, Dr. Grossman said, 'what has that bitch done anyway?' When Dr. Femia relayed this conversation to me, he laughed about it and I became very uncomfortable." (Dkt. No. 111 - Carmody Decl., ¶ 9.) Carmody further cited to the diary she claims to have maintained, with an entry for "3/6/20" – which was *nine months before she was given the option to resign in lieu of termination* – referencing the alleged "bitch" comment. (Dkt. No. 109 - Pl.'s 56.1 Counterstatement, ¶ 80; Dkt. No. 113-2 at KC003233-KC003234.)[1] The alleged isolated comment, which Femia and Grossman deny, was *not* alleged as a reference to Carmody or otherwise connected with her termination. (*Id*.) There is no written evidence to support the gratuitous assertion (and it does not appear in the Complaint or Amended Complaint and Carmody did not testify to it at her deposition), let alone that it relates in any way to the facts of this case. It should not be permitted into evidence.

---

[1] According to Carmody's diary, Dr. B refers to Dr. "Uche" Blackstock, who left NYU in December 2019 – a year before Carmody's employment ended.

Even under the more liberal standards of the New York City Human Rights Law, petty slights and stray comments do not constitute actionable discrimination. *See, e.g.*, *Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 450 (E.D.N.Y. 2013) ("Isolated incidents of unwelcome verbal or physical conduct have been found to constitute the type of 'petty slights and trivial inconveniences' that are not actionable even under the more liberal NYCHRL standard"); *Magnoni v. Smith & Lacquercia, LLP*, 701 F. Supp. 2d 497, 505-06 (S.D.N.Y. 2010) (plaintiff could not sustain sexual harassment claim based on supervisor's crude antecdote and occasional comments); *Fruchtman v. City of New N.Y.*, 129 A.D.3d 500, 501 (1st Dep't 2015) ("[S]tray derogatory remarks, 'without more, [do not] constitute evidence of discrimination.'"); *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 80 (1st Dep't 2009) (under the NYCHRL, "defendants can still avoid liability if they prove that the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider 'petty slights and trivial inconveniences.'"); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) ("[M]ere utterance of an … epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to implicate Title VII."); *Robinson v. De Niro*, 2023 WL 4862772, *51 (S.D.N.Y. May 25, 2023) (holding that allegation that defendant's representative referred to plaintiff as a "bitch" could not support a retaliation claim because it lacked temporal proximity).

Moreover, Courts routinely hold that a stray remark – even by someone deemed to be a decision-maker – that is remote in time and unconnected to the termination decision at issue, like the alleged comment here, is not evidence of discriminatory intent, and thus not admissible as relevant evidence to support a discrimination claim. *E.g.*, *White v. Andy Frain Servs.*, 629 F. App'x 131, 132-34 (2d Cir. 2015) (holding that "off-color comments over the course of a year and a half about [plaintiff] being black and Jewish" had no "causal connection" to the adverse employment

2

actions, and thus constituted "stray remarks" that were not enough to show discrimination); *Henry v. Wyeth Parms., Inc.*, 616 F.3d 134, 150 (2d Cir. 2010) (holding that district judge properly granted *in limine* motion excluding stray "tar baby" remark by high-level decisionmaker in race discrimination case, even though it was made around the time of plaintiff's suit, because it "was not related to the decision-making process"); *Haskell v. Kaman Corp.*, 743 F.2d 113, 120 (2d Cir. 1984) (age-based statements by company's founder were remote in time and were not relevant to the discrimination claim); *Desrosiers v. Summit Sec. Servs.*, 2022 U.S. Dist. LEXIS 192512, at *14-17 (S.D.N.Y. 2022) ("'stray remarks,' without 'other indicia of discrimination' are not enough" and "'[e]ven statements that are clearly racist, ageist, and religiously inappropriate are not discriminatory when they are stray remarks not connected to the adverse employment decision'") (citation omitted; collecting cases); *Mesias v. Cravath, Swaine & Moore LLP*, 106 F. Supp. 3d 431, 438 (S.D.N.Y. 2015) (holding that alleged comment by decision-maker 3 months before termination decision was stray remark and did not prove discriminatory motive). This Court should reach the same conclusion here.[2]

Carmody cannot make any connection whatsoever between the alleged statement and the discrimination alleged by her or the end of her employment nine months later. Carmody is not asserting that she was called a "bitch," but merely that someone (Femia) referenced a third person (Grossman) calling someone else (Dr. B) that name. As such, the allegation amounts to nothing more than somebody using the word "bitch" in a conversation, which could not constitute more than a stray comment or petty slight, and thus is insufficient to support a claim or inference of gender discrimination. This is particularly true given that, (1) other than this alleged stray comment

---

[2] In their summary judgment reply brief, Defendants argued that this alleged comment was a stray remark that was not evidence of discriminatory intent. (Dkt. No. 124 at 4.) In its Opinion and Order, the Court did not address this argument.

3

by Grossman, Carmody admittedly does not have any evidence of gender discrimination by Grossman, (Dkt. No. 79, ¶ 81), *see Fruchtman*, 11 N.Y.S.3d at 583 ("Nor do stray derogatory remarks, '*without more*, constitute evidence of discrimination.'") (emphasis added), *and* (2) the isolated comment was allegedly made *nine months* before Carmody was given the option to resign in lieu of the termination of her employment, (Dkt. No. 113-2 at KC003233), which further shows that it is not relevant evidence of discrimination, *Henry*, 616 F.3d at 149 ("The more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination."). Therefore, all of the factors considered by courts in deciding whether to admit a stray remark tip decidedly in favor of excluding it here.

While the assertion of a random statement using the word "bitch" is of no consequence to the legal claims at issue in this case, Defendants also will be prejudiced if testimony alleging such comment is permitted. Put another way, the potential prejudice plainly outweighs the nonexistent relevance of such evidence, given that the word "bitch" may offend some members of the jury, who may feel inclined to rule in favor of Carmody to punish Defendants for the use of that word. *See Henry*, 616 F.3d at 150 (concluding that stray "tar baby" remark was "unfairly prejudicial" to employer and properly excluded at trial); *Haskell*, 743 F.2d at 120 (concluding that age-based stray remarks were prejudicial, and should not have been admitted at trial); Fed. R. Evid. 403. At a minimum, admission of this comment also will confuse or mislead the jury, and will unnecessarily prolong the trial.

For each of these reasons, the Court should preclude Carmody from offering, referring to, or suggesting at trial that Grossman or Femia (or anyone else) referred to a female doctor as a

"bitch," or from asserting any similar allegations of stray remarks that are irrelevant and not admissible to prove gender discrimination.

Dated: October 10, 2023

                                                Respectfully submitted,

                                                CERASIA LAW LLC
                                                By  s/ Edward Cerasia II
                                                    Edward Cerasia II
                                                    Alison L. Tomasco

                                                      -and-

                                                TARTER KRINSKY & DROGIN LLP
                                                By  /s Richard C. Schoenstein
                                                    Richard C. Schoenstein
                                                    Brittany K. Lazzaro