UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
KRISTIN A. CARMODY, M.D, M.H.P.E.

    *Plaintiff*,

- against -

NEW YORK UNIVERSITY; NYU
GROSSMAN SCHOOL OF MEDICINE; NYU
LANGONE HOSPITALS; ROBERT I.
GROSSMAN, M.D.; FRITZ FRANCOIS,
M.D.; STEVEN B. ABRAMSON, M.D.;
ANDREW W. BROTMAN, M.D.; and
ROBERT J. FEMIA, M.D.

    *Defendants*.
-------------------------------------------------------

Case No.: 1:21-cv-08186-LGS

Hon. Lorna G. Schofield

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE BASED ON INADMISSIBLE HEARSAY

Plaintiff Dr. Kristin A. Carmody, M.D., M.H.P.E. ("Plaintiff" or "Dr. Carmody") respectfully submits this Memorandum of Law in support of her Motion *in Limine* to preclude the contents of (1) the letter that the November 20, 2020 patient (the "Patient") sent to Defendants after the Patient's visit to NYU's Emergency Department (the "Patient Letter") (*see* Cerasia Decl., Ex. A at 37-42, ECF No. 95-1), and (2) the emails that the Patient's spouse sent to Defendants regarding the Patient (the "Patient Emails") (*see* Cerasia Decl., Ex. B, ECF No. 95-2) because the contents are inadmissible hearsay, irrelevant, and unduly prejudicial.

## ARGUMENT

### I. DEFENDANTS SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE, TESTIMONY OR ARGUMENT CONCERNING THE CONTENTS OF THE PATIENT LETTER

Federal Rules of Evidence 801 and 802 state that a declarant's out-of-court statement is hearsay when offered for the truth of the matter asserted. *See* Fed. R. Evid. 801, 802. Hearsay is inadmissible at trial because its presentation does not afford the party against whom it is being used an opportunity to cross-examine the hearsay declarant's perception, memory, narration, or sincerity. *See Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 232 (2d Cir. 1999).

Here, the contents of the Patient Letter and the Patient Emails constitute inadmissible hearsay and must be redacted. It is undisputed that after the Patient was admitted and released from NYU's Emergency Department, the Patient's husband sent the Patient Letter and Patient Emails to Defendants. *See* Plaintiff's Response to Defendants' Statement Pursuant to Local Rule 56.1 of Material Facts Not in Dispute ¶¶ 29-30, 45, ECF No. 115. However, the contents of the Patient Letter and Patient Emails are inadmissible hearsay. The contents allegedly detail the care that the Patient received while admitted in NYU's Emergency Department and the condition of the Patient after the Patient was discharged. The statements contained in the Patient Letter and Patient Emails

are out-of-court statements that have not been authenticated or tested. There has been no testimony about how long after the Patient was released from NYU's Emergency Department Patient Letter was written, who drafted the Patient Letter, or the veracity of the statements made in the Patient Letter and Patient Emails. The Patient Letter and Patient Emails also discuss the Patient's subsequent treatment, however, Defendants never attained official medical records from the other institution that treated the Patient or otherwise investigated the Patient's claim that would have allowed them to assess the veracity of the Patient's claims prior to terminating Dr. Carmody's employment. Defendants never listed the Patient and the Patient's spouse in any of Defendants' disclosures, so Plaintiff never had an opportunity to cross-examine the statements made in the Patient Letter or Patient Emails. Thus, the contents of the Patient Letter and Patient Emails should be redacted because they constitute inadmissible hearsay.

Further, the standard of care provided to the Patient and the condition of the Patient are irrelevant to this Action because Defendants have already claimed that the reason they decided to terminate Dr. Carmody's employment was due to the information in the medical chart, not due to the care that Dr. Carmody provided to the Patient. *See* Plaintiff's Response to Defendants' Statement Pursuant to Local Rule 56.1 of Material Facts Not in Dispute, ¶ 60 ("Femia stated to [Dr. Carmody] that 'it's not about your medical care, it's about what you wrote in the chart.'"). Therefore, there is minimal, if any, probative value in the contents of the Patient Letter and Patient Emails and will only serve to unduly prejudice Dr. Carmody.

To the clear, Plaintiff does not seek to exclude the existence and receipt of the Patient Letter or the Patient Emails by Defendants. Rather, Plaintiff seeks to redact the contents of the Patient Letter and Patient Emails that contain inadmissible hearsay and are irrelevant and unduly prejudicial. *See In re General Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016

WL 4410008, at *8 n.3 (S.D.N.Y. Aug. 18, 2016) (stating that if certain records are admitted, it is "certainly not admissible absent redactions, as they include some inadmissible hearsay and portions of the records are plainly irrelevant, prejudicial, or both."); *Brown v. City of S. Burlington*, No. 1:01–CV–318, 2005 WL 8154704, at *2 (D. Vt. Nov. 22, 2005) (holding that a document is admissible, but the contents of which that are deemed to be hearsay "must be redacted").

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion *in Limine* to preclude evidence, testimony, or argument regarding the contents of (1) the Patient Letter (*see* ECF No. 95-1 at 37-42), and (2) the Patient Emails (*see* ECF No. 95-2).

Dated:  New York, New York
        October 10, 2023

HOGUET NEWMAN REGAL & KENNEY, LLP

By: _____
    Damian R. Cavaleri
    Wendy Tsang
    One Grand Central Place
    60 East 42nd Street, 48th Floor
    New York, NY 10165
    Phone: 212-689-8808

*Attorneys for Plaintiff*
*Dr. Kristin A. Carmody*, M.D, M.H.P.E.

3