UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
KRISTIN A. CARMODY, M.D, M.H.P.E.

    *Plaintiff*,

- against -

NEW YORK UNIVERSITY; NYU
GROSSMAN SCHOOL OF MEDICINE; NYU
LANGONE HOSPITALS; ROBERT I.
GROSSMAN, M.D.; FRITZ FRANCOIS,
M.D.; STEVEN B. ABRAMSON, M.D.;
ANDREW W. BROTMAN, M.D.; and
ROBERT J. FEMIA, M.D.

    *Defendants*.
--------------------------------------------------------

Case No.: 1:21-cv-08186-LGS

Hon. Lorna G. Schofield

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ANY TESTIMONY ABOUT OR REFERENCES TO ANY ALLEGED STRAY REMARK**

Plaintiff Dr. Kristin A. Carmody, M.D., M.H.P.E. ("Plaintiff" or "Dr. Carmody") respectfully submits this Memorandum of Law in Opposition to Defendants' Motion *in Limine* to Exclude Any Testimony About or References to Any Alleged Stray Remark.

Specifically, Defendants seeks to exclude a conversation that Dr. Femia and Dr. Grossman had about another female physician that who resigned because they claim that this conversation (1) should be considered a "stray remark," (2) is unconnected to the "termination at issue," and (3) is prejudicial. Defendants' argument is without merit because it is contrary to established law and evidence in this case. Thus, Defendants' motion must be denied.

## ARGUMENT

An inference of discriminatory intent can arise from circumstances including, "seek[ing] applicants from persons of the plaintiff's qualifications to fill that position; or the employer's criticism of the plaintiff's performance in . . . degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge; or the timing of the discharge." *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994). Further, "[a] victim of discrimination is . . . seldom able to prove his or her claim by direct evidence and is usually constrained to rely on the cumulative weight of circumstantial evidence." *Rosen v. Thornburgh*, 928 F.2d 528, 533 (2d Cir. 1991). "While it is true that the stray remarks of a decision-maker, **without more**, cannot prove a claim of employment discrimination, [the Second Circuit has] held that when other indicia of discrimination are properly presented, the remarks can no longer be deemed 'stray,' and the jury has a right to conclude that they bear a more ominous significance." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001) (emphasis added and citations omitted). "If it were otherwise, disparaged workers who had the 'fortuity' of being in the

1

class encompassed by the stray remark would have an instantaneous jury case on discrimination, regardless of the ground for their dismissal." *Danzer v. Norden Systems, Inc.*, 151 F.3d 50, 56 (2d Cir. 1998). "[A]ll comments should be considered in the context of all the evidence." *Carras v. MGS 782 Lex, Inc.*, 2007 WL 2710108, at *6 (S.D.N.Y. Sept. 12, 2007) *vacated and remanded on other grounds*, 310 F. App'x 421 (2d Cir. 2008).

Here, as recognized in the Court's Opinion and Order denying in part Defendants' motion for summary judgment, "Plaintiff has proffered sufficient evidence for a reasonable jury to conclude that her termination occurred under circumstances giving rise to an inference of discrimination." ECF No. 160 at 8. One piece of such evidence is a conversation between Dr. Femia and Dr. Grossman, the two decision-makers of Plaintiff's termination. In this conversation, Dr. Femia notified Dr. Grossman that a female physician and faculty member was leaving NYU because the female physician knew she would be fired if she did not resign. Dr. Grossman responded, "What has that bitch done anyway?" When Dr. Femia relayed this conversation to Dr. Carmody, he laughed about it. *See* Cavaleri Decl. in Opp. Defs.' Mot. For Summ. J, Ex. 2, ECF No. 113-2, at KC003233-34.

Notably, this conversation is not the only evidence of Defendants' discriminatory animus. Plaintiff has also presented evidence that she was treated less favorably than her male counterparts, *e.g.*, comparators that engaged in similar, if not more serious conduct, than Dr. Carmody was accused of, received little or no discipline; Dr. Carmody was replaced by an under qualified male physician; Dr. Carmody had to go through an extensive application process when Dr. Femia was merely offered a similar position; and Dr. Carmody received less favorable contract terms than a male counterpart. *See* ECF No. 160 at 9-11.

Therefore, evidence that Dr. Grossman called a female physician a "bitch" and was

dismissive about her contributions and Dr. Femia's reaction to Dr. Grossman's comment is part of the totality of Plaintiff's allegations and not merely a stray remark because all the evidence taken together supports an inference of discrimination. *See Ferrell v. Leake & Watts Services, Inc.*, 83 F. App'x. 342, 346-47 (2d Cir. 2003) (reversing the district court's grant of summary judgment in favor of the defendants where the district court found that a comment made by a decisionmaker was a "stray remark," reasoning that "other circumstances surrounding Plaintiff's termination . . . taken together with [the] remark, support an inference of discrimination"); *Abdu-Brisson*, 239 F.3d at 469 (reversing the district court's grant of summary judgment and holding that the defendants' undated comments about age, along with other indicia of discrimination lead to the conclusion that the defendant's action may be motivated by age-based animus); *Danzer*, 151 F.3d at 56-7 (reversing the district court's grant of summary judgment and rejecting argument that a derogatory remark is merely a stray remark because the plaintiff properly presented other indicia of discrimination); *Miller v. Levi & Korsinsky, LLP*, 2023 WL 6293940, at *9 (S.D.N.Y. Sept. 27, 2023) (rejecting the defendant's argument that defendants inappropriate comments about another female partner was a stray remark because there were other indicia of discrimination); *Takagi v. Hartsdale Gourmet, Ltd.*, 2006 WL 8461820, at *4-5 (S.D.N.Y. Oct. 5, 2006) (finding defendants' aged-related comments directed to the plaintiff and other older workers are not stray remarks because they are supported by other evidence of discrimination); *Baker v. MTA Bus Co.*, 2023 WL 4896686, at *14 (S.D.N.Y. Aug. 1, 2023) (denying summary judgment with respect to plaintiff's discrimination claims because the racially charged comments defendants' made to him along with other evidence in the record "would permit a reasonable factfinder [to] conclude that [the] legitimate non-discriminatory reason provided by [the defendant] was pretextual").

