```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
KRISTIN A. CARMODY, M.D., M.H.P.E,                             :
                                                               :
                        Plaintiff,                             :
                                                               :
        -against-                                              :
                                                               :
                                                               :    21-CV-08186 (VF)
NEW YORK UNIVERSITY; NYU GROSSMAN                              :
SCHOOL OF MEDICINE; NYU LANGONE                                :
HOSPITALS; ROBERT I. GROSSMAN, M.D.;                           :
and ROBERT J. FEMIA, M.D.,                                     :
                                                               :
                        Defendants.                            :
                                                               :
---------------------------------------------------------------x
```

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE
DEFENDANTS FROM SOLICITING TESTIMONY THAT AN
ATTENDING PHYSICIAN IS ABLE TO EDIT THE EPIC ATTESTATION
AND REGARDING TRAINING MATERIALS RELATED TO THE USE OF EPIC**

March 6, 2024

Edward Cerasia II
Alison L. Tomasco
CERASIA LAW LLC
One Liberty Plaza
165 Broadway, 23rd Floor
New York, New York 10006
646.525.4231

-and-

Richard C. Schoenstein
Brittany Kate Lazzaro
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
212.216.8000

Defendants respectfully submit this memorandum of law in opposition to plaintiff Dr. Kristin Carmody's motion *in limine* ("Pl. MIL") to preclude Defendants from soliciting testimony that an attending physician is able to edit the attestation in a patient's electronic medical record (known as EPIC) and regarding training materials related to EPIC records. Despite the fact that Carmody directly placed this subject matter at issue in this case by alleging in her Amended Complaint that the EPIC attestation template could not be edited, she inexplicably now claims that this is an irrelevant issue for trial. Carmody also incorrectly focuses on whether Defendants identified individuals who edited the EPIC attestation template as part of the Department Review Committee's ("DRC's") review – which took place in the months after Carmody resigned in lieu of termination and thus is irrelevant. Moreover, Carmody ignores that she testified at her deposition that she was merely unaware that the EPIC attestation template could be edited, and Defendants will present testimony that it indeed could be edited. For these reasons, the Court should deny Carmody's motion *in limine*.

In a patient's EPIC record, an attending physician must complete an attestation. (Dkt. No. 151-1, ¶ 24.) In EPIC, a drop-down for this attestation states: "I performed a history and physical examination of [the patient] and discussed her management with the resident on the treatment team." (*Id.*) The language in the drop-down attestation can be edited, but Carmody claims that she did not understand that she could edit it. (*Id.*, ¶ 25.) In this case, Carmody was given the option to resign in lieu of the termination of her employment with NYU for putting a patient in harm's way (the "Patient") after she admittedly failed to physically examine the Patient, but then falsely attested and also noted in the Patient's EPIC medical record that she did examine the Patient.[1]

---

[1] Below the attestation language in an EPIC chart, the standard language reads: "I agree with the history, physical, assessment, and plan of care with the following exceptions and additions." (Dkt. No. 151-1, ¶ 27.) After this language in the Patient's chart, Carmody *manually typed in*,

In Carmody's Amended Complaint, she placed the question as to whether the EPIC attestation template can be edited squarely at issue in this case. Indeed, Paragraph 76 of the Amended Complaint states: "No other option (beyond "Personally physically examined") appeared in the EPIC template used by the attending physicians in the …ED, and Defendants never instructed attending physicians to edit or change that standard ED attestation form, nor showed them how to do so." (Dkt. No. 20, ¶ 76.) Carmody further alleges in the Amended Complaint that "no attending physician from the …ED ever successfully edited the single attestation option appearing within the standard EPIC template; at least two attending physicians who attempted to submit an edited attestation template were directed by …leadership and/or billing department to restore the attestation to the template option or risk losing their clinical privileges and salary." (*Id.*, ¶ 77.) Despite the allegations in the Amended Complaint, Carmody now claims, without any explanation beyond the fact that Defendants have not produced training materials or identified attendings who edited the EPIC attestation template in response to interrogatories relating to the DRC Report, that "testimony stating that an attending edited the EPIC attestation or its ability to be edited is wholly irrelevant and prejudicial." (Pl. MIL at 2.)  This argument is contrary to well-settled case law holding that, when, as here, a plaintiff places a subject matter at issue in a lawsuit, that subject matter is relevant for trial. *See*, *e.g*., *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 150 (E.D.N.Y. 2008) (because "the parties' pleadings have squarely placed [defendant's] income at issue," defendant's "tax returns … appear to be relevant to the subject matter of the within action."); *see also Toscano v. Case*, 2013 U.S. Dist. LEXIS 135918, at *9 (D.N.J. Sep. 20, 2013) (denying plaintiff's motion *in limine* to exclude evidence of liens or judgments against him

