# EXHIBIT B

Case 1:21-cv-08186-VF   Document 223-2   Filed 03/06/24   Page 1 of 3

```
                                                                    1
 1            IN THE UNITED STATES DISTRICT COURT
 2               SOUTHERN DISTRICT OF NEW YORK
 3   _____
 4   KRISTIN A. CARMODY,
 5   MD., M.H.P.E.,
 6           Plaintiff,
 7       v.                        Case No:
 8   NEW YORK UNITERSITY; NYU      1:21-CV-08186-LGS
 9   GROSSMAN SCHOOL OF MEDICINE; NYU
10   LANGONE HOSPITALS; ROBERT I. GROSSMAN M.D.
11   FRITZ FRANCOIS, M.D.
12   STEVEN B. ABRAMSON, M.D.
13   ANDREW W. BROTMAN, M.D., and
14   ROBERT J. FEMIA, M.D.,
15           Defendants.
16   _____
17       VIDEOTAPED DEPOSITION OF CATHERINE JAMIN, M.D.
18   DATE:        Friday, July 22, 2022
19   TIME:        10:00 a.m.
20   REPORTED BY: Zack Shoup, Digital Reporter
21   JOB No.:     11073
22
23          ***CONFIDENTIAL***
24   Conducted by videoconference via the Remote Legal
25   platform.
```



```
                                                                    2
 1              A P P E A R A N C E S
 2   ON BEHALF OF PLAINTIFF:
 3       MS. FIONA CARMODY, ESQUIRE
 4       MS. WENDY TSANG, ESQUIRE
 5       MR. DAMIAN CALAVERI, ESQUIRE
 6       Hoguet, Newman, Regal & Kenney, LLP
 7       60 E. 42nd Street
 8       New York, New York, 10165
 9       fcarmody@hnrklaw.com
10       212-689-8808
11
12   ON BEHALF OF DEFENDANT:
13       MR. ED CERASIA, ESQUIRE
14       MS. ALISON TOMASCO, ESQUIRE
15       Cerasia Law, LLC
16       One Liberty Plaza, 165 Broadway, 23rd Floor
17       New York, New York, 10006
18       ed@cdemploymentlaw.com
19       646-525-4235
20
21   ALSO PRESENT:
22       Shenay Crawford, Notary Public
23       Daniel Driesen, Observing Attorney for Defendant
24
25
```



```
                                                                    3
 1                  INDEX
 2   EXAMINATION:                              PAGE
 3       By Ms. Carmody                           6
 4
 5              E X H I B I T S
 6   NO.      DESCRIPTION                      PAGE
 7   1        E-mail correspondence             18
 8   2        E-mail correspondence             52
 9   3        Picture from website              70
10   4        E-mail correspondence             71
11   5        E-mail correspondence             72
12   6        E-mail correspondence             74
13   7        E-mail correspondence             87
14   8        E-mail correspondence             95
15   9        E-mail correspondence            135
16   10       E-mail correspondence            143
17   11       E-mail correspondence            150
18   12       E-mail correspondence            154
19   13       E-mail correspondence            163
20   14       E-mail correspondence            170
21   15       E-mail correspondence            172
22   16       E-mail correspondence            181
23   17       E-mail correspondence            188
24   18       E-mail correspondence            197
25   19       E-mail correspondence            202
```

```
                                                                    4
 1   20       E-mail correspondence            206
 2   21       E-mail correspondence            216
 3   22       E-mail correspondence            218
 4   23       E-mail correspondence            219
 5   24       Text correspondence              226
 6   25       E-mail correspondence            228
 7   26       Text correspondence              231
 8   27       E-mail correspondence            248
 9   28       Outstanding Balance              250
10
11       R E Q U E S T S   F O R   P R O D U C T I O N
12   DESCRIPTION                           PAGE   LINE
13   Forward of FPPE information            226     8
14
15
```

