Case 1:21-cv-08186-VF   Document 223-3   Filed 03/06/24   Page 1 of 3

# EXHIBIT C

# Page 1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------X
KRISTIN A. CARMODY, M.D., M.H.P.E.,

         Plaintiff,

     -against-         21-CV-08186(LGS-DF)

NEW YORK UNIVERSITY; NYU GROSSMAN
SCHOOL OF MEDICINE; NYU LANGONE
HOSPITAL; ROBERT I GROSSMAN, M.D., FRITZ
FRANCOIS, M.D., STEVEN B. ABRAMSON, M.D.;
ANDREW BROTMAN, M.D.; and ROBERT J.
FEMIA, M.D.,

         Defendants.
--------------------------X
                   June 21, 2022
                    10:05 a.m.


                   C O N F I D E N T I A L



     Videoconference deposition of KRISTIN
CARMODY, MD, taken by defendants, reported
remotely by Rita Persichetty, a Shorthand
Reporter and Notary Public of the State of
New York.
```

# Page 2

```
REMOTE APPEARANCES:


HOGUET NEWMAN REGAL & KENNEY
    Attorneys for Plaintiff
    One Grand Central Place
    60 East 42nd Street
    New York, New York 10165
BY:  FIONA CARMODY, ESQ.
     fcarmody@hnrklaw.com
     WENDY TSANG, ESQ.
     wtsang@hnrklaw.com


CERASIA LAW LLC
    Attorneys for Defendants
    One Liberty Plaza
    165 Broadway, 23rd floor
    New York, New York 10006
BY:  EDWARD CERASIA II, ESQ.
     ALISON TOMASCO, ESQ.


PRESENT:
DAN DRIESAN, Esq., NYU in-house counsel
ROB FEMIA, MD
```

# Page 3

```
               STIPULATIONS


    IT IS HEREBY STIPULATED AND AGREED, by
and between counsel for the respective
parties hereto, that all objections, except
as to form, are reserved to the time of
trial.
    IT IS FURTHER STIPULATED AND AGREED
that the deposition may be signed and sworn
to before any officer authorized to
administer an oath.
    IT IS FURTHER STIPULATED AND AGREED
that the sealing and filing of the
deposition be waived.
```

# Page 4

```
         THE COURT REPORTER:  The
attorneys participating in this
deposition acknowledge that I am not
physically present in the deposition
room and that I will be reporting this
deposition remotely.  They further
acknowledge that, in lieu of an oath
administered in person, the witness
will verbally declare her testimony in
this matter is under penalty of
perjury.
         The parties and their counsel
consent to this arrangement and waive
any objections to this manner of
reporting.
         Please indicate your agreement by
stating your name and your agreement on
the record.
         MR. CERASIA:  Edward Cerasia, II
on behalf of the defendants and we
agree.
         MS. CARMODY:  And I'm Fiona
Carmody on behalf of plaintiff and I
also agree.
```

153

Carmody - Confidential

2  Q. Is that correct?
3     MS. CARMODY: Same objection.
4  Q. Do you understand my question?
5  A. Repeat, please.
6  Q. Sure.
7     What you just described is the ACGME standard that's a minimum that a hospital can allow for, correct?
10 A. Right. Indirectly supervising residents based on their level.
12 Q. Right. It has to be at least what the ACGME prescribes?
14 A. Correct. Correct.
15 Q. All right. But my question was: Did you have any practice of personally introducing yourself to a patient if you had been contacted beforehand that the patient was coming in to the ER?
20    It has nothing to do with practices or requirements, it's just whether you personally introduced yourself if you knew somebody was coming in to the ER.
25 A. Yes, I usually introduced myself.

154

Carmody - Confidential

2  Q. Do you know why you didn't this time?
4  A. I was very busy, and I was carrying a very sick patient on my own without any resident on the case.
7  Q. Though, did you, yourself, with respect to this patient treat her any differently because she was, as you call her, a VIP?
11 A. No, I did not.
12 Q. Now, if you look back at page seven again, this is the attestation signed by you on that date at 2:34 p.m. That's the same thing as what you talked about when you were called the, quote, cosigner?
17 A. Correct.
18 Q. And as I understand the Epic system, you have a -- essentially a drop down with respect to the attestation, right?
22    Such that the attestation, before you type in a patient's name or a patient's name's inputted, would say, I performed a history and physical examination of blank

155

Carmody - Confidential

2  and discussed her management with the resident on the treatment team, right?
4  A. Correct.
5  Q. Okay. Now, when that drop down came, did you have to put the patient's name in and the pronoun or was it done automatically by Epic?
9  A. It's done automatically.
10 Q. And did you understand that that attestation drop down could be edited?
12 A. No.
13 Q. You had no understanding that you had the ability to edit it?
15 A. No. I was never told to edit it. I was never trained to edit it. No.
17 Q. Were you trained to always make sure that medical records provide an accurate and true reflection of the care that you provided to a patient?
21 A. Of course I was trained to document my charts to reflect the care that I provided for a patient, yes.
24 Q. Okay. The statement that appears on page seven, quote, I performed a history

156

Carmody - Confidential

2  and physical examination of -- patient, because the name's redacted -- and discussed her management with the resident on the treatment team, is not a true statement, is it?
7  A. This was the only choice that we had. We had to sign this attestation on every single patient chart no matter what our involvement was. There was no choice in attestation. If you did not sign attestation as it was, billing and coding would contact you, would harass you to finish the chart. And if you didn't, you would be put on suspension.
16 Q. Okay. Dr. Carmody, just answer my question. It is not a true statement with respect to this patient, correct?
19 A. It is a true statement in the sense that I supervised the resident's history and physical examination.
22 Q. Just listen to my question, okay. I understand what your claim is in this case but I would like you to answer my question.