UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KRISTIN A. CARMODY, M.D., M.H.P.E.,

                            Plaintiff,                              **21-CV-8186 (VF)**

            -against-                                              **ORDER**

NEW YORK UNIVERSITY, et al,

                            Defendants.
-----------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge**

At ECF No. 173, Defendants seek to exclude the testimony of Dr. Robert McNamara. As
discussed at the conference on March 13, Dr. McNamara may testify as an expert but solely on
the limited topic of the procedure employed by Temple and similar teaching hospitals for the
investigation and termination of an attending physician such as Dr. Carmody. See Mar. 13, 2024
Tr. at 70. His testimony is probative of whether NYU's reasons for Dr. Carmody's termination
were pretextual. And his expert report touches upon the fact that an investigation would typically
be conducted at a teaching hospital before the termination of an attending physician, such that
Defendants had notice of Dr. McNamara's potential testimony.

At ECF Nos. 212, 214, and 225, Defendants seek to preclude Plaintiff from introducing
into evidence the DRC Report. The motion is denied. The DRC Report is relevant to Dr.
Carmody's claims. In at least a few different places, the Report (see ECF No. 214-1) makes
recommendations or describes investigative findings that support Dr. Carmody's argument that
the conduct she engaged in was widespread in the ER. The fact that the Report was completed
three months after her termination does not make the Report any less relevant, because the
reason for the investigation was the patient letter, and the DRC was convened virtually
simultaneously with Dr. Carmody's termination and therefore was an investigation of the

Emergency Department at a time when the people working there would have been the same employees who worked alongside Dr. Carmody. In other words, there is nothing in the Report that would indicate that the experiences or findings documented in it were not applicable during Dr. Carmody's tenure in the Emergency Department, which had only recently ended. Judge Chin's case, Accely v. Consolidated Edison, No. 19-CV-5984 (DC), 2023 WL 3045795 (S.D.N.Y. Apr. 20, 2023), is squarely on point. The Court there explained that "courts have routinely admitted the reports of human resources investigations conducted in both the private and public sectors." Id. at 2. The out-of-court statements in the Report satisfy the exception to hearsay in Federal Rule of Evidence 801(d)(2)(D) and the business record exception in Rule 803(6), and the circumstances surrounding the Report's creation would suggest that it is reliable and trustworthy.

At ECF Nos. 217, 218, and 227, Defendants seek to exclude certain testimony from certain of Plaintiff's witnesses. As discussed at the conference on March 13, testimony about medical charting practices is admissible so long as the witness is testifying based on personal knowledge. Testimony about Dr. Carmody's ethical constitution is inadmissible character evidence. If Defendants attack Dr. Carmody's character for truthfulness then such testimony may be admissible under Federal Rule of Evidence 608(a). However, if Dr. Carmody's diary is introduced into evidence, Defendants can challenge its authenticity and that would not, by itself, constitute an attack on Dr. Carmody's character for truthfulness that would open the door to the admission of character evidence. Testimony about the differences in treatment of male and female physicians at the hospital is admissible so long as the testimony is based on personal knowledge and is limited to observations of behavior involving Dr. Femia and/or Dr. Grossman. Testimony from Dr. Goldfrank concerning the historical practices at NYU's Emergency

2

Department is irrelevant and not admissible. Testimony from Dr. Foley concerning his employment contract is admissible. Likewise, testimony from Dr. Blackstock concerning her treatment while employed at NYU is admissible so long as the treatment she testifies to focuses on conduct by the individual defendants. Testimony from Dr. Branzetti about the impact of Dr. Carmody's termination in NYU's Emergency Department is admissible solely to the extent he will testify that the residents were surprised or shocked by her termination. Dr. Branzetti can also testify about the shifting basis or rationale that he received from the administration concerning Dr. Carmody's termination.

Plaintiff's proposed Exhibit 127 is inadmissible hearsay. Plaintiff may, however, use it to cross-examine Dr. Grossman about whether he ever became aware of, for example, a "boys club" atmosphere at NYU Hospital.

**SO ORDERED.**

DATED:      New York, New York
            March 21, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge