

One Grand Central Place
60 East 42nd Street, 48th Floor
New York, New York 10165

Tel 212.689.8808
Fax 212.689.5101
www.hnrklaw.com

dcavaleri@hnrklaw.com

**VIA ECF**

Honorable Valerie Figueredo
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Carmody v. New York University, et al., No. 1:21-cv-8186 (VF)

Dear Judge Figueredo,

      We represent the Plaintiff in the above referenced action, and we write respectfully to update Section 4 (Damages Statement) of the Joint Final Pre-trial Order that was filed on February 23, 2024. (ECF No. 213). Due to recently acquired tax forms, Plaintiffs' damages expert, D.C. Sharp, Ph.D, updated his damages calculations. These new tax documents and Dr. Sharp's updated calculations have been provided to Defendants.

      Accordingly, Plaintiff respectfully seeks to replace Section 4 of the Joint Final Pre-trial Order with the following:

**4.   DAMAGES STATEMENT**

Plaintiff seeks the following in damages:

- Actual damages under Title VII, NYSHRL, NYCHRL, EPA, and NYLL, including front pay and back pay: not less than $11.6 million and pre-judgment interest of 9% on the back pay amount for state law violations and pre-judgment interest equate to the weekly average 1-year constant maturity treasury yield for federal law violations and post-judgment interest[1]

---

[1] Defendants' object to Dr. Carmody's position that NY CPLR § 5004's 9% interest rate applies to claims asserted in Federal Court. Any interest in a Federal Court action is governed by 28 U.S.C. § 1961, and not New York procedural rules.

- Compensatory damages for emotion distress under Title VII, NYSHRL, NYCHRL, and NYLL[2]: Not less than $11.6 million

- Liquidated damages under EPA and NYLL: equal to the back pay amount, not less than $1.8 million

- Punitive damages under Title VII, NYSHRL, and NYCHRL: Not less than $11.6 million.

Pursuant to the applicable fee and cost shifting provisions, Plaintiff will seek an award for attorneys' fees and costs after trial.

Dated: March 25, 2024

Respectfully submitted,

Damian R. Cavaleri

cc:   All counsel of record (*via ECF*)

---

[2] *Belizaire v. RAV Investigative and Sec. Services Ltd.*, 61 F. Supp. 3d 336, 366 (S.D.N.Y. Nov. 21, 2014) ("The NYLL does not specifically list emotional distress damages as a remedy available for unlawful retaliation, but it does authorize granting of 'all appropriate relief' and courts have found emotional distress damages to be an appropriate award.")