

One Grand Central Place
60 East 42nd Street, 48th Floor
New York, New York 10165

Tel   212.689.8808
Fax   212.689.5101
www.hnrklaw.com

dcavaleri@hnrklaw.com

**VIA ECF**

Honorable Valerie Figueredo
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Carmody v. New York University, et al., No. 1:21-cv-8186 (VF)

Dear Judge Figueredo,

Plaintiff respectfully submits this opposition to Defendants' letter motion for partial reconsideration of Defendants' Motion *in Limine*.

In holding that Dr. Swartz's text messages are not inadmissible hearsay, the Court did not overlook any material facts or law. Rather, the Court considered the relevant facts and came to the correct determination based on controlling law. *See* ECF No. 230. Defendants' assertion that the Court overlooked the "key fact" that Dr. Swartz did not have a leadership role fails because the Court did consider such facts, but found they were irrelevant.

The Court held that Dr. Swartz's text messages are not inadmissible hearsay under Fed. R. Evid. 801(d)(2)(D) because Dr. Swartz "was employed by NYU as an attending physician, and he was speaking about conduct that he and other attending physicians engaged in at the hospital during the course of their employment." Further, the Court held that Dr. Swartz's statements were about his job duties, which were made during the course of his employment. The Court also specifically clarified that it is irrelevant that Dr. Swartz was not a supervisor or decisionmaker. *See id* at 1. The Court's well-reasoned opinion is supported by binding Second Circuit precedent. The Second Circuit held that to establish that a statement falls under Rule 801(d)(2)(D), it "requires only that a party establish (1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992). Further, the Second Circuit explained that "[t]he authority granted in the agency relationship need not include authority to make damaging statements, but simply the authority to take action about which the statements relate." *Id.*

Further, Defendants' argument that Dr. Swartz's statements are inadmissible hearsay because he was not authorized to speak on behalf of NYU is contrary to law. For a declarant's statement to fall under Fed. R. Evid 801(d)(2)(D), Plaintiff does not need to show that Dr. Swartz was authorized to speak on behalf of NYU. Rather, Plaintiff only needs to establish that Dr. Swartz's statement was made within the scope of his employment. Here, Defendants does not and cannot argue that how patient records are charted within the Emergency Department and the



practice physicians engage in when treating patients is not within the scope of Dr. Swartz's employment at NYU as an attending physician. Therefore, the Court correctly held that pursuant to Fed. R. Evid. 801(d)(2)(D), Dr. Swartz's text messages are admissible. *See U.S. v. Lausersen*, 348 F.3d 329, 340 (2d Cir. 2003) (affirming the district court's opinion that a nurse's statement that patients files were destroyed was admissible under Fed. R. Evid. 801(d)(2)(D) because maintaining files was within her employment duties, notwithstanding the claim that the nurse's duties did not include the destruction of files); *Hillert v. Pronav Ship Mgmt., Inc.*, 2004 WL 1555159, at *2 (S.D.N.Y. July 12, 2004) (holding that a crew members' statement was admissible under Fed. R. Evid. 801(d)(2)(D) because the statement was within the scope of the declarant's employment.); *Montanez v. Target Corp.*, 2021 WL 810015, at *2 (S.D.N.Y. Mar. 2, 2021) (holding that an unidentified employee's statement about the condition of the floor was admissible under Fed. R. Evid. 801(d)(2)(D)); *Smith v. Pathmark Stores, Inc.*, 485 F. Supp. 2d 235, 238-39 (E.D.N.Y. 2007) (holding that an unidentified maintenance employee about the condition of the floor was admissible under Fed. R. Evid. 801(d)(2)(D)); *Accely v. Consolidated Edison Co. of N.Y.*, 2023 WL 3045795, at *4-5 (S.D.N.Y. Apr. 20, 2023) (Chin, J.) (holding that an investigative report summarizing and quoting statements of the company's agents and employees was admissible against the company under Rule 801(d)(2)(D)).[1]

Finally, Defendants further argue that Dr. Swartz's statements should be considered inadmissible hearsay because he has no personal knowledge. The Second Circuit has made clear that "we have not required personal knowledge for statements by party's agent." *U.S. v. Lauersen*, 348 F.3d 329, 340 (2d Cir. 2003) (citing *Pappas*, 963 F.2d at 537).

For the foregoing reasons, the Court should deny Defendants' motion for reconsideration because the Court did not overlook any material facts or law.

Dated: March 29, 2024                                    Respectfully submitted,

                                                         Damian R. Cavaleri

cc:     All counsel of record (*via ECF*)

---

[1] Defendants' cases are inapposite. First, *N. Oil Co. v. Socony Mobil Oil Co.*, 347 F.2d 81, 85-86 (2d Cir. 1965) does not even discuss Fed. R. Evid. 801(d)(2)(D). Rather, it analyzed hearsay under Vermont law and the Restatement (Second), Agency. Second, in *Thomas v. Stone Container Corp.*, 922 F. Supp. 950, 957 (S.D.N.Y. 1996), the proponent of the declarant's statement could not even identify the declarant's job function, therefore, there was no evidence that the declarant's statement was within the scope of his employment. Finally, the rest of Defendants' cases are similarly irrelevant because they concern hearsay within hearsay where a co-worker relayed a statement by a supervisor about the plaintiff's employment, which is not within the co-worker's scope of employment. *See E.E.O.C v. Bloomberg L.P.,* 778 F. Supp. 2d 458, 466 n.6 (S.D.N.Y 2011); *Evans v. Port Auth. of New York and New Jersey*, 192 F. Supp. 2d 247, 263-64 (S.D.N.Y. 2002). Here, Dr. Swartz's statements do not concern Plaintiff's employment. The statements are about the practice of medical charting and treating patients, which is undoubtedly within the scope of his employment.