UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KRISTIN A. CARMODY, M.D, M.H.P.E.

    *Plaintiff,*

- against -

NEW YORK UNIVERSITY; NYU
GROSSMAN SCHOOL OF MEDICINE; NYU
LANGONE HOSPITALS; ROBERT I.
GROSSMAN, M.D.; and ROBERT J. FEMIA,
M.D.

    *Defendants.*

---

Case No.: 1:21-cv-08186-VF

**Verdict Form**

VALERIE FIGUEREDO, United States Magistrate Judge:

<u>PLEASE CHECK ( ✓ ) YOUR ANSWERS</u>
All jurors must agree on the answers to all the questions.

I. **Gender Discrimination under Title VII of the Civil Rights Act of 1964**

    1.    Has Dr. Carmody proved, by a preponderance of the evidence, that she was subjected to a discriminatory termination by NYU based on her gender in violation of Title VII?

        YES _____    NO ✓

1

II. **<u>Gender Discrimination under New York State and City Human Rights Law</u>**

2. Has Dr. Carmody proved, by a preponderance of the evidence, that she was subjected to a discriminatory termination based on her gender in violation of the New York State Human Rights Law?

    a) By NYU?

        YES _____     NO __✓__

    b) By Dr. Robert I. Grossman? [*You may only answer YES to this question if you answered YES to Question No. 2(a).*]

        YES _____     NO __✓__

    c) By Dr. Robert J. Femia? [*You may only answer YES to this question if you answered YES to Question No. 2(a).*]

        YES _____     NO __✓__

3.      Has Dr. Carmody proved, by a preponderance of the evidence, that she was subjected to a discriminatory termination based on her gender in violation of the New York City Human Rights Law?

        a)      By NYU?

            YES _____      NO ✓

        b)      By Dr. Robert I. Grossman? *[You may only answer YES to this question if you answered YES to Question No. 3(a).]*

            YES _____      NO ✓

        c)      By Dr. Robert J. Femia? *[You may only answer YES to this question if you answered YES to Question No. 3(a).]*

            YES _____      NO ✓

III. **Retaliation under Title VII of the Civil Rights Act of 1964**

4. Has Dr. Carmody proved, by a preponderance of the evidence, that NYU subjected her to a retaliatory termination based on her protected activity in violation of Title VII?

YES _____   NO ✓

IV. **Retaliation under New York State Human Rights Law**

5. Has Dr. Carmody proved, by a preponderance of the evidence, that she was subjected to a retaliatory termination based on her protected activity in violation of the New York State Human Rights Law?

    a) By NYU?

YES _____   NO ✓

    b) By Dr. Robert J. Femia? [*You may only answer YES to this question if you answered YES to Question No. 5(a).*]

YES _____   NO ✓

4

V. **Retaliation under New York City Human Rights Law**

6. Has Dr. Carmody proved, by a preponderance of the evidence, that she was subjected to a retaliatory termination based on her protected activity in violation of the New York City Human Rights Law?

    c) By NYU?

        YES _____ NO ✓

    d) By Dr. Robert J. Femia? [*You may only answer YES to this question if you answered YES to Question No. 6(a).*]

        YES _____ NO ✓

VI. **Retaliation under New York Labor Law**

7. Has Dr. Carmody proved, by a preponderance of the evidence, that she was subjected to a retaliatory termination based on her protected activity in violation of the New York Labor Law?

    e) By NYU?

        YES _____ NO ✓

    f) By Dr. Robert J. Femia? [*You may only answer YES to this question if you answered YES to Question No. 7(a).*]

        YES _____ NO ✓

## VII. <u>Retaliation under Equal Pay Act</u>

8. Has Dr. Carmody proved, by a preponderance of the evidence, that NYU subjected her to a retaliatory termination based on her protected activity in violation of the Equal Pay Act?

YES _____     NO __✓__

## **DAMAGES**

*Questions 9-18 need only be answered if you answered YES to one or more of the prior questions.*

9. Has Dr. Carmody proven, by a preponderance of the evidence, that she is entitled to back pay, as a result of the discriminatory and/or retaliatory termination of her employment?

YES _____     NO _____

10. If you answered "YES" to Question 9, state below the amount that is to be awarded in back pay. If you answered "NO" to Question 9, proceed to Question 11.

$ _____

11. Has Dr. Carmody proven, by a preponderance of the evidence, that she is entitled to front pay, as a result of the discriminatory and/or retaliatory termination of her employment?

YES _____     NO _____

12. If you answered "YES" to Question 11, state below the amount that is to be awarded in front pay. If you answered "NO" to Question 11, proceed to Question 13.

$ _____

13. Do you find that Dr. Carmody has proven by a preponderance of evidence, that she is entitled to compensatory damages for pain, suffering or emotional distress that she experienced as a result of the discriminatory and/or retaliatory termination of her employment?

YES _____     NO _____

14. If you answered "YES" to Question 13, state below the amount that is to be awarded in compensatory damages for pain, suffering, or emotional distress. If you answered "NO" to Question 13, proceed to Question 15.

$ _____

15. If you answered "YES" to any Questions Nos. 1 through 6, do you find that Defendant, NYU, should be subject to punitive damages?

YES _____    NO _____

16. If you answered "YES" to Question 15, state below the amount of punitive damages, if any, that you award to Plaintiff:

$ _____

17. Has Dr. Carmody proved, by a preponderance of the evidence, that any of the following Defendants willfully violated the New York Labor Law?

    a) By NYU?

        YES _____    NO _____

    b) By Dr. Robert J. Femia?

        YES _____    NO _____

18. Has Dr. Carmody proved, by a preponderance of the evidence, that NYU willfully violated the Equal Pay Act?

YES _____    NO _____

*Please have the foreperson sign and date this Verdict Form and advise the Court by note that you have reached a verdict.*

Dated:  New York, New York

      _APRIL 16_____, 2024

                                             _____
                                                              Jury Foreperson