    Defendants' additional argument that a nine-month time gap between Dr. Grossman and

Dr. Femia's conversation and Dr. Carmody's termination is too remote to be relevant to support a discrimination claim is also meritless. *See Roa v. Staples, Inc.*, 2017 WL 3425779, at *7 (S.D.N.Y. Aug. 9, 2017) ("There is no bright-line rule as to when a statement becomes too temporally attenuated from the adverse employment action to be probative."); *Danzer*, 151 F.3d at 56-7 (finding a gap of over one year between appellant's termination and the discriminatory comments to be probative and holding that along with other indicia of discrimination, the appellants has made a case of employment discrimination); *Tolbert v. Smith*, 790 F.3d 427, 437 (2d Cir. 2015) (finding racially offensive comments made in fall 2009 and January 2009 was not so attenuated from the April 2009 adverse employment action to show a prima facie case of discrimination); *Dotson v. City of Syracuse*, 763 F.App'x 39, 44-45 (2d Cir. 2019) (holding that comments made four years before and two years after the adverse employment action that were not directed to plaintiff could support a finding of discrimination when viewed with other evidence); *Bautista v. Chanel, Inc.*, 2022 WL 374496, at *4 (S.D.N.Y. Feb. 8, 2022) (rejecting defendants' argument that defendants' comment that was made over a year prior to plaintiff's termination was a stray remark because "a reasonable jury could infer discriminatory intent from the evidence as a whole"); *Papalia v. Milrose Consultants, Inc.*, 2011 WL 6937601, at *12 (S.D.N.Y. 2011) (finding a gap of one year between plaintiff's demotion and the discriminatory comments to be probative).

  Further, Dr. Grossman's comment was made to Dr. Femia when he was discussing a female faculty member that resigned because, as she noted, "of a toxic and oppressive work environment that instilled in [her] fear of retaliation for being vocal about racism and sexism within the institution". *See* Why Black doctors like me are leaving faculty positions in academic medical centers, Uché Blackstock, (*available at* https://www.statnews.com/2020/01/16/black-doctors-leaving-faculty-positions-academic-medical-centers/). It is of no moment that Dr. Grossman's

4

comment was not about or directed at Dr. Carmody. Such evidence of a defendants' gender bias towards other within the same protective class is probative of the defendants' discriminatory animus. *See Banks v. General Motors, LLC*, 81 F.4th 242, 267 (2d Cir. 2023) ("it is not germane that the racial epithets were directed at other employees instead of [the plaintiff]."); *Rikfinson v. CBS Inc.*, 1997 WL 634514, at *2 (S.D.N.Y. Oct. 14, 1997) (denying defendants' motion to exclude evidence of gender bias not directed toward plaintiff because "[d]emonstrated bias by a decisionmaker is probative of discriminatory animus, and is therefore admissible even if that bias was directed against employees not similarly situated to the plaintiff."); *Crawford v. ExlService.com, LLC*, 2019 WL 6284228, at *1 (S.D.N.Y. Nov. 25, 2019) (denying defendants' motion to exclude discriminatory conduct or practices not directed at plaintiff because "[s]uch testimony is relevant to Plaintiff's discrimination . . . claims"); *Rivera v. Baccarat, Inc.*, 1997 WL 777887, at *2 (S.D.N.Y. Dec. 15, 1997) ("[P]roof of bias by a decisionmaker against other employees is probative of discriminatory animus even if those employees are not similarly situated to the plaintiff.  The critical question is whether the same decisionmaker was involved in both the prior discriminatory acts and the in the adverse employment action taken against the plaintiff.") (citing *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 62, 65 (2d Cir. 1995)); *Lieberman v. Gant*, 630 F.2d 60, 68 (2d Cir. 1980) ("Evidence of general patterns of discrimination by an employer is relevant even in an individual disparate treatment case.").

Finally, because Dr. Grossman and Dr. Femia's conversation is highly probative to defendants' discriminatory animus, it outweighs any prejudice it may cause to Defendants.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Motion *in Limine* to exclude any testimony about or references to any alleged stray remark.

Dated: New York, New York
October 20, 2023

                **HOGUET NEWMAN REGAL & KENNEY, LLP**

By: _____
    Damian R. Cavaleri
    Wendy Tsang
    One Grand Central Place
    60 East 42nd Street, 48th Floor
    New York, NY 10165
    Phone: 212-689-8808

*Attorneys for Plaintiff*
*Dr. Kristin A. Carmody*, M.D, M.H.P.E.