---

among other things, "PE: benign w/o TTP," meaning she performed a "physical exam: benign without tenderness to palpitation." (*Id.*, ¶ 28.) These words that Carmody typed in the chart were not part of the attestation, but a "free text note." (*Id.*)

because plaintiff "placed at issue his financial well-being both before and after the incident in question, and the information defendants seek to introduce regarding plaintiff's financial situation is therefore relevant"); *Doe v. NCL (Bahamas) LTD*, 2012 U.S. Dist. LEXIS 167963, at *5-6 (S.D. Fla. Nov. 27, 2012) (denying plaintiff's motion *in limine* to exclude photographs taken shortly after pub crawl event and before alleged assault because plaintiff "placed her level of intoxication, appearances and demeanor at issue in this case [and] therefore, photographs depicting plaintiff right after the pub crawl are relevant and probative"). For this reason alone, the Court should deny Carmody's motion *in limine*.

Regardless of Carmody placing the ability to edit the EPIC template at issue, the fact that the EPIC attestation template is editable is highly relevant to this case as Dr. Robert Femia decided to give Caromdy the option to resign in lieu of termination because she falsely attested and noted in the Patient's medical record that she examined the Patient, when she admittedly did not do so, and Femia considered the fact that Carmody did not edit the attestation as part of his decision-making process. (Exhibit A – Femia Dep. II at 38-39 ("Dr. Carmody did not examine the patient. She had the ability to modify the attestation, which she didn't do."); *see also* Femia Dep. I at 115 (testifying that attestation could be edited).) Dr. Catherine Jamin also testified at her deposition that the EPIC template attestation was editable. (Exhibit B – Jamin Dep. at 26.) Carmody, on the other hand, did not testify that the attestation *cannot* be edited: rather, she only testified that she did not understand that she had the ability to edit the EPIC template attestation, claiming that she "was never told to edit it" and "never trained to edit it." (Exhibit C – Carmody Dep. at 155). Thus, Defendants are entitled to present evidence that the EPIC attestation template could indeed be edited, and it is for the jury to decide if Carmody was unaware of that ability, as she now claims.

In her motion *in limine*, Carmody also makes much over the fact that Defendants did not produce any training materials relating to the use of EPIC, but Defendants have not included any written EPIC training materials in their list of proposed exhibits. This fact has no bearing over any testimony from Defendants' witnesses that the EPIC attestation template could in fact be edited. In addition, Carmody mischaracterizes Defendants' responses to her First Set of Interrogatories by claiming that Defendants "have not identified any individuals that have edited the EPIC attestation template that was in effect at NYU's ED prior to December 1, 2020." (Pl. MIL at 1.) Those interrogatories, however, specifically relate to statements referenced in the DRC Report and asked Defendants to identify any physicians who provided this information *to the DRC*. (Ex. B to Pl. MIL.) Defendants have filed a separate motion *in limine* with respect to the DRC and its Report and produced all documents and interview notes relating to the DRC to Carmody. Regardless, the fact that Defendants do not know who reported to the DRC that some physicians edit the EPIC template does not impact the fact that the EPIC attestation template could be edited. As Carmody placed this subject matter at issue in the case, and because her termination turned on her documentation in the Patient's medical record, she is free to testify that she was unaware that the EPIC attestation template could be edited, and Defendants' witnesses are just as entitled to testify that the template could be edited.

Accordingly, Carmody's motion *in limine* to preclude Defendants from soliciting testimony that an attending is able to edit the EPIC attestation should be denied.

Dated: March 6, 2024

                                            Respectfully submitted,

                                            CERASIA LAW LLC
By  s/ Edward Cerasia II
    Edward Cerasia II
    Alison L. Tomasco

5

-and-

TARTER KRINSKY & DROGIN LLP
By /s Richard C. Schoenstein
   Richard C. Schoenstein
   Brittany K. Lazzaro