---

CATHERINE JAMIN - 7/22/2022 - CONFIDENTIAL                 25

1  assistant.
2       Q    Got it.  All right.  So -- all right.  So
3  scrolling back up to Amy Tang's next e-mail above this.
4  She goes on to say after the sentence that we read
5  before, "the below statement is missing the physician's
6  presence requirement for resident services.  Although
7  the statement includes 'directly supervised', this
8  implies direct supervision which is different than
9  personal supervision for procedures and does not account
10 for supervision of the EM services".  Do you see that?
11      A    Yes.
12      Q    And then under that she goes on to say what I
13 -- what I guess we're all assuming, the ED attestation
14 SmartText.  And it appears to have a phrase, "I agree
15 with the history, physical, assessment, and plan of care
16 with the following exceptions and additions: I directly
17 supervised all documented procedures.  Please also see
18 resident's note".  Do you see that there?
19      A    Yes.
20      Q    And she goes on to suggest a change to that
21 verbiage which would read, "I saw and evaluated the
22 patient and agree with the history, physical,
23 assessment, and plan of care with the following
24 exceptions and additions: I was present for all
25 documented procedures.  Please also see resident's



REMOTE LEGAL COURT REPORTING
646-461-3400

---

CATHERINE JAMIN - 7/22/2022 - CONFIDENTIAL                 26

1  note".  Do you see that there?
2       A    Yes.
3       Q    Okay.  My question is, why is someone from
4  compliance and billing talking about verbiage for these
5  attestations at all?
6            MR. CERASIA:  Objection to form.  You can
7  answer.
8            THE WITNESS:  I mean, we'd have to ask
9  compliance and billing.
10 BY MS. CARMODY:
11      Q    You don't know?
12      A    Yeah, that's not -- that's not my role.
13      Q    Okay.  And you mentioned before that these --
14 signing into Epic, there's certain words that auto
15 populate for the doctor.  Would these phrases be
16 examples of the words that would auto populate?
17      A    Yes, they're editable.  And what the attending
18 has to complete is where it says ***.  You cannot -- you
19 have to.
20      Q    Got it.
21      A    Yeah.
22      Q    Understood.  So the part that we see written
23 out with words is the part that auto populates and the
24 physician inputs their own words into the ***?
25      A    Correct.



REMOTE LEGAL COURT REPORTING
646-461-3400

---

CATHERINE JAMIN - 7/22/2022 - CONFIDENTIAL                 27

1       Q    Got it.
2       Q    I'm going to scroll up.  All right.  Then we
3  have an e-mail, also from that day, from Dave Johnson
4  from Epic.  Is that an NYU employee or is that someone
5  that works for Epic?
6       A    NYU employee, I believe.
7       Q    Okay.  And I -- and what is his role?
8       A    He -- when you're asking for roles, are you
9  asking for their exact titles --
10      Q    No, it doesn't need to be --
11      A    -- or just knowing what their roles are?
12      Q    Yeah, just wondering what they do generally.
13      A    Dave is -- has been overseeing Epic ASAP.
14 ASAP is the ED platform in Epic.  So he -- he would
15 always be involved with any changes to Epic from the IT
16 side.
17      Q    Got it.  All right.  So it looks from this
18 chain that he passes the e-mail along to someone named
19 Jordan Swartz.  Do you see that?
20      A    Yes.
21      Q    Okay.  And he notes in his e-mail below, "I'm
22 adding our physician informaticist Dr. Jordan Swartz to
23 help you with to the right people" -- "direct you to the
24 right people with expertise on the billing implications
25 of their documentation in the ED provider group".  You

REMOTE LEGAL COURT REPORTING
646-461-3400

---

CATHERINE JAMIN - 7/22/2022 - CONFIDENTIAL                 28

1  see that?
2       A    Yes.
3       Q    Okay.  Do you read that to mean that these e-
4  mails from Amy Tang have to do with billing?
5            MR. CERASIA:  Objection to form.  You can
6  answer.
7            THE WITNESS:  Billing compliance is one
8  area, so a lot of it really -- when we talk about this,
9  it talks a lot about compliance.  It's almost like
10 interchangeable.
11           MS. CARMODY:  So to you, this sentence
12 would mean the same thing if it said "to help direct you
13 to the right people with expertise on the compliance
14 implications"?
15           MR. CERASIA:  Objection to form.  You can
16 answer.
17           THE WITNESS:  Sorry, I'm just reading
18 this.  If you're asking me what Dave meant, I can't tell
19 you what he meant, because I didn't write the e-mail.
20 You know, I could just say "expertise on the billing
21 implications of their documentation", but I can't read
22 into what he meant by it.
23           MS. CARMODY:  No, I'm not asking for what
24 Dave meant.  I'm asking for what you understand that to
25 mean.  Because the e-mail does get passed on to you, so



REMOTE LEGAL COURT REPORTING
646-461-3400